1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  DANIELLE S. MYERS (259916)
   BRIAN E. COCHRAN (286202)
3  MICHAEL ALBERT (301120)
   655 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
   dmyers@rgrdlaw.com
6  bcochran@rgrdlaw.com
   malbert@rgrdlaw.com
7
   Proposed Lead Counsel for Proposed Lead Plaintiff
8
   [Additional counsel appear on signature page.]
9
                UNITED STATES DISTRICT COURT
10
                CENTRAL DISTRICT OF CALIFORNIA
11
                       WESTERN DIVISION
12

13  LOCAL 272 LABOR-MANAGEMENT )   Case No. 2:23-cv-03661-CBM (ASx)
    PENSION FUND, on Behalf of Itself )
14  and All Others Similarly Situated, )   CLASS ACTION
                                       )
15                      Plaintiff,     )   MEMORANDUM OF LAW IN
                                       )   SUPPORT OF MOTION FOR
16         vs.                         )   APPOINTMENT AS LEAD
                                       )   PLAINTIFF AND APPROVAL OF
17  THE WALT DISNEY COMPANY, et )      LEAD PLAINTIFF'S SELECTION OF
    al.,                               )   LEAD COUNSEL
18                                     )
                        Defendants.    )   DATE:   August 8, 2023
19                                     )   TIME:   10:00 a.m.
                                           CTRM:   8D
                                           JUDGE:  Hon. Consuelo B. Marshall

4876-5421-4511.v1

## I. INTRODUCTION

Pending before the Court is a securities class action lawsuit on behalf of purchasers of The Walt Disney Company ("Disney" or the "Company") common stock between December 10, 2020 and November 8, 2022, inclusive (the "Class Period") seeking to pursue remedies under the Securities Exchange Act of 1934 ("Exchange Act") against the Company and certain of its top executive officers. The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to "appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The most adequate plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund (the "Teamsters Funds") should be appointed lead plaintiff because they filed a timely motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u 4(a)(3)(B)(iii). In addition, the Teamsters Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II. FACTUAL BACKGROUND

Disney, together with its subsidiaries, engages in the film and episodic television content production and distribution business. The Company offers direct-to-consumer ("DTC") streaming service through Disney+.

As the complaint alleges, defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Disney+ was suffering decelerating subscriber growth, losses, and cost overruns; (ii) the true costs incurred in

1  connection with Disney+ had been concealed by Disney executives by debuting
2  certain content intended for Disney+ initially on Disney's legacy distribution channels
3  and then making the shows available on Disney+ thereafter to improperly shift costs
4  out of the Disney+ segment; (iii) the Company had made platform distribution
5  decisions based not on consumer preference, consumer behavior, or the desire to
6  maximize the size of the audience for the content as represented, but based on the
7  desire to hide the full costs of building Disney+'s content library; and (iv) Disney was
8  not on track to achieve even the reduced 2024 Disney+ paid global subscriber and
9  profitability targets, such targets were not achievable, and such estimates lacked a
10 reasonable basis in fact.

11       On November 8, 2022, the Company reported financial results for the fourth
12 quarter and fiscal year end October 1, 2022, missing analyst estimates by wide
13 margins on both the top and bottom lines.  Specifically, Disney's DTC segment
14 reported a monumental operating loss of $1.47 billion compared to a $630 million loss
15 in the same quarter the prior year while revenue in the segment increased just 8% to
16 $4.9 billion.  Disney also reported a decline in its average revenue per Disney+
17 subscriber, as more customers subscribed through a discounted bundle with the
18 Company's other services.  Notably, the bundled offering made up about 40% of
19 domestic subscribers, confirming that Disney was relying on short-term promotional
20 efforts to boost subscriber growth while impairing Disney +'s long-term profitability.
21 On this news, the price of Disney common stock declined more than 13%.

22 **III.   ARGUMENT**

23       **A.   The Teamsters Funds Should Be Appointed Lead Plaintiff**

24       The PSLRA establishes the procedure for the appointment of a lead plaintiff in
25 "each private action arising under [the Exchange Act] that is brought as a plaintiff
26 class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-
27 4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after
28 the complaint is filed, a notice must be published "in a widely circulated national

business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on May 12, 2023 via *Business Wire*. *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa)   has either filed the complaint or made a motion in response to a notice . . .

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Teamsters Funds meet these requirements and should therefore be appointed as Lead Plaintiff.

**1.     This Motion Is Timely**

The May 12, 2023 statutory notice published on *Business Wire* advised purported class members of the pendency of the action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by July 11, 2023. *See* Myers Decl., Ex. A. Because the Teamsters Funds' motion has been timely filed, they are eligible for appointment as lead plaintiff.

- 3 -

4876-5421-4511.v1

### 2. The Teamsters Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Teamsters Funds purchased 79,250 shares of Disney common stock and suffered more than $4.4 million in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. B, C. To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Teamsters Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Teamsters Funds Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citation omitted). Here, like all other class members, the Teamsters Funds: (1) purchased Disney common stock during the Class Period; (2) were adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. *See* Myers Decl., Exs. B, C. "The typicality requirement thus appears to be satisfied because [their] claims arise 'from the same event[s] or course of conduct that gives

rise to the claims of other class members,' and are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id*. Here, the Teamsters Funds' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. The Teamsters Funds' interests are aligned with the interests of the putative class. And, as institutional investors, the Teamsters Funds are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). Indeed, the Teamsters Funds collectively manage more than $2.5 billion in assets for the benefit of more than 35,000 plan participants.

Finally, the Teamsters Funds have selected qualified counsel to represent them and the putative class. *See* §III.B., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the Teamsters Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B. The Court Should Approve the Teamsters Funds' Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also*

- 5 -

*In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Teamsters Funds have selected Robbins Geller.[1]

      Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Notably, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

---

[1] For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com. Paper copies of the Firm's resume is available upon the Court's request, if preferred.

Based upon their counsel's extensive experience and proven track record in securities class actions, the Teamsters Funds' selection of counsel is reasonable and should be approved.

## IV. CONCLUSION

The Teamsters Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Teamsters Funds respectfully request that the Court appoint them as lead plaintiff and approve their selection of lead counsel.

DATED: July 11, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
BRIAN E. COCHRAN
MICHAEL ALBERT

s/ Danielle S. Myers
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

4876-5421-4511.v1

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 11, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

4876-5421-4511.v1

# Mailing Information for a Case 2:23-cv-03661-CBM-AS Local 272 Labor-Management Pension Fund v. The Walt Disney Company et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com,agonzales@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **J. Wesley Earnhardt**
  wearnhardt@cravath.com,mao@cravath.com,echesler@cravath.com,mtaylor@cravath.com,hgebremariam@cravath.com

- **Helam Gebremariam**
  hgebremariam@cravath.com

- **John Michael Gildersleeve**
  john.gildersleeve@mto.com

- **David Martin Goldstein**
  dave@daveglaw.com,liz2@daveglaw.com

- **Richard W. Gonnello**
  rgonnello@rgrdlaw.com,smorsy@faruqilaw.com,msullivan@faruqilaw.com,ecf@faruqilaw.com,dbehnke@faruqilaw.com

- **Marie-Marcelle J. Mayard**
  mhenry@pittalaw.com

- **Vincent F. Pitta**
  vpitta@pittalaw.com

- **Samuel H. Rudman**
  srudman@rgrdlaw.com

- **John W Spiegel**
  john.spiegel@mto.com,Dkt-filings@mto.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`