ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
RYAN A. LLORENS (225196)
JESSICA T. SHINNEFIELD (234432)
JEFFREY J. STEIN (265268)
NICOLE Q. GILLILAND (335132)
JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>  Defendants. | Case No. 2:23-cv-03661-CBM (ASx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY (ECF 92)<br><br>DATE: June 11, 2024<br>TIME: 10:00 a.m.<br>CTRM: 8D<br>JUDGE: Hon. Consuelo B. Marshall |

4875-2037-3944.v1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 11, 2024 at 10:00 a.m., or as soon as the matter may be heard by the Honorable Consuelo B. Marshall at the United States Courthouse, 350 West First Street, Los Angeles, California 90012, 8th Floor, Courtroom 8D, Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, Central Pennsylvania Teamsters Health and Welfare Fund, Local 272 Labor-Management Pension Fund, and John Patrick Talbot ("Plaintiffs") will respectfully move this Court to strike Notice of Supplemental Authority Related to Defendants' Consolidated Motion to Dismiss Consolidated Complaint ("Notice") (ECF 92).

Plaintiffs move to strike the Notice as it contains improper argument concerning *Macquarie Infrastructure Corp. v. Moab Partners, L. P.*, 601 U.S. __, 2024 WL 1588706 (Apr. 12, 2024) in violation of ¶7 of the Court's Standing Order, which provides that "[n]o supplemental brief shall be filed without prior leave of Court." *See Newton v. Bank of Am.*, 2015 WL 10435907, at *8 n.11 (C.D. Cal. May 12, 2015) (Marshall, J.) (striking "Notices of Supplemental Authority attaching and arguing decisions rendered by other courts").[1]  Accordingly, the Court should strike Defendants' improper Notice.  *Id.*

The Notice should also be stricken because Defendants' argument speciously suggests the Supreme Court's ruling in *Macquarie* is relevant to this dispute.  In that case, the Supreme Court addressed whether the failure to disclose information required by Item 303 can support a private action under Rule 10b-5(b) ***in the absence of any statement at all*** – what the Court referred to as a "pure omission."  In

---

[1]  *See also Prodanova v. H.C. Wainwright & Co., LLC*, 2018 WL 8017791, at *3 n.3 (C.D. Cal. Dec. 11, 2018) ("A notice of supplemental authority should include only a copy of or citation to a recently published case, and should not include additional arguments unless leave to do so is granted.").

- 1 -

4875-2037-3944.v1

*Macquarie*, the Supreme Court clarified this distinction between "pure omissions" and "half-truths," where only the latter is at issue here, explaining:

> A pure omission occurs when a speaker says nothing, in circumstances that do not give any special significance to that silence. . . . Half-truths, on the other hand, are "representations that state the truth only so far as it goes, while omitting critical qualifying information."

*Id.* at *4 (quoting *Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 188 (2016)). The Supreme Court reaffirmed that Rule 10b-5(b) covers half-truths. *Id.* Thus, "'literal accuracy is not enough: An issuer must as well desist from misleading investors by saying one thing and holding back another.'" *Id.* (citation omitted).

Plaintiffs here do not allege that Defendants violated Item 303. Nor are their allegations based on pure omissions. Rather, Plaintiffs allege numerous "half-truths" – **misstatements** that were rendered false and misleading by the information that Defendants omitted. Because the Notice improperly contains argument, which misleadingly insinuates that the Supreme Court's holding in *Macquarie* is relevant to this case, the Court should strike Defendants' improper Notice.

DATED: April 22, 2024              Respectfully submitted,

                                    ROBBINS GELLER RUDMAN
                                      & DOWD LLP
                                  DANIEL S. DROSMAN
                                  RYAN A. LLORENS
                                  JESSICA T. SHINNEFIELD
                                  JEFFREY J. STEIN
                                  NICOLE Q. GILLILAND
                                  JESSICA E. ROBERTSON

                                          s/ Daniel S. Drosman
                                  DANIEL S. DROSMAN

4875-2037-3944.v1

|    |    |
|----|----|
| 1  |    |
| 2  | 655 West Broadway, Suite 1900 |
| 3  | San Diego, CA  92101 |
|    | Telephone:  619/231-1058 |
| 4  | 619/231-7423 (fax) |
|    | dand@rgrdlaw.com |
| 5  | ryanl@rgrdlaw.com |
|    | jshinnefield@rgrdlaw.com |
| 6  | jstein@rgrdlaw.com |
| 7  | ngilliland@rgrdlaw.com |
|    | jrobertson@rgrdlaw.com |
| 8  | Lead Counsel for Lead Plaintiff |
| 9  |    |
| 10 |    |
| 11 |    |
| 12 |    |
| 13 |    |
| 14 |    |
| 15 |    |
| 16 |    |
| 17 |    |
| 18 |    |
| 19 |    |
| 20 |    |
| 21 |    |
| 22 |    |
| 23 |    |
| 24 |    |
| 25 |    |
| 26 |    |
| 27 |    |
| 28 |    |

- 3 -

4875-2037-3944.v1