UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-03661-CBM-AS | Date | February 19, 2025 |
| Title | *Local 272 Labor-Management Pension Fund v. The Walt Disney Company et al* | | |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**  **IN CHAMBERS- ORDER RE: DEFENDANTS' MOTION TO DISMISS**

The matter before the Court is Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint. (Dkt. No. 69 ("Motion").) Having read and considered the papers and the arguments presented, the Court rules as follows:

**A.   Count One**

   *1.   Scheme Liability*

The Court finds that Plaintiffs have sufficiently pled Defendants Chapek, Daniel, and McCarthy engaged in deceptive conduct beyond simply making misstatements, as required for scheme liability under Rule 10b-5(a) and (c) (*see* CC, ¶¶ 162, 164, 169-171, 181, 190, 191, 222-223). *See In re Nektar Therapeutics*, 2020 WL 3962004, at *13 (N.D. Cal. July 13, 2020); *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1057 (9th Cir. 2011).

   *2.   Misstatements*

The Court finds that the following statements are non-actionable because they are corporate puffery (*see Macomb Cnty. Employees' Ret. Sys. v. Align Tech., Inc.*, 39 F.4th 1092, 1097 (9th Cir. 2022); *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1111 (9th Cir. 2010)):

1. ¶ 267 (p. 108, lines 17-19);
2. ¶ 272 (p. 110, lines 14-16);
3. ¶ 273 (p. 110, lines 22-23);
4. ¶ 275 (p. 111, lines 16-18);
5. ¶ 278 (p. 116, lines 19-21);

6. ¶ 280 (p. 117, lines 4-5);
7. ¶ 281 (p. 117, lines 7-8);
8. ¶ 282 (p. 117, lines 12-13);
9. ¶ 282 (p. 117, lines 18-19);
10. ¶ 285 (p. 119, lines 3-7);
11. ¶ 286 (p. 119, lines 18-20);
12. ¶ 296 (p. 128, lines 16-18);
13. ¶ 299 (p. 129, lines 25 to p. 130, line 2); and
14. ¶ 300 (p. 130, lines 5-6).

The Court further finds that the following statements are not material and therefore non-actionable (*see TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976); 17 C.F.R. § 240.10b-5(b)).

1. ¶ 304 (p. 131, lines 22 to p. 132, line 7);
2. ¶ 305 (p. 132, lines 10-13);
3. ¶ 306 (p. 132, lines 18-20);
4. ¶ 314 (p. 137, lines 21 to p. 138, lines 26);
5. ¶ 314 (p. 138, lines 2-5); and
6. ¶ 314 (p. 138, lines 5-9).

However, the Court finds that Plaintiffs have sufficiently pled other facts showing that Defendants Chapek, McCarthy, and Disney made material misstatements or omissions under Rule 10b-5(b). *See In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005).

*3. Scienter*

The Court finds that, taken as a whole, Plaintiffs' allegations sufficiently plead scienter. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322–23 (2007); *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 708 (9th Cir. 2012).

*4. Loss Causation*

The Court finds that Plaintiffs have sufficiently pled loss causation at this stage. *See Loos v. Immersion Corp.*, 762 F.3d 880, 887 (9th Cir. 2014), *as amended* (Sept. 11, 2014); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 754 (9th Cir. 2018) (internal quotation marks omitted).

Accordingly, the Court finds that Plaintiffs have stated a claim under Rule 10b-5(a)-(c).

**B.     Count Two**

The Court finds that Plaintiffs have sufficiently stated a section 20A claim against McCarthy. However, the Court finds that Plaintiffs have not stated a section 20A claim against Iger. *See Johnson v. Aljian*, 490 F.3d 778, 781 (9th Cir. 2007) ("Claims under Section 20A are derivative and therefore require an independent violation of the Exchange Act.").

**C.     Count Three**

The Court finds that Plaintiffs have sufficiently stated a section 20(a) claim for control person liability against Defendants. *See E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 946 (9th Cir. 2023).

*            *            *

      Accordingly, Defendants' Motion is **GRANTED** as to Count Two against Iger with leave to amend that claim only; otherwise, the Motion is **DENIED**. Any amended complaint must be filed no later than **March 3, 2025**.

      **IT IS SO ORDERED.**