J. Wesley Earnhardt (*pro hac vice*)
Lauren Rosenberg (*pro hac vice*)
Helam Gebremariam (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
wearnhardt@cravath.com
lrosenberg@cravath.com
hgebremariam@cravath.com
Attorneys for Defendants

*(additional counsel on signature page)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND, CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND – RETIREMENT INCOME PLAN 1987, CENTRAL PENNSYLVANIA TEAMSTERS HEALTH AND WELFARE FUND, and JOHN P. TALBOT, on Behalf of Themselves and All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>     vs.<br><br>THE WALT DISNEY COMPANY, ROBERT IGER, ROBERT CHAPEK, CHRISTINE M. McCARTHY, and KAREEM DANIEL,<br>         Defendants | Case No. 2:23-cv-03661-CBM (ASx)<br><br>**CLASS ACTION**<br><br>DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |

## DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants The Walt Disney Company ("Disney"), Robert Iger, Robert Chapek, Christine M. McCarthy and Kareem Daniel (collectively, the "Individual Defendants", and, together with Disney, the "Defendants"), upon knowledge and/or upon information and belief, hereby submit their answer and affirmative defenses to Plaintiffs Local 272 Labor-Management Pension Fund, Central Pennsylvania Teamsters Pension Fund - Retirement Income Plan 1987, Central Pennsylvania Teamsters Health and Welfare Fund, and John P. Talbot (collectively, "Plaintiffs") Complaint for Violations of the Federal Securities Laws ("Complaint").

To avoid any doubt, Defendants deny the allegations in the Complaint except with respect to those matters specifically admitted herein. Throughout the Complaint, Plaintiff has cited press releases, conference and earnings call transcripts and presentations, SEC filings, reports, public statements and confidential witnesses as purported evidentiary support for its factual allegations. In referring the Court to these documents in response to specific allegations, Defendants do not concede that Plaintiff has accurately described the documents or admit to the accuracy of any statements contained in those documents. Furthermore, unless otherwise stated, Defendants use the defined terms and phrases set forth in the Complaint. In doing so, however, Defendants do not admit that the definitions set forth in the Complaint are proper.

Subject to the foregoing, as and for their answer to the Complaint:

1. Defendants deny the allegations in Paragraph 1, except admit that Plaintiffs purport to bring claims against Defendants pursuant to the statutes cited therein, but deny that Plaintiffs have any valid claims under the Exchange Act or the rules promulgated thereunder by the SEC.

2. Defendants deny the allegations in Paragraph 2, and state

-2-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiffs' personal knowledge, information and belief, or investigation, and on that basis deny them.

3. Defendants deny the allegations in Paragraph 3, except admit that Iger served as Disney's CEO for 15 years. Defendants state that Plaintiffs purport to refer to the per-share price of Disney's stock on particular dates, and refer to the public records of such information for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to quote the article referenced therein, and refer to such article for its contents but deny any characterization thereof.

4. Defendants deny the allegations in Paragraph 4, except admit that Disney+ launched in November 2019, that Disney announced Iger's resignation and Chapek's appointment as CEO in February 2020 and that the COVID-19 pandemic struck the US in 2020. Defendants state that Plaintiffs refer to the per-share price of Disney's stock on particular dates, and refer to the public records of such information for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to quote a statement made by Iger, and refer to the source of such statement for its contents but deny any characterization thereof.

5. Defendants deny the allegations in Paragraph 5, except admit that Plaintiffs purport to quote the report referenced therein, and refer to such report for its contents but deny any characterization thereof.

6. Defendants deny the allegations in Paragraph 6, except admit that Disney hosted an Investor Day on December 10, 2020, and refer to any transcript of such event for its contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to quote the reports referenced therein, and refer to such reports for their contents but deny any

-3-

characterization thereof.

7.    Defendants deny the allegations in Paragraph 7, except admit that DMED was announced publicly in October 2020.

8.    Defendants deny the allegations in Paragraph 8, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.  Defendants also state that Plaintiffs purport to quote the press release referenced therein, and refer to such press release for its contents but deny any characterization thereof.

9.    Defendants deny the allegations in Paragraph 9, except admit that Chapek's contract was renewed in June 2022.  Defendants state that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates and quote analyst reports referenced therein, and refer to the public records of such information and such analyst reports for their contents but deny any characterization thereof.  Defendants further state that Plaintiffs purport to refer to certain stock sales made by McCarthy, and refer to the public records of such stock sales for their contents but deny any characterization thereof.

10.    Defendants deny the allegations in Paragraph 10, except admit that Iger attended the December 10, 2020 Investor Day.  Defendants further state that Plaintiffs purport to quote certain statements and refer to certain stock sales made by Iger, and refer to the sources of such statements and any public records of such stock sales for their contents but deny any characterization thereof.

11.    Defendants deny the allegations in Paragraph 11, except admit that Chapek and Daniel left the Company in November 2022 and McCarthy left the Company in June 2023.  Defendants further admit that Chapek participated in Disney's earnings call on November 8, 2022, and refer

-4-

to the transcript of such call for its contents but deny any characterization thereof. Defendants state that Plaintiffs purport to reference information contained in public filings, and refer to such public filings for their contents but deny any characterization thereof.

12. Defendants deny the allegations in Paragraph 12, except admit that Iger replaced Chapek as CEO in November 2022. Defendants further state that Plaintiffs purport to quote the statements and reports referenced therein, and refer to the sources of such statements and such reports for their contents but deny any characterization thereof.

13. Defendants deny the allegations in Paragraph 13, except admit that Plaintiffs purport to refer to public records of the per-share price of Disney's stock, and refer to such records for their contents but deny any characterization thereof.

14. Defendants state that the allegations in Paragraph 14 are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring claims arising under the statute cited therein, but deny that Plaintiffs have any valid claims under the Exchange Act or the rules promulgated thereunder by the SEC.

15. Defendants state that the allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Defendants state that the allegations in Paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18, except state that they are without knowledge or information sufficient to form a belief

as to the truth of the allegations pertaining to Plaintiffs' Funds or their investments, and on that basis also deny them. Defendants further admit that Plaintiffs refer to the certifications cited therein, and refer also to such documents for their contents but deny any characterization thereof.

19. Defendants deny the allegations in Paragraph 19, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's Funds or their investments, and on that basis also deny them. Defendants further admit that Plaintiffs refer to the certifications cited therein, and refer to such documents for their contents but deny any characterization thereof.

20. Defendants deny the allegations in Paragraph 20, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff's investments, and on that basis also deny them. Defendants further admit that Plaintiffs refer to the certifications cited therein, and refer to such documents for their contents but deny any characterization thereof.

21. Defendants deny the allegations in Paragraph 21, except admit that Disney is incorporated in Delaware, headquartered in Burbank, California and its common stock trades on the NYSE under the ticker "DIS".

22. Defendants deny the allegations in Paragraph 22, except admit that Iger served as Disney's CEO for 15 years and returned as CEO in November 2022 after Chapek left the Company. Defendants further admit that Iger served as Disney's Executive Chairman and Chairman of its Board of Directors until December 2021.

23. Defendants deny the allegations in Paragraph 23, except admit that Chapek served as Disney's CEO, as a director of the Company and on the Board of Directors' Executive Committee from February 2020 until

November 2022.  Defendants further admit that Plaintiffs purport to refer to Chapek's previous employment, but deny that this is a complete and accurate representation of such information.

24.    Defendants deny the allegations in Paragraph 24, except admit that McCarthy served as Disney's CFO from 2015 until June 2023. Defendants further admit that Plaintiffs purport to refer to McCarthy's previous employment, but deny that this is a complete and accurate representation of such information.

25.    Defendants deny the allegations in Paragraph 25, except admit that Daniel began serving as DMED's chairman in October 2020. Defendants further admit that Plaintiffs purport to refer to Daniel's previous employment, but deny that this is a complete and accurate representation of such information.

26.    Defendants state that the allegations in Paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27.    Defendants state that the allegations in Paragraph 27 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.    Defendants state that the allegations in Paragraph 28 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29.    Defendants state that the allegations in Paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 29, and state they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of confidential witnesses or the

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

information provided therefrom, and on that basis deny any allegations attributed thereto.

30. Defendants deny the allegations in Paragraph 30, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

31. Defendants deny the allegations in Paragraph 31, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

32. Defendants deny the allegations in Paragraph 32, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

33. Defendants deny the allegations in Paragraph 33, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

34. Defendants deny the allegations in Paragraph 34, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

35. Defendants deny the allegations in Paragraph 35, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

36. Defendants deny the allegations in Paragraph 36, and state

that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

37. Defendants deny the allegations in Paragraph 37, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

38. Defendants deny the allegations in Paragraph 38, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

39. Defendants deny the allegations in Paragraph 39, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

40. Defendants deny the allegations in Paragraph 40, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

41. Defendants deny the allegations in Paragraph 41, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

42. Defendants deny the allegations in Paragraph 42, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

43.    Defendants deny the allegations in Paragraph 43, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

44.    Defendants deny the allegations in Paragraph 44, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

45.    Defendants deny the allegations in Paragraph 45, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

46.    Defendants deny the allegations in Paragraph 46, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

47.    Defendants deny the allegations in Paragraph 47, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

48.    Defendants deny the allegations in Paragraph 48, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

49.    Defendants deny the allegations in Paragraph 49, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

deny any allegations attributed thereto.

50. Defendants deny the allegations in Paragraph 50, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

51. Defendants deny the allegations in Paragraph 51, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

52. Defendants deny the allegations in Paragraph 52, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

53. Defendants deny the allegations in Paragraph 53, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

54. Defendants deny the allegations in Paragraph 54, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

55. Defendants deny the allegations in Paragraph 55, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

56. Defendants deny the allegations in Paragraph 56, and state that they are without knowledge or information sufficient to form a belief as to

the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

57.    Defendants deny the allegations in Paragraph 57, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

58.    Defendants deny the allegations in Paragraph 58, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

59.    Defendants deny the allegations in Paragraph 59, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

60.    Defendants deny the allegations in Paragraph 60, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

61.    Defendants deny the allegations in Paragraph 61, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

62.    Defendants deny the allegations in Paragraph 62, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

63.    Defendants deny the allegations in Paragraph 63, and state

-12-

that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

64.    Defendants deny the allegations in Paragraph 64, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

65.    Defendants deny the allegations in Paragraph 65, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

66.    Defendants deny the allegations in Paragraph 66, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

67.    Defendants deny the allegations in Paragraph 67, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

68.    Defendants deny the allegations in Paragraph 68, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

69.    Defendants deny the allegations in Paragraph 69, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

70.     Defendants deny the allegations in Paragraph 70, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

71.     Defendants deny the allegations in Paragraph 71, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

72.     Defendants deny the allegations in Paragraph 72, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

73.     Defendants deny the allegations in Paragraph 73, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

74.     Defendants deny the allegations in Paragraph 74, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

75.     Defendants deny the allegations in Paragraph 75, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

76.     Defendants deny the allegations in Paragraph 76, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

deny any allegations attributed thereto.

77.    Defendants deny the allegations in Paragraph 77, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

78.    Defendants deny the allegations in Paragraph 78, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

79.    Defendants deny the allegations in Paragraph 79, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

80.    Defendants deny the allegations in Paragraph 80, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

81.    Defendants deny the allegations in Paragraph 81, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

82.    Defendants deny the allegations in Paragraph 82, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

83.    Defendants deny the allegations in Paragraph 83, and state that they are without knowledge or information sufficient to form a belief as to

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

84. Defendants deny the allegations in Paragraph 84, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

85. Defendants deny the allegations in Paragraph 85, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

86. Defendants deny the allegations in Paragraph 86, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

87. Defendants deny the allegations in Paragraph 87, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

88. Defendants deny the allegations in Paragraph 88, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

89. Defendants deny the allegations in Paragraph 89, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

90. Defendants deny the allegations in Paragraph 90, and state

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

91.   Defendants deny the allegations in Paragraph 91, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

92.   Defendants deny the allegations in Paragraph 92, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

93.   Defendants deny the allegations in Paragraph 93, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

94.   Defendants deny the allegations in Paragraph 94, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

95.   Defendants deny the allegations in Paragraph 95 and footnotes 1 and 2, except admit that Plaintiffs purport to reference the articles cited therein, and refer to such articles for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

96.   Defendants deny the allegations in Paragraph 96 and

footnote 3, except admit that Plaintiffs purport to reference the article cited therein, and refer to such article for its contents but deny any characterization thereof. Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

97. Defendants deny the allegations in Paragraph 97, except admit that Plaintiffs purport to reference the articles cited throughout the Complaint, and refer to such articles for their contents but deny any characterization thereof. Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

98. Defendants admit that Disney is the world's premier entertainment company and that Plaintiffs refer to accurate biographical information regarding the Company, but deny that this is a full and complete account of Disney and its history.

99. Defendants deny the allegations in Paragraph 99, except admit that the Company produces television programs through various networks, creates films through various studios and distributes such content through DTC, television and SVOD services.

100. Defendants deny the allegations in Paragraph 100, except admit that Iger served as Disney's CEO for 15 years. Defendants state that Plaintiffs purport to quote the article cited therein and refer to Disney's market value on certain dates, and refer to such article and the public records of such market value for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information in the

-18-

chart included therein, and refer to such chart for its contents but deny any characterization thereof.

101.    Defendants deny the allegations in Paragraph 101, except admit that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the allegations pertaining to investors' beliefs, and on that basis deny such allegations.

102.    Defendants deny the allegations in Paragraph 102, except admit that Disney broadcasts some of its content on Disney Channel. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other SVOD services, such as Netflix, Amazon Video and HBO GO, and on that basis deny such allegations.  Defendants further state that Plaintiffs purport to quote the analysis and refer to information in the chart included therein, and refer to such sources for their contents but deny any characterization thereof.

103.    Defendants deny the allegations in Paragraph 103, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to other SVOD services, such as Netflix, their associated technology, and the ways in which they track and use the data referenced therein, and on that basis deny such allegations.

104.    Defendants deny the allegations in Paragraph 104, except admit that Disney distributes its content through traditional cable television and SVOD companies.

105.    Defendants deny the allegations in Paragraph 105, except admit that, in August 2017, Disney announced that it would not renew its contract with Netflix and would launch Disney+.  Defendants further state that

-19-

Plaintiffs purport to quote certain statements made by Iger and article referenced therein, and refer to the source of such statements and such article for their contents but deny any characterization thereof.

106. Defendants deny the allegations in Paragraph 106, except admit that Plaintiffs purport to quote certain statements made by Iger and McCarthy, and refer to the source of such statements for their contents but deny any characterization thereof.

107. Defendants deny the allegations in Paragraph 107, except admit that Plaintiffs purport to reference the article cited therein, and refer to such article for its contents but deny any characterization thereof.

108. Defendants deny the allegations in Paragraph 108, except admit that Disney+ launched on November 12, 2019. Defendants further state that Plaintiffs purport to refer to certain statements made by the Company and to the per-share price of Disney's stock and other publicly available financial information cited therein, and refer to the source of such statements and public records of such information for their contents but deny any characterization thereof.

109. Defendants deny the allegations in Paragraph 109, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the analysts, and on that basis also deny such allegations. Defendants further state that Plaintiffs purport to quote the report cited therein, and refer to such report for its contents but deny any characterization thereof.

110. Defendants deny the allegations in Paragraph 110, except admit that Plaintiffs purport to quote the reports cited therein and refer to the per-share price of Disney's stock on a particular date, and refer to such reports and public records of such information for their contents but deny any

-20-

characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to analysts, and on that basis also deny such allegations.

111.   Defendants deny the allegations in Paragraph 111, except admit that Iger served as Disney's CEO for 15 years and announced he would step down as CEO on February 25, 2020.  Defendants further admit that Plaintiffs refer to Iger's employment history and other biographical information, but deny that this is a full and accurate account of such information.

112.   Defendants deny the allegations in Paragraph 112, except admit that Iger announced that Chapek would immediately succeed him as CEO.  Defendants further state that Plaintiffs purport to reference Chapek's employment history, but deny that this is a full and accurate account of such history.

113.   Defendants deny the allegations in Paragraph 240, and state that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.

114.   Defendants deny the allegations in Paragraph 114, except admit that Iger resigned as CEO and assumed the role of Executive Chairman in February 2020.  Defendants further state that Plaintiffs purport to quote certain statements and reports referenced therein, and refer to such reports and the source of such statements for their contents but deny any characterization thereof.

115.   Defendants deny the allegations in Paragraph 115, except admit that the COVID-19 pandemic affected Disney in a number of ways, but deny that this is a complete and accurate representation of the ways in which it

-21-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

impacted the Company.  Defendants further state that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.

116.   Defendants deny the allegations in Paragraph 116, except admit that Plaintiffs purport to reference information contained in public filings and quote certain statements, and refer to such filings and the source of such statements for their contents but deny any characterization thereof.

117.   Defendants deny the allegations in Paragraph 117, except admit that Plaintiffs purport to quote the analysts and public filings referenced therein, and refer to such sources for their contents but deny any characterization thereof.

118.   Defendants deny the allegations in Paragraph 118, except admit that Plaintiffs purport to reference the article cited therein, and refer to such article for its contents but deny any characterization thereof.  Defendants further admit that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates, and refer to the public records of such information for their contents but deny any characterization thereof.

119.   Defendants deny the allegations in Paragraph 119, except admit that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates, and refer to the public records of such information for their contents but deny any characterization thereof.

120.   Defendants deny the allegations in Paragraph 120, except admit that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates and quote the earnings call and reports cited therein, and refer to the public records of such information, any transcript of such call and the reports for their contents but deny any characterization thereof.

121.   Defendants deny the allegations in Paragraph 121.

-22-

122.    Defendants deny the allegations in Paragraph 122, except admit that Disney held an Investor Day on December 10, 2020, and refer to the transcript of such event for its contents but deny any characterization thereof. Defendants further incorporate by reference herein their responses to Paragraphs 147-154 of the Complaint.

123.    Defendants deny the allegations in Paragraph 123, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

124.    Defendants deny the allegations in Paragraph 124, except admit that Plaintiffs purport to quote the analysts referenced therein, and refer to such sources for their contents but deny any characterization thereof. Defendants further admit that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates, and refer to the public records of such information for their contents but deny any characterization thereof.

125.    Defendants deny the allegations in Paragraph 125, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.  Defendants further incorporate by reference herein their responses to Paragraphs 155-163 of the Complaint.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

128.    Defendants deny the allegations in Paragraph 128 and footnote 4, except admit that Disney made certain changes to its distribution

practices during this time and that Pixar Animation Studios has been owned by Disney since 2006.  Defendants further incorporate by reference herein their responses to Paragraph 164-168 of the Complaint.

129.    Defendants deny the allegations in Paragraph 129, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegation attributed thereto.

130.    Defendants deny the allegations in Paragraph 130, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

131.    Defendants deny the allegations in Paragraph 131, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegation attributed thereto.  Defendants further incorporate by reference herein their responses to Paragraphs 169-180.

132.    Defendants deny the allegations in Paragraph 132 and footnote 5, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.

133.    Defendants deny the allegations in Paragraph 133, and state

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.  Defendants further state that Plaintiffs purport to reference information contained in public filings, and refer to such sources for their contents but deny any characterization thereof.

134.   Defendants deny the allegations in Paragraph 134, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.  Defendants further state that Plaintiffs purport to reference information contained in public filings, and refer to such public filings and records for their contents but deny any characterization thereof.

135.   Defendants deny the allegations in Paragraph 135, except admit that Disney has promoted Disney+ through third-party partnerships. Defendants state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegation attributed thereto.  Defendants further incorporate by reference herein their responses to Paragraph 181-190 of the Complaint.

136.   Defendants deny the allegations in Paragraph 136, except admit that Disney offered a promotional subscription to Hulu Live subscribers in December 2021.  Defendants further state that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.

137.   Defendants deny the allegations in Paragraph 137, except admit that Disney expanded the international presence of Disney+ after 2019. Defendants state that Plaintiffs purport to reference information contained in public filings, and refer to such public filings for their contents but deny any

-25-

characterization thereof.  Defendants further incorporate by reference herein their responses to Paragraph 191-203 of the Complaint.

138.   Defendants deny the allegations in Paragraph 138, except admit that Disney+ launched in multiple international markets during mid-2022. Defendants further state that Plaintiffs purport to refer to information contained in the public filings and quote the statements referenced therein, and refer to such public filings and the source of such statements for their contents but deny any characterization thereof.

139.   Defendants deny the allegations in Paragraph 139, and state that they are without knowledge or information sufficient to form a belief as to the allegations pertaining to analysts and investors, and on that basis deny such allegations.  Defendants further incorporate by reference herein their responses to Paragraphs 204-213 of the Complaint.

140.   Defendants deny the allegations in Paragraph 140, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

141.   Defendants deny the allegations in Paragraph 141. Defendants state that Plaintiffs purport to quote the article referenced therein, and refer to such article for its contents but deny any characterization thereof. Defendants further incorporate by reference herein their responses to Paragraphs 214-223 of the Complaint.

142.   Defendants deny the allegations in Paragraph 142, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to investors and analysts, and on that basis deny such allegations.

143.   Defendants deny the allegations in Paragraph 143, except

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.  Defendants further incorporate by reference herein their responses to Paragraphs 224-228 of the Complaint.

144.    Defendants deny the allegations in Paragraph 144, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegation attributed thereto.   Defendants further state that Plaintiffs purport to quote the article referenced therein, and refer to such article for its contents but deny any characterization thereof.

145.    Defendants deny the allegations in Paragraph 145, and state that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.  Defendants further state that Plaintiffs purport to reference certain stock sales made by McCarthy, and refer to any public record of such stock sales but deny any characterization thereof.

146.    Defendants deny the allegations in Paragraph 146, except admit that Chapek and Daniel left the Company and Iger returned as CEO in November 2022.  Defendants state that Plaintiffs purport to quote the statements and reference information in the chart included therein, and refer to such sources for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates, and refer to the public records of such information for their contents but deny any characterization thereof.

147.    Defendants deny the allegations in Paragraph 147, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis

-27-

deny any allegations attributed thereto.  Defendants further state that Plaintiffs refer to the per-share price of Disney's stock on a particular date, and refer to the public records of such information for their contents but deny any characterization thereof.

148.  Defendants deny the allegations in Paragraph 148, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the market's perception of Disney+ or Wall Street, and on that basis deny such allegations.  Defendants further state that Plaintiffs purport to quote the reports referenced therein, and refer to such reports for their contents but deny any characterization thereof.

149.  Defendants deny the allegations in Paragraph 149, except admit that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.

150.  Defendants deny the allegations in Paragraph 150, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegation attributed thereto.

151.  Defendants deny the allegations in Paragraph 151, except admit that Plaintiffs purport to quote the reports referenced therein, and refer to such reports for their contents but deny any characterization thereof.

152.  Defendants deny the allegations in Paragraph 152.

153.  Defendants deny the allegations in Paragraph 153, and state that they are without knowledge or information sufficient to form a belief as to

-28-

the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

154.   Defendants deny the allegations in Paragraph 154, except admit that Plaintiffs purport to reference the articles cited therein, and refer to such articles for their contents but deny any characterization thereof.

155.   Defendants deny the allegations in Paragraph 155, except admit that Chapek presided over the creation of DMED.

156.   Defendants admit that Plaintiffs purport to refer to Disney's corporate structure before and after the reorganization referenced therein, but deny that this is a full and accurate representation of the Company's various divisions and their responsibilities.

157.   Defendants deny the allegations in Paragraph 157, except admit that Plaintiffs purport to refer to Chapek's and Daniel's employment history, but deny that this is a full and accurate representation of the employees' relationship with Disney.  Defendants further state that Plaintiffs purport to reference the article cited therein, and refer to such articles for its contents but deny any characterization thereof.

158.   Defendants deny the allegations in Paragraph 158 and footnote 6, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.  Defendants admit that Plaintiffs purport to reference the article cited therein and certain statements made by Chapek, and refer to such articles and any records of such statements for their contents but deny any characterization thereof.

159.   Defendants deny the allegations in Paragraph 159, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any

-29-

characterization thereof.

160.    Defendants deny the allegations in Paragraph 160 and footnotes 7 and 8, except admit that Plaintiffs purport to quote the statements and articles referenced therein, and refer to the source of such statements and such articles for their contents but deny any characterization thereof.

161.    Defendants deny the allegations in Paragraph 161, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

162.    Defendants deny the allegations in Paragraph 162 and footnote 9, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.  Defendants further incorporate by reference herein their responses to Paragraphs 164-168.9 and Paragraphs 214-223 of the Complaint.

163.    Defendants deny the allegations in Paragraph 163, except admit that Chapek and Daniel left the Company in November 2022. Defendants further state that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

166.    Defendants deny the allegations in Paragraph 166 and footnotes 10 and 11, except admit that Plaintiffs purport to quote the articles,

-30-

reports and statements referenced therein, and refer to such articles and reports and the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

167.   Defendants deny the allegations in Paragraph 167, except admit that Pixar has released the movies referenced therein, and refer to the public records of such movies' sales for their contents but deny any characterization thereof.

168.   Defendants deny the allegations in Paragraph 168, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

169.   Defendants deny the allegations in Paragraph 169, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.  Defendants further state that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.

170.   Defendants deny the allegations in Paragraph 170, except admit that Plaintiffs purport to reference information contained in public filings, and refer to such public filings for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Netflix, and on that basis deny such allegations.

171.   Defendants deny the allegations in Paragraph 171, except

admit that Plaintiffs purport to reference the earnings calls therein, and refer to the transcripts of such calls for their contents but deny any characterization thereof.

172. Defendants deny the allegations in Paragraph 172, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.

173. Defendants deny the allegations in Paragraph 173, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants state that Plaintiffs purport to reference information contained in public filings, and refer to such public filings for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the allegations pertaining to analysts and investors, and on that basis deny such allegations.

174. Defendants deny the allegations in Paragraph 174 and footnote 13, except admit that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

175. Defendants deny the allegations in Paragraph 175, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

-32-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

176. Defendants deny the allegations in Paragraph 176, except admit that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

177. Defendants deny the allegations in Paragraph 177, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis also deny any allegations attributed thereto.

178. Defendants deny the allegations in Paragraph 178, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

179. Defendants deny the allegations in Paragraph 179, except admit that Plaintiffs purport to quote the statements and refer to the chart referenced therein, and refer to the sources of such statements and such chart for their contents but deny any characterization thereof.

180. Defendants deny the allegations in Paragraph 180, except admit that Plaintiffs purport to quote the statements and refer to information contained in the public filings referenced therein, and refer to the source of such statements and such public filings for their contents but deny any characterization thereof.

181. Defendants deny the allegations in Paragraph 181, except admit that Disney has offered a variety of promotions to Disney+ subscribers since the platform launched in 2019, but deny that this is a complete and accurate representation of such partnerships.

182. Defendants deny the allegations in Paragraph 182, and state that they are without knowledge or information sufficient to form a belief as to

-33-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

183. Defendants deny the allegations in Paragraph 183, and incorporate by reference herein their relevant responses below.

184. Defendants deny the allegations in Paragraph 184, except admit that Disney has offered a promotional subscription to Disney+ with Verizon, but deny that this is a complete and accurate representation of the companies' relationship.

185. Defendants deny the allegations in Paragraph 185, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

186. Defendants deny the allegations in Paragraph 186, except admit that Verizon and Disney announced an expansion of their promotion on August 17, 2020 to include Hulu and ESPN+ but deny that this is a complete and accurate representation of such expansion.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegation attributed thereto.

187. Defendants deny the allegations in Paragraph 187, except admit that Disney has offered a promotional subscription to Disney+ with Amazon Music, but deny that this is a complete and accurate representation of the companies' relationship.

188. Defendants deny the allegations in Paragraph 188, except

-34-

admit that Disney has offered a promotional subscription to Disney+ with Hulu, but deny that this is a complete and accurate representation of the companies' relationship.  Defendants further state that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

189.   Defendants deny the allegations in Paragraph 189, except admit that Disney has offered a promotional subscription to Disney+ with American Express, but deny that this is a complete and accurate representation of the relationship.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the benefits American Express offers its customers, and on that basis deny such allegations.

190.   Defendants deny the allegations in Paragraph 190, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

191.   Defendants deny the allegations in Paragraph 191, except admit that Disney made certain international expansions of Disney+ in 2021, but deny that this is a complete and accurate representation of such expansions.

192.   Defendants deny the allegations in Paragraph 192, except admit that Plaintiffs purport to quote the appendix and reference information contained in the chart included therein, and refer to such sources for their contents but deny any characterization thereof.

193.   Defendants deny the allegations in Paragraph 193, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

-35-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

194. Defendants deny the allegations in Paragraph 194, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

195. Defendants deny the allegations in Paragraph 195, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

196. Defendants deny the allegations in Paragraph 196, except admit that Plaintiffs purport to quote the press release cited therein, and refer to such press release for its contents but deny any characterization thereof.

197. Defendants deny the allegations in Paragraph 197, except admit that Disney made certain international expansions of Disney+ in 2022, but deny that this is a complete and accurate representation of such expansions. Defendants further state that Plaintiffs purport to quote the appendix referenced therein, and refer to such appendix for its contents but deny any characterization thereof.

198. Defendants deny the allegations in Paragraph 198, except admit that Plaintiffs purport to reference information contained in the public filings and the chart included therein, and refer to such sources for their contents but deny any characterization thereof. Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Wall Street's expectations, and on that basis deny such allegations.

199. Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, except admit that Plaintiffs purport to quote the report cited therein, and refer to that report for its contents but deny any characterization thereof.

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

200. Defendants deny the allegations in Paragraph 200.

201. Defendants deny the allegations in Paragraph 201, except admit that Plaintiffs purport to quote the earnings calls cited therein, and refer to the transcripts of such calls for their contents but deny any characterization thereof.

202. Defendants deny the allegations in Paragraph 202, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto. Defendants further state that Plaintiffs purport to quote a statement made by Iger, and refer to the source of such statement for its contents but deny any characterization thereof.

203. Defendants deny the allegations in Paragraph 203, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

204. Defendants deny the allegations in Paragraph 204, and state that they are without knowledge or information to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

205. Defendants deny the allegations in Paragraph 205, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

206. Defendants deny the allegations in Paragraph 206, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

207. Defendants deny the allegations in Paragraph 207, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to

-37-

the transcript of such call for its contents but deny any characterization thereof.

208. Defendants deny the allegations in Paragraph 208, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

209. Defendants deny the allegations in Paragraph 209, except admit that Plaintiffs purport to quote certain of Chapek's and McCarthy's statements therein, and refer to any source of such statements for their contents but deny any characterization thereof.

210. Defendants deny the allegations in Paragraph 210, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcripts of such call for its contents but deny any characterization thereof.

211. Defendants deny the allegations in Paragraph 211, except admit that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

212. Defendants deny the allegations in Paragraph 212, except admit that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

213. Defendants state that the allegations in Paragraph 213 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214. Defendants state that the allegations in Paragraph 214 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215. Defendants deny the allegations in Paragraph 215, except admit that Plaintiffs purport to quote information contained in the public filings referenced therein, and refer to such public filings for their contents but deny any characterization thereof.

216.    Defendants deny the allegations in Paragraph 216 and footnotes 14, 15, 16 and 17, except admit that Chapek presided over the creation of DMED, but deny that this is a complete and accurate representation of the reorganization.  Defendants further state that Plaintiffs purport to quote the statements and reference information contained in the public filings and the chart included therein, and refer to such sources for their contents but deny any characterization thereof.

217.    Defendants deny the allegations in Paragraph 217, except admit that Plaintiffs purport to quote information contained in the public filings referenced therein, and refer to such public filings for their contents but deny any characterization thereof.

218.    Defendants deny the allegations in Paragraph 218, except admit that Plaintiffs purport to quote the statements and information contained in the public filings referenced therein, and refer to the source of such statements and such public filings for their contents but deny any characterization thereof.

219.    Defendants deny the allegations in Paragraph 219 and footnote 18, except admit that Plaintiffs purport to refer to the reports referenced therein, and refer to such reports for their contents but deny any characterization thereof.

220.    Defendants deny the allegations in Paragraph 220, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

221.    Defendants deny the allegations in Paragraph 221 and footnote 19, except admit that Plaintiffs purport to quote the statements and information contained in the public filings referenced therein, and refer to the

-39-

source of such statements and such public filings for their contents but deny any characterization thereof.

222. Defendants deny the allegations in Paragraph 222 and footnote 20, except admit that Plaintiffs purport to quote information contained in the public filings referenced therein, and refer to such public filings for their contents but deny any characterization thereof.

223. Defendants deny the allegations in Paragraph 223, except admit that Plaintiffs purport to quote the statements and articles referenced therein, and refer to the source of such statements and such articles for their contents but deny any characterization thereof.

224. Defendants deny the allegations in Paragraph 224, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

225. Defendants deny the allegations in Paragraph 225, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

226. Defendants deny the allegations in Paragraph 226 and footnote 21, except admit that Plaintiffs purport to reference the article and information in the chart included therein, and refer to such sources for their contents but deny any characterization thereof. Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced in Paragraph 226, and on that basis also deny any allegations attributed thereto.

227. Defendants deny the allegations in Paragraph 227, except admit that Plaintiffs purport to quote the earnings calls cited therein, and refer

to the transcripts of such calls for their contents but deny any characterization thereof.

228.   Defendants deny the allegations in Paragraph 228, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such calls for their contents but deny any characterization thereof.

229.   Defendants state that the allegations in Paragraph 229 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 229.

230.   Defendants deny the allegations in Paragraph 230, except admit that Plaintiffs purport to quote the reports and December 10, 2020 Investor Day statements cited therein, and refer to such reports and the transcript of such Investor Day statements for their contents but deny any characterization thereof.  Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Wall Street's attention, and on that basis also deny them. Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

231.   Defendants deny the allegations in Paragraph 231, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to analysts' and investors' attention, and on that basis also deny such allegations.

232.   Defendants deny the allegations in Paragraph 232, except admit that Plaintiffs purport to reference the chart referenced therein, and refer to such chart for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a

-41-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

belief as to the truth of the allegations pertaining to investors' beliefs, and on that basis also deny such allegations.

233. Defendants deny the allegations in Paragraph 233 and footnote 22, except admit that Plaintiffs purport to reference the earnings calls and December 10, 2020 Investor Day statements cited therein, and refer to the transcripts of such calls and Investor Day statements for their contents but deny any characterization thereof.

234. Defendants deny the allegations in Paragraph 234.

235. Defendants deny the allegations in Paragraph 235, except admit that Plaintiffs purport to reference information in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

236. Defendants deny the allegations in Paragraph 236, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to analysts and investors, and on that basis also deny such allegations. Defendants further state that Plaintiffs purport to quote the reports referenced therein, and refer to such reports for their contents but deny any characterization thereof.

237. Defendants deny the allegations in Paragraph 237, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to investors' confidence in Disney+, and on that basis also deny such allegations. Defendants further state that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

238. Defendants deny the allegations in Paragraph 238 and footnote 23, except admit that Plaintiffs purport to reference the article cited therein, and refer to such article for its contents but deny any characterization

-42-

thereof.

239.    Defendants state that the allegations in Paragraph 239 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 239.

240.    Defendants deny the allegations in Paragraph 240, and state that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.

241.    Defendants deny the allegations in Paragraph 241, and state that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.

242.    Defendants deny the allegations in Paragraph 242, and state that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.

243.    Defendants deny the allegations in paragraph 243, except admit that Chapek's contract was renewed in June 2022.  Defendants further state that Plaintiffs purport to quote the public filing cited therein, and refer to such filing for its contents but deny any characterization thereof.

244.    Defendants state that the allegations in Paragraph 244 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 244, except admit that Plaintiffs refer to the per-share price of Disney's stock on particular dates and certain stock sales made by McCarthy, and refer to the public records of such information for their contents but deny any characterization thereof.

245.    Defendants deny the allegations in Paragraph 245.

-43-

246.    Defendants deny the allegations in Paragraph 246, and state that they are without knowledge or information sufficient to form a belief as to the identity of the unidentified witnesses, and on that basis deny any allegations attributed thereto.  Defendants further state that Plaintiffs purport to quote the article referenced therein, and refer to such article for its contents but deny any characterization thereof.

247.    Defendants deny the allegations in Paragraph 247, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

248.    Defendants deny the allegations in Paragraph 248, except admit that Disney hosted an earnings call on November 8, 2022.  Defendants further state that Plaintiffs purport to quote the article referenced therein, and refer to such article for its contents but deny any characterization thereof.

249.    Defendants deny the allegations in Paragraph 249, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

250.    Defendants deny the allegations in Paragraph 250, except admit that Plaintiffs purport to reference the per-share price of Disney's stock on particular dates and to quote the reports and articles cited therein, and refer to the public records and sources of such information for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to analysts and investors, and on that basis deny such allegations.

251.    Defendants deny the allegations in Paragraph 251, except

-44-

admit that Plaintiffs purport to quote the articles referenced therein, and refer to such articles for their contents but deny any characterization thereof. Defendants further admit that Chapek left the Company on November 20, 2022.

252.    Defendants deny the allegations in Paragraph 252, except admit that Daniel left the Company in November 2022. Defendants state that Plaintiffs purport to quote certain statements made by Iger and Chapek, and to reference certain information disclosed in the public filings referenced therein, and refer to the sources of such statements and public records of such information for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information contained in the Appendix cited therein and other public records, and refer to such Appendix and public records for their contents but deny any characterization thereof.

253.    Defendants deny the allegations in Paragraph 253.

254.    Defendants deny the allegations in Paragraph 254, except admit that Iger served as Disney's Executive Chairman and Chairman of its Board of Directors until December 2021, and that Chapek became CEO in February 2020. Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the industry insiders referenced therein, and on that basis deny any allegations attributed thereto. Defendants further admit that Iger served as Disney's Executive Chairman and Chairman of its Board of Directors until December 2021

255.    Defendants deny the allegations in Paragraph 255, except admit that Plaintiffs purport to quote the article referenced therein, and refer to such article for its contents but deny any characterization thereof.

256.    Defendants deny the allegations in Paragraph 256, except admit that Plaintiffs purport to quote the article referenced therein, and refer to

-45-

such article for its contents but deny any characterization thereof.

257.    Defendants deny the allegations in Paragraph 257, except admit that Plaintiffs purport to quote the statements and articles referenced therein, and refer to the source of such statements and such articles for their contents but deny any characterization thereof.

258.    Defendants deny the allegations in Paragraph 258, except admit that Plaintiffs purport to quote the article and statements referenced therein, and refer to such article and the source of such statements for their contents but deny any characterization thereof.

259.    Defendants deny the allegations in Paragraph 259, except admit that Plaintiffs purport to quote the articles referenced therein, and refer to such articles for their contents but deny any characterization thereof. Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the company insiders referenced therein, and on that basis deny any allegations attributed thereto.

260.    Defendants deny the allegations in Paragraph 260, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

261.    Defendants deny the allegations in Paragraph 261, except admit that Plaintiffs purport to quote the interview referenced therein, and refer to the transcript of such interview for its contents but deny any characterization thereof.

262.    Defendants state that the allegations in Paragraph 262 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 262, except admit that Plaintiffs purport to quote the interview, conference, town-hall and earnings call

-46-

referenced therein, and refer to the transcripts of such interview, conference, town-hall and earnings call for their contents but deny any characterization thereof.

263. Defendants state that the allegations in Paragraph 263 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 263, except admit that Plaintiffs purport to refer to the per-share price of Disney's stock and to certain stock sales made by Iger, and refer to the public records of such information for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

264. Defendants state that the allegations in Paragraph 264 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 264, except admit that Plaintiffs purport to refer to the per-share price of Disney's stock and to certain stock sales and statements made by Iger, and refer to the public records and sources of such information and statements for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

265. Defendants deny the allegations in Paragraph 265, except admit that Plaintiffs purport to refer to certain stock sales made by Iger, and refer to the public records of such information for their contents but deny any characterization thereof.

266. Defendants state that the allegations in Paragraph 266 are legal conclusions to which no response is required. To the extent a response is

-47-

required, Defendants deny the allegations in Paragraph 266.

267.  Defendants deny the allegations in Paragraph 267, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

268.  Defendants deny the allegations in Paragraph 268, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any characterization thereof.

269.  Defendants deny the allegations in Paragraph 269, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript therefrom for its contents but deny any characterization thereof.

270.  Defendants deny the allegations in Paragraph 270, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any characterization thereof.

271.  Defendants deny the allegations in Paragraph 271, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any characterization thereof.

272.  Defendants deny the allegations in Paragraph 272, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any characterization thereof.

273.  Defendants deny the allegations in Paragraph 273, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any

characterization thereof.

274. Defendants deny the allegations in Paragraph 274, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any characterization thereof.

275. Defendants deny the allegations in Paragraph 275, except admit that Plaintiffs purport to quote the earnings call and refer to the public filing cited therein, and refer to such sources for their contents but deny any characterization thereof.

276. Defendants state that the allegations in Paragraph 276 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 276, and incorporate by reference herein their responses to Paragraphs 267-275 of the Complaint.

a. Defendants deny the allegations in Paragraph 276(a), and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

b. Defendants deny the allegations in Paragraph 276(b), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

c. Defendants deny the allegations in Paragraph 276(c), and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that

-49-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

basis deny any allegations attributed thereto.

d.      Defendants deny the allegations in Paragraph 276(d), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

e.      Defendants deny the allegations in Paragraph 276(e), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

f.      Defendants deny the allegations in Paragraph 276(f), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

g.      Defendants deny the allegations in Paragraph 276(g), and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

h.      Defendants deny the allegations in Paragraph 276(h).

i.      Defendants deny the allegations in Paragraph 276(i).

277.   Defendants deny the allegations in Paragraph 277, except admit that Plaintiffs purport to quote the December 10, 2020 Investor Day

-50-

statements referenced therein, and refer to the transcripts of such event for their contents but deny any characterization thereof.

278.    Defendants deny the allegations in Paragraph 278, except admit that Plaintiffs purport to quote a conversation at the 2021 Morgan Stanley Technology, Media and Telecom Conference, and refer to the transcripts therefrom for their contents but deny any characterization thereof.

279.    Defendants deny the allegations in Paragraph 279, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

280.    Defendants deny the allegations in Paragraph 280, except admit that Plaintiffs purport to quote a conversation at the 2021 Credit Suisse Communications Conference, and refer to the transcripts therefrom for their contents but deny any characterization thereof.

281.    Defendants deny the allegations in Paragraph 281, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

282.    Defendants deny the allegations in Paragraph 282, except admit that Plaintiffs purport to quote a conversation at the 2021 Goldman Sachs Communacopia Conference, and refer to the transcripts therefrom for their contents but deny any characterization thereof.

283.    Defendants deny the allegations in Paragraph 283, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

284.    Defendants deny the allegations in Paragraph 284, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

285.    Defendants deny the allegations in Paragraph 285, except

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

286.   Defendants deny the allegations in Paragraph 286, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

287.   Defendants deny the allegations in Paragraph 287, and incorporate by reference herein their responses to Paragraphs 277-286 of the Complaint:

a.   Defendants deny the allegations in Paragraph 287(a), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

b.   Defendants deny the allegations in Paragraph 287(b), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

c.   Defendants deny the allegations in Paragraph 287(c), except admit that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.

d.   Defendants deny the allegations in Paragraph 287(d), except admit that Plaintiffs purport to quote the statements referenced therein, and

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

refer to the sources of such statements for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

e.    Defendants deny the allegations in Paragraph 287(e), and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

f.    Defendants deny the allegations in Paragraph 287(f).

g.    Defendants deny the allegations in Paragraph 287(g).

288.    Defendants deny the allegations in Paragraph 288, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

289.    Defendants deny the allegations in Paragraph 289, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

290.    Defendants deny the allegations in Paragraph 290, except admit that Plaintiffs purport to quote the public filing cited therein, and refer to this filing for its contents but deny any characterization thereof.

291.    Defendants deny the allegations in Paragraph 291, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

292.    Defendants deny the allegations in Paragraph 292, except admit that Plaintiffs purport to quote the public filing cited therein, and refer to this filing for its contents but deny any characterization thereof.

293.    Defendants deny the allegations in Paragraph 293, except

-53-

admit that Plaintiffs purport to quote the public filing cited therein, and refer to this filing for its contents but deny any characterization thereof.

294. Defendants deny the allegations in Paragraph 294, except admit that Plaintiffs purport to quote the public filing cited therein, and refer to this filing for its contents but deny any characterization thereof.

295. Defendants state that the allegations in Paragraph 295 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 295, and incorporate by reference herein their responses to Paragraphs 288-294 of the Complaint.

a. Defendants deny the allegations in Paragraph 295(a), except admit that Plaintiffs purport to quote the articles cited therein, and refer to such articles for their contents but deny any characterization thereof.

b. Defendants deny the allegations in Paragraph 295(b), except admit that Plaintiffs purport to reference the public filings and information contained in the chart included therein, and refer to such sources for their contents but deny any characterization thereof.

c. Defendants deny the allegations in Paragraph 295(c).

• Defendants deny the allegations in the first sub-bullet under Paragraph 295(c), except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

• Defendants deny the allegations in the second sub-bullet under Paragraph 295(c), except admit that Plaintiffs purport to quote the public filing cited therein, and refer to this filing for its contents but deny any characterization thereof.

• Defendants deny the allegations in the third sub-bullet under Paragraph 295(c), except admit that Plaintiffs purport to quote the earnings call

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

- Defendants deny the allegations in the fourth sub-bullet under Paragraph 295(c), except admit that Plaintiffs purport to quote the public filings cited therein, and refer to this filing for its contents but deny any characterization thereof.

d. Defendants deny the allegations in Paragraph 295(d).

296. Defendants deny the allegations in Paragraph 296, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

297. Defendants deny the allegations in Paragraph 297, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

298. Defendants deny the allegations in Paragraph 298, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

299. Defendants deny the allegations in Paragraph 299, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

300. Defendants deny the allegations in Paragraph 300, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

301. Defendants deny the allegations in Paragraph 301, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

302. Defendants deny the allegations in Paragraph 302, except admit that Plaintiffs purport to quote the statements referenced therein, and

refer to the sources of such statements for their contents but deny any characterization thereof.

303.   Defendants deny the allegations in Paragraph 303, and incorporate by reference herein their responses to Paragraphs 302 and 380-381 of the Complaint.

304.   Defendants deny the allegations in Paragraph 304, except admit that Plaintiffs purport to quote the 2021 Morgan Stanley Technology, Media and Telecom Conference cited therein, and refer to the transcript of such conference for its contents but deny any characterization thereof.

305.   Defendants deny the allegations in Paragraph 305, except admit that Plaintiffs purport to quote the 2021 Disney Annual Shareholder Meeting cited therein, and refer to the transcript of such meeting for its contents but deny any characterization thereof.

306.   Defendants deny the allegations in Paragraph 306, except admit that Plaintiffs purport to quote the 2023 Credit Suisse Communications Conference cited therein and refer to the transcript of such conference for its contents but deny any characterization thereof.

307.   Defendants deny the allegations in Paragraph 307, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

a.   Defendants deny the allegations in Paragraph 307(a), and incorporate by reference herein their responses to Paragraphs 267-269, 304, 307 and 380-381 of the Complaint.

308.   Defendants deny the allegations in Paragraph 308, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

309.    Defendants deny the allegations in Paragraph 309, except admit that Plaintiffs purport to quote the 2021 Credit Suisse Communications Conference cited therein and refer to the transcript of such conference for its contents but deny any characterization thereof.

310.    Defendants deny the allegations in Paragraph 310, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

311.    Defendants deny the allegations in Paragraph 311, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

312.    Defendants deny the allegations in Paragraph 312.

a.    Defendants deny the allegations in Paragraph 312(a) and footnote 28, except admit that Plaintiffs purport to quote the article and reference information contained in the chart included therein, and refer to such sources for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto.

b.    Defendants deny the allegations in Paragraph 312(b), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

313.    Defendants deny the allegations in Paragraph 313.

314.    Defendants deny the allegations in Paragraph 314, except admit that Plaintiffs purport to quote the public filing cited therein and refer to this filing for its contents but deny any characterization thereof.

315.    Defendants deny the allegations in Paragraph 315.

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

a.     Defendants deny the allegations in Paragraph 315(a), except admit that Plaintiffs purport to quote the articles cited therein, and refer to the articles for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the "senior Disney insider", and on that basis deny any allegations attributed thereto.

b.     Defendants deny the allegations in Paragraph 315(b), except admit that Plaintiffs purport to quote the articles cited therein, and refer to the articles for their contents but deny any characterization thereof.

c.     Defendants deny the allegations in Paragraph 315(c), except admit that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses or "senior Disney insider" referenced therein, and on that basis deny any allegations attributed thereto.

d.     Defendants deny the allegations in Paragraph 315(d).

316.   Defendants deny the allegations in Paragraph 316, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

317.   Defendants deny the allegations in Paragraph 317, and incorporate by reference herein their response to Paragraph 316 of the Complaint:

a.     Defendants deny the allegations in Paragraph 317(a), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

b.     Defendants deny the allegations in Paragraph 317(b), except

-58-

admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

i.      Defendants deny the allegations in Paragraph 317(b)(i), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

ii.      Defendants deny the allegations in Paragraph 317(b)(ii), except admit that Plaintiffs purport to quote the statements and article referenced therein, and refer to the sources of such statements and such article for their contents but deny any characterization thereof.

iii.      Defendants deny the allegations in Paragraph 317(b)(iii), except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

c.      Defendants deny the allegations in Paragraph 317(c), except admit that Plaintiffs purport to quote the articles referenced therein, and refer to such articles for their contents but deny any characterization thereof.

d.      Defendants deny the allegations in Paragraph 317(d), except admit that Iger replaced Chapek as CEO in November 2022.  Defendants further state that Plaintiffs purport to quote the statements referenced therein, and refer to the sources of such statements for their contents but deny any characterization thereof.

e.      Defendants deny the allegations in Paragraph 317(e), and incorporate by reference herein their responses to Paragraphs 316 and 380-381 of the Complaint.

318.  Defendants deny the allegations in Paragraph 318, except

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

admit that Disney is one of the world's largest media companies.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witnesses referenced therein, and on that basis deny any allegations attributed thereto. Defendants incorporate by reference herein their responses to §VIII.

319.    Defendants deny the allegations in Paragraph 319, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

320.    Defendants deny the allegations in Paragraph 320, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

321.    Defendants deny the allegations in Paragraph 321, except admit that Plaintiffs purport to quote the earnings calls cited therein, and refer to the transcripts of such calls for their contents but deny any characterization thereof.

322.    Defendants deny the allegations in Paragraph 322, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

323.    Defendants deny the allegations in Paragraph 323, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

324.    Defendants deny the allegations in Paragraph 324, except admit that Plaintiffs purport to quote the statements and refer to the information

disclosed in the public filings referenced therein, and refer to such sources for their contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

325.   Defendants deny the allegations in Paragraph 325, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

326.   Defendants deny the allegations in Paragraph 326, and state that  they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

327.   Defendants deny the allegations in Paragraph 327, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

328.   Defendants deny the allegations in Paragraph 328, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

329.   Defendants deny the allegations in Paragraph 329, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such source for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed

-61-

thereto.

330.  Defendants deny the allegations in Paragraph 330, except admit that Plaintiffs purport to quote the statements and refer to information disclosed in the public filings referenced therein, and refer to such sources for their contents but deny any characterization thereof.

331.  Defendants deny the allegations in Paragraph 331, except admit that Plaintiffs purport to quote the statements referenced therein, and refer to the source of such statements for its contents but deny any characterization thereof.

332.  Defendants deny the allegations in Paragraph 332, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

333.  Defendants deny the allegations in Paragraph 333, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

334.  Defendants deny the allegations in Paragraph 334, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

335.  Defendants deny the allegations in Paragraph 335, except admit that Plaintiffs refer to information disclosed in the public filings and purport to quote the report cited therein, and refer to such sources for their contents but deny any characterization thereof.

336.  Defendants deny the allegations in Paragraph 336, except admit that quote the statements and refer to information contained in the public

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

filings and press releases referenced therein, and refer to such sources for their contents but deny any characterization thereof.

337. Defendants deny the allegations in Paragraph 337, except admit that Plaintiffs purport to quote the public filings and article cited therein, and refer to such sources for their contents but deny any characterization thereof.

338. Defendants deny the allegations in Paragraph 338, except admit that Plaintiffs refer to information disclosed in public filings and quote the report cited therein, and refer to such sources for their contents but deny any characterization thereof.

339. Defendants deny the allegations in Paragraph 339, except admit that Plaintiffs refer to information disclosed in public filings and purport to quote the press release cited therein, and refer to such sources for their contents but deny any characterization thereof.

340. Defendants deny the allegations in Paragraph 340.

341. Defendants deny the allegations in Paragraph 341, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

342. Defendants deny the allegations in Paragraph 342, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

343. Defendants deny the allegations in Paragraph 343, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

344. Defendants deny the allegations in Paragraph 344, except admit that Plaintiffs purport to quote the articles and reports cited therein, and refer to articles and reports for their contents but deny any characterization thereof.

345. Defendants deny the allegations in Paragraph 345, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

346. Defendants deny the allegations in Paragraph 346, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

347. Defendants deny the allegations in Paragraph 347, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

348. Defendants deny the allegations in Paragraph 348, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

349. Defendants deny the allegations in Paragraph 349, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

350. Defendants deny the allegations in Paragraph 350, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis

-64-

deny any allegations attributed thereto.

351. Defendants deny the allegations in Paragraph 351, except admit that Chapek, Daniel and Bochner left the Company in November 2022 and that McCarthy left the Company in June 2023.

352. Defendants deny the allegations in Paragraph 352, except admit that Chapek's contract was renewed in June 2022.

353. Defendants deny the allegations in Paragraph 353, except admit that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

354. Defendants deny the allegations in Paragraph 354, except admit that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.

355. Defendants admit that Daniel left the Company on November 21, 2022, and admit that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.

356. Defendants deny the allegations in Paragraph 356, except admit that Bochner was employed by Disney and that Plaintiffs purport to reference his employment history, but deny that this is a complete and accurate representation of such history. Defendants further admit that Plaintiffs purport to quote the article cited therein, and refer to such article for its contents but deny any characterization thereof.

357. Defendants deny the allegations in Paragraph 357, except admit that McCarthy left the Company on June 15, 2023. Defendants further admit that Plaintiffs purport to quote the articles and reports cited therein, and refer to such articles and reports for their contents but deny any characterization thereof.

358.    Defendants deny the allegations in Paragraph 358, except admit that Disney hosted an Investor Day in December 2020.  Defendants further state that Plaintiffs purport to quote the earnings calls and Investor Day statements cited therein, and refer to the transcripts of such calls and Investor Day statements for their contents but deny any characterization thereof.

359.    Defendants deny the allegations in Paragraph 316, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

360.    Defendants deny the allegations in Paragraph 360, except admit that Plaintiffs purport to quote statements from the earnings calls cited therein, and refer to such sources for their contents but deny any characterization thereof.  Defendants further incorporate by reference herein their responses to Paragraphs 147-228 of the Complaint.

361.    Defendants deny the allegations in Paragraph 361, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

362.    Defendants deny the allegations in Paragraph 362, and state that they are without knowledge or information sufficient to form a belief as to the identity of the confidential witness referenced therein, and on that basis deny any allegations attributed thereto.

363.    Defendants deny the allegations in Paragraph 363, except admit that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

364.    Defendants deny the allegations in Paragraph 364, except admit that Plaintiffs purport to quote statements referenced therein, and refer the source of such statements for its contents but deny any characterization

-66-

thereof.

365.   Defendants deny the allegations in Paragraph 365, except admit that Plaintiffs purport to quote statements referenced therein, and refer to the source of such statements for their contents but deny any characterization thereof. Defendants further admit that Disney hosted an earnings call on November 8, 2022.

366.   Defendants deny the allegations in Paragraph 366.

367.   Defendants deny the allegations in Paragraph 367, except admit that both Chapek and McCarthy were present at the earnings call that Disney hosted on November 8, 2022.

368.   Defendants deny the allegations in Paragraph 368, except admit that Chapek became CEO in February 2020 and that the COVID-19 pandemic struck the U.S. in 2020.

369.   Defendants deny the allegations in Paragraph 369, except admit that Chapek's contract was renewed in June 2022.  Defendants further admit that Plaintiffs purport to quote statements made by Disney's Board of Directors cited therein, and refer to such sources for their contents but deny any characterization thereof.

370.   Defendants deny the allegations in Paragraph 370, except admit that Chapek's contract was renewed in June 2022 and that he left the Company in November 2022.  Defendants further state that information regarding Chapek's compensation has been publicly disclosed on Schedule 14A filed with the SEC, and refer to that filing for its contents but deny any characterization thereof.

371.   Defendants deny the allegations in Paragraph 371.

372.   Defendants deny the allegations in Paragraph 372, except state that information regarding Chapek and McCarthy's executive

-67-

compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

373. Defendants deny the allegations in Paragraph 373, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof.

374. Defendants deny the allegations in Paragraph 374, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

375. Defendants deny the allegations in Paragraph 375, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof. Defendants further admit that Plaintiffs purport to quote statements made by Disney's Compensation Committee cited therein, and refer to such sources for their contents but deny any characterization thereof.

376. Defendants deny the allegations in Paragraph 376, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the

SEC, and refer to those filings for their contents but deny any characterization thereof.

377. Defendants deny the allegations in Paragraph 377, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof.

378. Defendants deny the allegations in Paragraph 378, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof.

379. Defendants deny the allegations in Paragraph 379, except state that information regarding Chapek and McCarthy's executive compensation has been publicly disclosed on Schedules 14A filed with the SEC, and refer to those filings for their contents but deny any characterization thereof. Defendants further state that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

380. Defendants state that the allegations in Paragraph 380 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 380 of the Complaint, except admit that Plaintiffs purport to reference information in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

381. Defendants deny the allegations in Paragraph 381, except admit that Plaintiffs purport to reference certain stock sales made by McCarthy,

and refer to such records for their contents but deny any characterization thereof.

382.   Defendants state that the allegations in Paragraph 382 are legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 382.

383.   Defendants state that the allegations in Paragraph 383 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 383, and state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiffs' and putative Class members' stock purchases, and on that basis also deny them.

384.   Defendants deny the allegations in paragraph 384, except admit that Plaintiffs purport to reference the per-share price of Disney's stock and public filings referenced therein, and refer to the public records of such information and such public filings for their contents but deny any characterization thereof.

385.   Defendants deny the allegations in Paragraph 385, except admit that Disney reported its earnings for its fourth quarter and fiscal year on November 10, 2021 and refer to that report for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Wall Street's expectations, and on that basis also deny them.

386.   Defendants deny the allegations set forth in paragraph 386 and footnote 35, except admit that Plaintiffs purport to reference the Disney's per-share stock price, Disney's peer index and the S&P 500 Index, and refer to such sources for their contents but deny any characterization thereof.

-70-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

387.    Defendants state that the allegations in Paragraph 387 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 387, except admit that Plaintiffs purport to quote and summarize the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

388.    Defendants deny the allegations in Paragraph 388, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to the transcript of such call for its contents but deny any characterization thereof.

389.    Defendants deny the allegations in Paragraph 389, except admit that Plaintiffs purport to quote the analysts' reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

390.    Defendants deny the allegations in Paragraph 390, except admit that Disney issued a press release on November 8, 2022, and refer to that press release for its contents but deny any characterization thereof.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to investors' knowledge, and on that basis also deny them.

391.    Defendants deny the allegations in paragraph 391, except admit that Plaintiffs purport to reference the Disney's per-share stock price and the S&P 500 Index, and refer to such sources for their contents but deny any characterization thereof.

392.    Defendants deny the allegations in Paragraph 392, except admit that Plaintiffs purport to quote the report cited therein, and refer to such report for its contents but deny any characterization thereof.

393.    Defendants deny the allegations in Paragraph 393, except admit that Plaintiffs purport to quote the earnings call cited therein, and refer to

-71-

the transcript of such call for its contents but deny any characterization thereof.

394. Defendants deny the allegations in Paragraph 394 and footnotes 36, 37 and 38, except admit that Iger returned as CEO in November 2022. Defendants further state that Plaintiffs purport to quote the earnings call and news article cited therein, and refer to such sources for their contents but deny any characterization thereof.

395. Defendants deny the allegations set forth in paragraph 395 of the Complaint, except admit that Plaintiffs purport to reference Disney's per-share stock price and the S&P 500 Index, and refer to such sources for their contents but deny any characterization thereof.

396. Defendants deny the allegations in Paragraph 396, except admit that Plaintiffs purport to quote the reports cited therein, and refer to such reports for their contents but deny any characterization thereof.

397. Defendants state that the allegations in Paragraph 397 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 397.

398. Defendants state that the allegations in Paragraph 398 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 398.

- Defendants state that the allegations in the first bullet under Paragraph 398 are legal conclusions to which no response is required. To the extent a response is required, deny the allegations set forth in the first bullet under Paragraph 398.

- Defendants state that the allegations in the second bullet under Paragraph 398 are legal conclusions to which no response is required. To the extent a response is required, deny the allegations set forth in the second bullet under Paragraph 398.

-72-

- Defendants state that the allegations in the third bullet under Paragraph 398 are legal conclusions to which no response is required. To the extent a response is required, deny the allegations set forth in the third bullet under Paragraph 398.

- Defendants state that the allegations in the fourth bullet under Paragraph 398 are legal conclusions to which no response is required. To the extent a response is required, deny the allegations set forth in the fourth bullet under Paragraph 398.

- Defendants state that the allegations in the fifth bullet under Paragraph 398 are legal conclusions to which no response is required. To the extent a response is required, deny the allegations set forth in the fifth bullet under Paragraph 398.

- Defendants state that the allegations in the sixth bullet under Paragraph 398 are legal conclusions to which no response is required. To the extent a response is required, deny the allegations set forth in the sixth bullet under Paragraph 398, except state that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the timing of putative class members' Disney common stock purchases, and on that basis also deny them.

399. Defendants state that the allegations in Paragraph 399 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 399.

400. Defendants state that the allegations in Paragraph 400 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 400.

401. Defendants state that the allegations in Paragraph 401 are legal conclusions to which no response is required. To the extent that a

response is required, Defendants deny the allegations in Paragraph 401.

402.   Defendants state that the allegations set forth in Paragraph 402 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 402.

403.   Defendants deny the allegations in Paragraph 403.

404.   Defendants deny the allegations set forth in Paragraph 404, except admit that Plaintiffs purport to bring the action described therein, but deny that Plaintiffs have valid claims under the Exchange Act of 1934 or the rules promulgated thereunder by the SEC.

405.   Defendants state that the allegations set forth in Paragraph 405 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in Paragraph 405 of the Complaint, except admit that Disney's stock traded on the NYSE throughout the Class Period.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff or the putative class members.

406.   Defendants state that the allegations set forth in Paragraph 406 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in Paragraph 406 of the Complaint.

407.   Defendants state that the allegations set forth in paragraph 407 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 407 of the Complaint, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Plaintiff or Lead Counsel.

408.   Defendants state that the allegations set forth in Paragraph

408 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 408 of the Complaint.

- Defendants state that the allegations in the first bullet under Paragraph 408 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in the first bullet under Paragraph 408.

- Defendants state that the allegations in the second bullet under Paragraph 408 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in the second bullet under Paragraph 408.

- Defendants state that the allegations in the third bullet under Paragraph 408 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in the third bullet under Paragraph 408.

- Defendants state that the allegations in the fourth bullet under Paragraph 408 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in the fourth bullet under Paragraph 408.

- Defendants state that the allegations in the fifth bullet under Paragraph 408 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in the fifth bullet under Paragraph 408.

- Defendants state that the allegations in the sixth bullet under Paragraph 408 are legal conclusions to which no response is required.  To the extent a response is required, deny the allegations set forth in the sixth bullet under Paragraph 408.

409.    Defendants state that the allegations set forth in Paragraph 409 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 409.

410.    Defendants incorporate by reference herein their responses to paragraphs 1-409 of the Complaint.

411.    Defendants deny the allegations set forth in Paragraph 411, except admit that Plaintiffs purport to assert the claims described in Paragraph 411, but deny that Plaintiffs have any valid claims under the Exchange Act of 1934 or the SEC rules and regulations promulgated thereunder.

412.    Defendants state that the allegations set forth in Paragraph 412 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 412.

413.    Defendants state that the allegations in Paragraph 413 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 413.

414.    Defendants state that the allegations in Paragraph 414 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 414.

415.    Defendants state that the allegations in Paragraph 415 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 415.

416.    Defendants state that the allegations in Paragraph 416 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 416.

417.    Defendants state that the allegations in Paragraph 417 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 417.

418.   Defendants state that the allegations set forth in Paragraph 418 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 418.

419.   Defendants state that the allegations set forth in Paragraph 419 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 419.

420.   Defendants deny the allegations in Paragraph 420, except admit that Plaintiffs purport to assert the claims described in Paragraph 420, but deny that Plaintiffs have any valid claim under the Exchange Act of 1934. Defendants further incorporate by reference herein responses to paragraphs 1-409 of the Complaint.

421.   Defendants deny the allegations in Paragraph 421. Defendants further incorporate by reference herein their responses to paragraphs 254-265 of the Complaint.  Defendants further admit that Plaintiffs purport to reference the public records of Iger's stock sales, and refer to such records for their contents but deny any characterization thereof.

422.   Defendants deny the allegations in Paragraph 422, except admit that Plaintiffs purport to reference the public records of McCarthy's stock sales, and refer to such records for their contents but deny any characterization thereof.

423.   Defendants deny the allegations in Paragraph 423, and state that they are without knowledge or information sufficient to form a belief as to whether the allegations of Plaintiffs' stock purchases in Paragraph 423 are accurate, and deny them on that basis.  Defendants further state that Plaintiffs purport to reference information contained in the chart included therein, and refer to such chart for its contents but deny any characterization thereof.

424.   Defendants state that the allegations set forth in Paragraph

424 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 424.

425.  Defendants state that the allegations set forth in Paragraph 425 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 425. Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the reasons Plaintiffs and members of the Class purchased shares of Disney.

426.  Defendants incorporate by reference herein their responses to paragraphs 1-409 of the Complaint.

427.  Defendants state that the allegations in Paragraph 427 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 427, except admit that Defendants participated in the management of Disney during the Class Period alleged by Plaintiffs.

428.  Defendants state that the allegations set forth in Paragraph 428 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 428.

## GENERAL DENIALS

Except as otherwise expressly admitted in Paragraphs 1 through 428, Defendants deny each and every allegation contained in Paragraphs 1 through 428 of the Complaint, including, without limitation, the headings, subheadings, subparts and tables contained therein, and specifically deny liability to Plaintiffs or any putative class member, or that Plaintiffs or any putative class member suffered any legally cognizable damages for which Defendants are responsible.  Defendants expressly reserve the right to amend and/or supplement their Answer.

-78-

With respect to the Paragraphs in the Complaint in which Plaintiffs pray for damages or other relief, Defendants deny that Plaintiffs are so entitled under the law.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses. Except where expressly noticed, each defense is asserted by each of the Defendants. In asserting these defenses, Defendants do not assume the burden with respect to any issue as to which applicable law places the burden on Plaintiffs. Defendants reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

### First Affirmative Defense

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Complaint fails to plead adequately any of the alleged underlying conduct which Plaintiffs claim gives rise to liability under the securities laws.

### Third Affirmative Defense

The Complaint fails to adequately plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1).

### Fourth Affirmative Defense

Defendants are not liable because they did not engage in any device, scheme or artifice to defraud.

### Fifth Affirmative Defense

The Complaint fails to adequately plead knowledge, scienter

-79-

and/or intent, including by failing to state with particularity facts that give rise to a strong inference of scienter as required by Fed. R. Civ. P. 9(b) and 15 U.S.C. § 78u-4(b)(2)-(3)..

Sixth Affirmative Defense

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact and are not responsible (in law or in fact) for any allegedly false or misleading statements or omissions of material facts by others on which Plaintiffs (or the market at large) are alleged to have relied.

Seventh Affirmative Defense

Defendants are not liable because they were under no duty to disclose the alleged underlying conduct.

Eighth Affirmative Defense

Defendants are not liable because certain alleged misstatements about which Plaintiffs complain concern non-actionable matters of opinion, or are puffery or soft information, rather than matters of material fact and because certain of the alleged misstatements were forward-looking and were accompanied by sufficient cautionary language and risk disclosure to be non-actionable under the Private Securities Litigation Reform Act, the safe harbor provisions of the federal securities laws, and/or the "bespeaks caution" doctrine.

Ninth Affirmative Defense

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

-80-
DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## Tenth Affirmative Defense

Defendants are not liable because they acted in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely.

## Eleventh Affirmative Defense

Plaintiffs' claims are barred under Section 20(a) of the Securities Exchange Act of 1934 because Defendants acted at all times in good faith and did not directly or indirectly induce any act or acts alleged to constitute a violation of law, nor were they culpable participants in any of the alleged wrongdoing.

## Twelfth Affirmative Defense

Defendants are not liable because they did not trade on or possess material non-public information, nor trade contemporaneously, but rather pursuant to a pre-existing 10b5-1 trading plan adopted in good faith.

## Thirteenth Affirmative Defense

Defendants are not liable because Plaintiffs challenge alleged acts, conduct or statements that were specifically permitted by the laws of the United States, the regulations of the Securities and Exchange Commission and Generally Accepted Accounting Principles.

## Fourteenth Affirmative Defense

Defendants are not liable because the allegedly untrue statements of material fact and/or omissions of material fact were not material to the investment decisions of a reasonable investor.

## Fifteenth Affirmative Defense

Defendants are not liable because Plaintiffs did not reasonably or justifiably rely on any allegedly false or misleading statement of material fact when they purchased shares of common stock and the "fraud-on-the-market"

-81-

and *Affiliated Ute* presumptions of reliance are unavailable in this action. If, and to the extent the "fraud-on-the-market" or *Affiliated Ute* presumptions of reliance are found to be available, which Defendants deny, Defendants reserve the right to rebut, for each and every Plaintiff, any presumption of reliance.

Sixteenth Affirmative Defense

Defendants are not liable because the purported misstatements and omissions alleged in the Complaint were not the cause of Plaintiffs' decisions to purchase stock on the terms of their investments. Any damages or injuries allegedly suffered by Plaintiffs were not legally caused by any act or omission by Defendants.

Seventeenth Affirmative Defense

Defendants are not liable because the substance of the information that Plaintiffs allege to have been omitted or misstated was, in fact, disclosed in public filings, was otherwise publicly available or widely known to the market and to the investing community and, as such, was available to Plaintiffs and at all times reflected in the market price of Defendant's securities.

Eighteenth Affirmative Defense

Defendants are not liable because the alleged misstatements and omissions alleged in the Complaint did not affect the market price of Disney's stock.

Nineteenth Affirmative Defense

Defendant Daniel is not liable because he was neither an officer of the Company nor held a corporate role engaging with investors, and thus had no authority over, involvement in or responsibility for any alleged false or misleading statement or omission of material fact.

Twentieth Affirmative Defense

Defendants are not liable because Plaintiffs purchased shares of

-82-

Disney stock with actual or constructive knowledge of the risks involved, were informed of such risks by Defendants and voluntarily assumed the risks of the losses alleged in the Complaint.

Twenty-first Affirmative Defense

The injuries allegedly incurred by Plaintiffs resulted from intervening or superseding events outside the knowledge or control of Defendants, including, but not limited to, the operation of natural market and/or industry forces, and such intervening or superseding events caused the harm, if any, suffered by Plaintiffs, such that no act or omission by Defendants was the direct and/or proximate cause thereof.

Twenty-second Affirmative Defense

If and to the extent the statements at issue herein are found to have been false or misleading, which Defendants deny, Plaintiffs either knew or, in the exercise of reasonable care, should have known about the matters alleged in the Complaint, and their own negligence, actions, omissions or other fault proximately contributed to the injuries allegedly suffered and bars any recovery to the extent thereof.

Twenty-third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because they, at all relevant times, had a duty to take reasonable action to mitigate any damages allegedly sustained as a result of the purported facts alleged in the Complaint and failed to comply with that duty.

Twenty-fourth Affirmative Defense

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches and waiver.

-83-

## Twenty-fifth Affirmative Defense

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue their claims against Defendants.

## Twenty-sixth Affirmative Defense

The claims asserted against Defendants are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## Twenty-seventh Affirmative Defense

The putative class period is overly broad and, therefore, many, if not all, of the putative class members are not entitled to any recovery.

## Twenty-eighth Affirmative Defense

To the extent Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains, including any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

## Twenty-ninth Affirmative Defense

Plaintiffs cannot claim damages because they sold their securities at prices higher than the prices at which they purchased or acquired those securities.

## Thirtieth Affirmative Defense

Defendants are not liable for the conduct of any current or former employees and/or agents to the extent that any or all of these current or former employees acted outside the scope of their authority.

## Thirty-first Affirmative Defense

Defendants deny that Plaintiffs are entitled to recovery of attorneys' fees, costs or expenses, or expert fees, costs or expenses as a matter

-84-

of law.

## Thirty-second Affirmative Defense

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims, not asserted herein of which they may become aware through discovery or other investigation and will withdraw, amend or modify their Answer accordingly.  Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court enter judgment;

(1) dismissing the Complaint in its entirety with prejudice;

(2) awarding the costs, disbursements and reasonable attorneys' fees incurred by it in defending this action, to the extent authorized by law; and

(3) granting such other and further relief as the Court deems just and proper.

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Dated: March 5, 2025

Respectfully submitted,

**CRAVATH, SWAINE & MOORE LLP**

*/s/ J. Wesley Earnhardt*

J. Wesley Earnhardt (*pro hac vice*)
Lauren Rosenberg (*pro hac vice*)
Helam Gebremariam (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700
wearnhardt@cravath.com
lrosenberg@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendants*

**MUNGER, TOLLES & OLSON LLP**

*/s/ John W. Spiegel*

John W. Spiegel (SBN 78935)
John M. Gildersleeve (SBN 284618)
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
john.spiegel@mto.com
john.gildersleeve@mto.com

*Attorneys for Defendants*

-86-

DEFENDANTS' ANSWER TO THE CORRECTED CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

I, John W. Spiegel, hereby attest, pursuant to Local Civil Rule 5-4.3.4, that all of the above signatories concur in the content of this Answer to the Corrected Consolidated Complaint for Violations of the Federal Securities Laws and have authorized its filing.

/s/ John W. Spiegel_____

-87-