# APPENDIX A

**APPENDIX A**

**DEFENDANTS' ARGUMENTS IN THEIR MOTION FOR JUDGMENT ON THE PLEADINGS OVERLAP ENTIRELY WITH THE ARGUMENTS IN THEIR MOTION TO DISMISS BRIEFING**

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| "But at bottom, the Complaint faults Defendants for failing to predict the future."  MJOP at 1. | "Plaintiffs fault Defendants for not predicting the future, arguing that they should have disclosed that content costs were 'snowballing ***ultimately forcing Defendants to write off billions of dollars***'."  MTD Reply at 8 n.5 (emphasis in original) (citation omitted). |
| "In alleging securities fraud, Plaintiffs charge Defendants with speaking too optimistically about the prospects of Disney+."  MJOP at 5. | "Having an optimistic plan that ultimately does not work out is not securities fraud."  MTD Reply at 4. |
| "'[E]ven if a statement would otherwise be actionable under [Section 10(b)], the PSLRA carves out a "safe harbor for forward-looking statements" by adding § 21E to the Securities Exchange Act . . . .  This safe harbor "is designed to protect companies and their officials" when they merely fall short of their "optimistic projections."'  *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1189 (9th Cir. 2021) . . . ."  MJOP at 5. | "Even if a statement would otherwise be actionable, the PSLRA provides a safe harbor for forward-looking statements.  15 U.S. Code § 78u–5.  It 'is designed to protect companies and their officials when they merely fall short of their optimistic projections'. *Gregory Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1189 (9th Cir. 2021)."  MTD at 22. |
| "Tesla projected that it would be able to produce '5,000 vehicles per week by the end of 2017' and repeatedly told investors that it was 'on track' to meet that target. 985 F.3d at 1194–95.  Tesla missed its projection, but the Ninth Circuit affirmed dismissal, holding that Tesla's projection and its statements reaffirming it were forward-looking . . . ."  MJOP at 10-11. | "The Ninth Circuit recently held that statements that a company 'was "on track" to achieve [such] goals, and that "there are no issues" that "would prevent" [the company] from achieving the goal[s] are likewise forward-looking statements'. *Tesla*, 985 F.3d at 1192."  MTD at 23. |

1

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| In their MJOP, Defendants argue the alleged misstatements in the following paragraphs of the Corrected Consolidated Complaint for Violations of the Federal Securities Laws (ECF 68) ("Complaint") are forward-looking: ¶¶277, 279, 282-284, 286, 297-300, 306, and 316.  And additionally ¶¶150, 158-159, 165, 172, 194-195, 201, 205, 207-210, 273-274, 279, and 285.  *See* MJOP 6-8. | Defendants already argued *all* of these statements are forward-looking in their motion to dismiss briefing *except for* ¶¶277 and 306.  *See* MTD at 23. |
| "All of the above statements are projections of plans and objectives for the future performance and operations of Disney+ . . . ."  MJOP at 8. | "[Statements 12, 14, 17, 43-45, 48-52, 54-56] are 'plans and objectives of management for future operations' protected by the PSLRA.  15 U.S.C. § 78u-5(i)(1)."  MTD at 23. |
| "Disney repeated similar warnings on quarterly earnings calls, telling investors that forward-looking statements included 'expected results, growth, profitability,' 'statements regarding the future of our offerings (including our direct-to-consumer offerings) including content, launch dates and timing,' and 'expectations about . . . potential customers or subscribers,' and explaining that such statements 'are subject to risks and uncertainties and actual results might differ materially from those discussed in, or implied by, the forward-looking statements.'" MJOP at 10 (citation omitted). | "During each earnings call, Disney disclosed that 'expected results, growth, profitability', 'statements regarding the future of our offerings (including our direct-to-consumer offerings) including content, launch dates and timing', and 'expectations about general markets, markets we may serve and our potential customers or subscribers' constitute forward-looking statements, which 'are subject to risks and uncertainties and actual results might differ materially from those discussed in, or implied by, the forward-looking statements'."  MTD at 24 (citation omitted).<br><br>During each earnings call, Disney disclosed that 'actual results may differ materially from those expressed or implied' for any number of factors, including 'consumer preferences', 'the performance of the Company's theatrical and home entertainment' or 'performance of some or all company businesses either directly or through their impact on those who distribute our products'."  MTD Reply at 10-11 (citation omitted). |

2

4914-1501-0355.v1

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| "Disney directed investors to SEC filings that 'identif[ied] important factors that could cause actual results to differ materially from those in the forward-looking statement[s].'" MJOP at 10 (citation omitted). | "Disney also directed investors to its SEC filings containing detailed cautionary language that 'identif[ied] important factors that could cause actual results to differ materially from those in the forward-looking statement[s]'." MTD at 24 (citation omitted). |
| "Disney's extensive cautionary statements 'identif[ied] important factors that could cause actual results to differ materially from those in the forward looking statement[s].' *Cutera*, 610 F.3d at 1112 . . . ." MJOP at 10. | "Those warnings are meaningfully cautionary because they convey the substantive information about factors that could realistically cause results to differ materially from those projected in the forward-looking statements. *See In re Cutera*, 610 F.3d at 1112." MTD at 24. |
| "Each quarter in the putative class period, Disney reported DTC operating losses, how many paid subscribers Disney+ had, and Disney+'s average revenue per user (ARPU)." MJOP at 11 (footnote omitted). | "Each and every quarter since its launch, Disney accurately disclosed Disney+'s paid subscriber numbers and ARPU, as well as the DTC segment's revenues, operating expenses and operating losses." MTD at 19. |
| "Plaintiffs now concede that these numbers are accurate." MJOP at 12. | "Plaintiffs do not contest the accuracy of Defendants' disclosures concerning DTC's financial performance." MTD at 19.<br><br>"Plaintiffs concede that Disney's reported metrics were accurate." MTD Reply at 9. |
| "Courts have 'repeatedly refused to find disclosure of accurate historical data misleading.' *In re Dropbox Sec. Litig.*, 2020 WL 6161502, at *7 (N.D. Cal. Oct. 21, 2020) (collecting cases) . . . ." MJOP at 12. | "'Disclosure[s] of accurate historical data accompanied by general statements of optimism . . . are not actionable.' *Monachelli v. Hortonworks, Inc.*, 225 F. Supp. 3d 1045, 1055 (N.D. Cal. 2016) (citation omitted)." MTD Reply at 9. |
| "But 'Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information."'" *Twitter*, 29 F.4th at 620 (quoting *Matrixx* | "'Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information"'. *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 620 (9th Cir. 2022) (quoting *Matrixx*, 563 U.S. at 44)." MTD at 18-19. |

4914-1501-0355.v1

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| *Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011))." MJOP at 13.[1] | |
| "As the Ninth Circuit has held, there is no 'rule of completeness for securities disclosures because "[n]o matter how detailed and accurate disclosure statements are, there are likely to be additional details that could have been disclosed but were not."' *Intuitive Surgical*, 759 F.3d at 1061 (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002))." MJOP at 13.[2] | "In other words, '[t]here is no rule [] that "once a disclosure is made, there is a duty to make it complete and accurate"'. *Lefter v. Yirendai Ltd.*, 2017 WL . . . 2857535, at *6 (C.D. Cal. 2017) (quoting *Brody v. Transitional Hosp. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)). Such 'a completeness rule would sweep too broadly, as "no matter how detailed and accurate disclosure statements are, there are likely to be additional details that could have been disclosed but were not"'. *Id*." MTD at 19.<br><br>"But there is no 'rule of completeness for securities disclosures because "[n]o matter how detailed and accurate disclosure statements are, there are likely to be additional details that could have been disclosed but were not."' *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1061 (9th Cir. 2014)." MTD Reply at 1. |
| "The disclosure of the actual subscriber numbers every quarter was not misleading because the more granular churn rates were not also disclosed. *See In re Netflix, Inc., Sec. Litig.*, 964 F. Supp. 2d 1188, 1193 (N.D. Cal. 2013) | "But, again, because what Disney did disclose was accurate and not misleading, there was no duty to disclose more. *See In re Netflix, Inc., Sec. Litig.*, 964 F. Supp. 2d 1188, 1193 (N.D. Cal. 2013) (rejecting argument that once 'Netflix began to discuss its focus on streaming, it |

---

[1]   *See also* ECF 106 ("Hrg. Tr.") at 30 (discussing applicability of *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611 (9th Cir. 2022)).

[2]   *See also* Hrg. Tr. at 19 ("I would like to read to the Court from the Ninth Circuit's decision in *Police Retirement Systems vs. Intuitive Surgical. . . .* The Ninth Circuit in that case, and many other cases, made clear that . . . '[w]e have expressly declined to require a rule of completeness for securities disclosures, because no matter how detailed and accurate disclosure statements are, there are likely to be additional details that could have been disclosed but were not.").

4

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| (rejecting argument that once 'Netflix began to discuss its focus on streaming, it had a duty to disclose all manner of information about streaming's margins,' including subscriber churn)." MJOP at 13.[3] | had a duty to disclose all manner of information about streaming's margins')." MTD Reply at 6-7. |
| "'[A] statement of opinion is not misleading just because external facts show the opinion to be incorrect' or the 'issuer knows, but fails to disclose, some fact cutting the other way.' *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 188-89 (2015); *see City of Dearborn Heights*, 856 F.3d at 610 (*Omnicare* applies to Section 10(b) claims).  Such statements are actionable only if the speaker does not hold the stated belief or if they convey untrue facts about the basis for the belief." MJOP at 15. | "Many of Plaintiffs' challenged statements express opinions, which are not actionable unless the plaintiff alleges—and these Plaintiffs have not—'both that "the speaker did not hold the belief she professed" and that the belief is objectively untrue', or, in the case of a purported omission from the opinion, that 'there is no reasonable basis for the belief'. *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615-16 (9th Cir. 2017)." MTD at 24-25. |
| In their MJOP, Defendants argue the alleged misstatements in the following paragraphs of the Complaint are opinions: ¶¶282-284, 286, 296, 299-300, and 308-311.  And additionally, ¶¶150, 158-159, 194, 201, 206-210, 227, 268, 271-272, 275, 285, 297, 306, and 316.  *See* MJOP at 15-16. | Defendants already argued all of these statements are opinions in their motion to dismiss briefing *except for* ¶¶299 and 309.  *See* MTD at 25-26. |
| "A scheme requires conduct that has a principal purpose of deceiving investors.  *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1048 (9th Cir. 2006), *vacated on other* | "Scheme liability requires a defendant to have 'the principal purpose and effect of creating a false appearance of fact in furtherance of the scheme'.  *In re Edward D. Jones & Co. L.P. Sec. Litig.*, 2019 WL 5887209, at *7 (E.D. Cal. Nov. 12, 2019), *rev'd on other grounds*, 990 |

---

[3]   *See also* Hrg. Tr. at 28-29 (discussing applicability of *In re Netflix, Inc., Sec. Litig.*, 964 F. Supp. 2d 1188 (N.D. Cal. 2013), and stating "in order to be required to disclose churn, it would have to be that the failure to disclose churn would make some other statement misleading, some other hard metric misleading, and that is simply not true").

4914-1501-0355.v1

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| *grounds sub nom Simpson v. Homestore.com, Inc.* 519 F.3d 1041 (9th Cir. 2008)." MJOP at 17. | F.3d 692 (9th Cir. 2021) (citing *Simpson v. Homestore.com, Inc.*, 519 F.3d 1041 (9th Cir. 2008))." MTD at 11. |
| "[T]he Complaint describes ordinary accounting, marketing, and organizational decisions 'that [are] consistent with the defendants' normal course of business.' *Simpson*, 452 F.3d at 1050." MJOP at 17. | "'Conduct that is consistent with the defendants' normal course of business would not typically be considered to have the purpose and effect of creating a misrepresentation.' *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1050 (9th Cir. 2006)." MTD Reply at 3. |
| "Courts routinely reject scheme claims that rely on non-actionable misstatements. *See, e.g.*, *In re AGS, Inc., Sec. Litig.*, 2024 WL 581124, at *5 (D. Nev. Feb. 12, 2024) (finding scheme theory 'irrelevant' and granting Rule 12(c) motion dismissing claim where, as here, plaintiff 'pleaded only a single cause of action under rule 10b-5' and the alleged scheme was 'based on the same alleged set of facts as its misrepresentation claim') . . . ." MJOP at 18. | "Courts routinely dismiss scheme claims that—as here—merely challenge statements that are not false or misleading. *See In re AGS, Inc., Sec. Litig.*, 2024 WL 581124, at *4 (D. Nev. Feb. 12, 2024) (dismissing scheme claim where not 'independent of [plaintiffs' unsuccessful] misrepresentation claim') . . . ." MTD Reply at 3. |
| "The artifices are the ordinary business decisions that Disney made in its effort to achieve its targets and projections . . . ." MJOP at 19. | "'Conduct that is consistent with the defendants' normal course of business would not typically be considered to have the purpose and effect of creating a misrepresentation.' *Simpson v. AOL Time Warner Inc.*, 452 F.3d 1040, 1050 (9th Cir. 2006)." MTD Reply at 3. |
| "[T]he supposed artifices are not deceptive either; they are simply ordinary business strategy decisions." MJOP at 20. | "A fully disclosed business strategy, successful or not, cannot defraud investors." MTD Reply at 1. |
| "Disagreements about business strategy decisions do not state a scheme claim because Plaintiffs must allege conduct with the 'principal purpose and effect of creating a false | "But the securities laws provide remedies for fraud, not unpopular business decisions." MTD at 1.<br><br>"A fully disclosed business strategy, successful or not, cannot defraud investors." MTD Reply at 1. |

6

| Argument in 12(c) Motion ("MJOP") | Argument in 12(b)(6) Motion ("MTD") or Reply ("MTD Reply") |
|---|---|
| appearance of fact in furtherance of the scheme.' *Simpson*, 452 F.3d at 1049." MJOP at 20.[4] | |
| "Ultimately, Plaintiffs are attempting to recast non-actionable statements into actionable ones under Rule 10b-5 by dubbing them a 'scheme'—and thereby avoid the PSLRA's safe harbor and other pleading requirements for misstatements." MJOP at 20. | "Plaintiffs' theory that Defendants schemed to 'create the false "illusion of robust, sustainable, and profitable subscriber growth" at Disney+,' (Opp. 1), repackages their misstatement claim and fails for the same reasons." MTD Reply at 3. |
| "Both the Section 20A claim against Ms. McCarthy, and the Section 20(a) control-person claims, fail for lack of a predicate violation. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1035 n.15 (9th Cir. 2002) ('[T]o prevail on their claims for violations of § 20(a) and § 20A, plaintiffs must [] allege a violation of § 10(b) or Rule 10b 5.')." MJOP at 21. | "Plaintiffs' § 20A contemporaneous trading claim fails because Plaintiffs do not adequately allege that either Mr. Iger or Ms. McCarthy violated Rule 10b-5—a predicate to any § 20A claim—nor do they allege that either traded with material non-public information. *Lipton*, 284 F.3d at 1035 n.15 ('[T]o prevail on their claims for violations of § 20(a) and § 20A, plaintiffs must [] allege a violation of § 10(b) or Rule 10b 5.') . . . ." MTD at 39. |
| "Nowhere in the Complaint do Plaintiffs allege that Mr. Iger participated in any scheme. . . . And nowhere do Plaintiffs contend that Mr. Iger made any alleged misstatement." MJOP at 21.[5] | "Plaintiffs make no attempt to allege that Mr. Iger participated in any alleged scheme. . . . Nor have they pleaded that Mr. Iger controlled the content of any of the alleged misstatements, which means he cannot be liable for them." MTD at 26. |

---

[4]   *See also* Hrg. Tr. at 22 ("It cannot be a scheme to conduct bad business. There has to be a principal purpose and effect of misleading investors, and there simply is no allegation to that effect. As we set forth in our content, each of the nine artifices of the alleged scheme that they say exist were fully disclosed to investors, and were part of the business plan.").

[5]   *See also* Hrg. Tr. at 18 ("They do not plead a Section 10b insider trading claim against Mr. Iger.").

7

4914-1501-0355.v1

Appendix A
Page 35