ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
RYAN A. LLORENS (225196)
JESSICA T. SHINNEFIELD (234432)
JEFFREY J. STEIN (265268)
NICOLE Q. GILLILAND (335132)
JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:23-cv-03661-CBM (ASx)<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF INCORPORATED DOCUMENTS<br><br>DATE:　　April 29, 2025<br>TIME:　　10:00 a.m.<br>CTRM:　　8D<br>JUDGE:　　Hon. Consuelo B. Marshall |

4933-3486-8785.v2

Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund, and plaintiffs Local 272 Labor-Management Pension Fund and John Patrick Talbot (collectively, "Plaintiffs") respectfully submit this opposition to Defendants' Request for Judicial Notice and Consideration of Incorporated Documents (ECF 125) ("Request" or "RJN"), filed concurrently with Defendants' Notice of Motion and Motion for Judgment on the Pleadings (ECF 124) ("Motion" or "MJOP").[1]

## I.   INTRODUCTION

Defendants ask this Court to incorporate by reference and/or judicially notice 29 separate exhibits spanning **over 2,200 pages** in connection with their Motion.  The Ninth Circuit has emphasized the harm in the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (criticizing "inappropriate efforts by defendants" bringing motions "filed with hundreds of pages of attachments," as such "efforts to expand courts' consideration of extrinsic evidence . . . diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court").

Further, pursuant to this Court's Standing Order and well-established law, Defendants must identify the specific ***facts*** for which they seek judicial notice.  *See* ECF 18 at 5 ("Parties requesting judicial notice shall identify the adjudicative fact(s) for which it seeks notice pursuant to [Federal Rule of Evidence] 201."); *see also Khoja*, 899 F.3d at 999 ("A court must also consider – and identify – which fact or facts it is noticing from such a transcript.  Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that

---

[1]   "Defendants" are The Walt Disney Company ("Disney"), Robert Iger, Robert Chapek, Christine M. McCarthy, and Kareem Daniel.

document is judicially noticeable for its truth."). Here, Defendants have improperly submitted a morass of extrinsic material without identifying any specific facts that are relevant to their Motion. The Request should be denied.

*First*, Defendants improperly seek judicial notice of Exhibit 27 (though they concede it cannot be incorporated by reference).[2] Exhibit 27 is a press release that was issued *15 months* after the Class Period and that contains no relevant facts. Defendants also grossly misrepresent its contents, claiming that it shows ***Disney+*** became profitable in 2024. Exhibit 27 actually states Disney's "***combined streaming businesses***" – which includes Hulu and ESPN+ – became profitable. Ex. 27 at 2181.[3] Defendants also impermissibly seek to introduce Exhibit 27 for its truth. *See* MJOP at 11 ("Indeed, Disney met its target for Disney+ streaming profitability.").

*Second*, Defendants do not identify the specific facts for which they seek judicial notice. Instead, they attach thousands of pages of documents and ask the Court to take judicial notice of everything.

*Finally*, while Exhibits 6-13, 17-22, and 24-26 may be incorporated by reference, they cannot be considered for their truth.

## II.   LEGAL STANDARD

When assessing motions for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c), courts generally cannot consider "matters outside the pleadings" without converting the motion "into a Rule 56 motion for summary judgment." *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, 2013 WL 12243947, at *2 (C.D. Cal. 2013). There are two narrow exceptions: (1) judicial notice; and (2) incorporation by reference. *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019).

---

[2]   All "Exhibit(s) __" or "Ex(s). __" references herein are to Defendants' exhibits attached to the Declaration of John M. Gildersleeve (ECF 124-2).

[3]   Unless otherwise noted, citations are omitted and emphasis is added.

Judicial notice is an "explicitly limited doctrine" that allows "a court to consider 'a fact that is ***not subject to reasonable dispute*** because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Hsu*, 213 F. Supp. 3d at 1280 (quoting Fed. R. Evid. 201). A party requesting judicial notice bears the burden of showing that the fact is proper for judicial notice. *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 272 F.R.D. 505, 516 (E.D. Cal. 2011). Even where a document or fact is subject to judicial notice, it may be noticed only for its existence and not its truth. *See Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. 2010) ("[W]hile it may be appropriate to judicially notice the existence of SEC filings and their contents, judicial notice should not be taken of the ***truth*** of their contents.") (emphasis in original); *see also United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) ("we may not, on the basis of [judicially noticeable] reports, draw inferences or take notice of facts that might reasonably be disputed").

Under the incorporation-by-reference doctrine, a court may consider an extrinsic document only if: (1) the complaint "refers extensively to the document"; or (2) the document "forms the basis of the plaintiff's claims." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.*; *Khoja*, 899 F.3d at 1002. Moreover, "it is 'improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.'" *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, 2021 WL 1400818, at *3 (D. Ariz. 2021) (quoting *Khoja*, 899 F.3d at 1003). Incorporation is also improper "if the document merely creates a defense to the well-pled allegations in the complaint"; otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002.

- 3 -

## III.   ARGUMENT

### A.   Exhibit 27 Is Not Judicially Noticeable

Defendants grossly misrepresent Exhibit 27 and ask the Court to notice it for the "truth" of irrelevant matters asserted therein. Defendants' request is improper and should be denied.

Exhibit 27 is a press release Disney issued on August 7, 2024 that Defendants cite to support their false representation that "Disney met its target for Disney+ streaming profitability." MJOP at 11. Exhibit 27 does ***not*** state ***Disney+*** reached profitability. Rather, it states Disney's "'***combined streaming businesses***'" – which includes Hulu and ESPN+ – reached profitability. Ex. 27 at 2181 ("Direct-to-Consumer's better-than-expected Q3 performance, combined with our profitable results at ESPN+, resulted in positive profitability at our combined streaming businesses."); *cf.* Ex. 1 at 18 ("Direct-to-consumer (DTC) streaming services . . . include Disney+, ESPN+, Hotstar and Hulu"). To this day, there is no evidence that Disney+ is ***profitable***. Defendants' mischaracterization of Exhibit 27 to urge the truth of a disputed fact outside the pleadings is improper and should be rejected. *See AIX Specialty Ins. Co. v. FerraTex, Inc.*, 2017 WL 4856869, at \*4 n.3 (N.D. Cal. 2017) (denying request for judicial notice because "[g]iven the Court's finding that AIX mischaracterizes the contents of the Cal-OSHA report as undisputed fact, as opposed to evidence, the Cal-OSHA report is immaterial to the Court's resolution of the instant motion"); *Maiman*, 2010 WL 11421950, at \*7 (courts "generally may not take judicial notice of '***disputed*** facts stated in public records'") (emphasis in original).

Exhibit 27 is also irrelevant. Defendants stated ***Disney+*** would be profitable by 2024 ***and*** have "between 230 million and 260 million total paid Disney+ subscribers" by 2024. *See* Corrected Consolidated Complaint for Violations of the Federal Securities Laws (ECF 68), ¶150. Exhibit 27 does not state ***Disney+*** became profitable, and it ignores that Defendants' promise was two-fold: profitability ***with***

- 4 -

230-260 million subscribers.  Even if Disney+ ultimately met the profitability target (it did not), that would be irrelevant because it would have occurred over a year after the class period, after Disney completely downsized Disney+ and did not achieve the subscriber target.  Because Exhibit 27 was issued a year after the class period, does not state Disney+ reached profitability, and would be irrelevant even if Disney+ did reach profitability, Defendants' request should be denied.  *See In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1153 (N.D. Cal. 2023) (courts may decline to take judicial notice of documents that are "not relevant or helpful" to the issues raised in a pending motion); *Jedrzejczyk v. Skillz Inc.*, 2022 WL 2441563, at *3 (N.D. Cal. 2022) ("As for the post-class period press release, this document is irrelevant because it is outside of the class period, and thus is not subject to judicial notice."); *In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. 2004) (declining to take judicial notice of "two press releases outside the class period [that] are not referenced in the complaint"); *Ferreira v. Funko Inc.*, 2021 WL 8820650, at *11 (C.D. Cal. 2021) (declining to take judicial notice of the defendant company's Form 10-K, "as it was issued outside the Class Period, it was not relevant to the Court's analysis").

###### B.    Defendants' Remaining Exhibits Are Not Judicially Noticeable

Defendants' Request regarding their remaining exhibits should be denied because Defendants do not specify the facts that they claim are subject to judicial notice.  Instead, they make the broad request that the Court "take judicial notice of the undisputed adjudicative fact that statements in these documents were conveyed to the market on the respective dates."  RJN at 4.

Defendants' own Motion underscores their failure to satisfy this requirement.  For example, Defendants string cite ***46 pages*** from Exhibits 1-15 that supposedly contain facts in support of Defendants' argument regarding Disney's purported risk disclosures.  MJOP at 9 n.1.  But Exhibits 10-12 and 14 make ***no*** reference to the quoted "warn[ings]" for which Defendants cite them.  *Compare* MJOP at 9:4-11 (lines

- 5 -

4-11), *with* Ex. 10 at 1044, Ex. 11 at 1246, Ex. 12 at 1324, *and* Ex. 14 at 1627.[4] Defendants effectively invite the Court to guess the facts from these exhibits for which they seek judicial notice, which is inappropriate. *Mills v. Molina Healthcare, Inc.*, 2022 WL 17825534, at *6 (C.D. Cal. 2022) ("[T]he Court declines Defendants' invitation to sift through dozens of pages of briefing . . . to attempt to determine the scope of each of Defendants' requests for judicial notice."); *Ferris v. Wynn Resorts Ltd.*, 2021 WL 3216462, at *6 (D. Nev. 2021) ("'Judges are not like pigs, hunting for truffles buried in briefs,' so I will not scour the defendants' brief for explanation.").

Defendants' failure to identify any specific facts or statements for which they seek judicial notice violates Rule 201, this Court's Standing Order, and longstanding precedent. *See* ECF 18 at 5; *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 (C.D. Cal. 2024) (noting, "[t]he *Khoja* court further cautioned, that a district court must 'consider – and identify – which fact or facts it is noticing [for judicial notice]'"). This mistake is fatal. *See Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. 2024) ("Although these exhibits are 'matters of public record,' Defendants do not identify which fact or facts they seek to have the Court notice. . . . Therefore, the Court will not take judicial notice of these exhibits."); *see also Green Dot*, 2024 WL at 1356253, at *3 ("Although it is clear that Defendants want this Court to take judicial notice of the contents, and not merely the existence, of these documents, Defendants' RJN does not identify any particular facts. This Court cannot, therefore, conduct the analysis required under Rule 201."). Defendants' Request must be denied.[5]

---

[4] Footnote 2 in Defendants' Motion is similarly flawed. Again, Defendants cite 46 specific pages from Exhibits 1-15 to support their argument that Disney issued various "warn[ings]" to investors during the class period. MJOP at 9 n.2. But the pages Defendants cite for Exhibits 2, 10-12, and 14-15 make **no** reference to the quotes for which Defendants cite them. *Compare* MJOP at 9:13-22, *with* Ex. 2 at 208, Ex. 10 at 1044, Ex. 11 at 1246, Ex. 12 at 1324, Ex. 14 at 1627, *and* Ex. 15 at 1723.

[5] If the Court notices these exhibits, they can be noticed only for their existence and not for the truth of any facts they contain. *See Gammel v. Hewlett-Packard Co.*, 2013 WL 1947525, at *3 (C.D. Cal. 2013).

### C.    Documents Referenced in the Complaint May Not Be Considered for Their Truth

Pursuant to the doctrine of incorporation by reference, Plaintiffs do not object to the Court's consideration of Exhibits 6-13, 17-22, and 24-26.  However, the Court cannot consider them for the truth of the matters asserted therein or to resolve factual disputes.  *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").  "[W]hat inferences a court may draw from an incorporated document should . . . be approached with caution." *Id.*; *see also In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. 2021) (considering extraneous exhibits "under the incorporation by reference doctrine, but not to the extent they are proffered to 'resolve factual disputes against the plaintiff's well-plead allegations in the complaint'").

## IV.    CONCLUSION

For the reasons stated herein, the Court should deny Defendants' request for judicial notice of Exhibits 1-29 and should not consider Exhibits 6-13, 17-22, and 24-26, for the truth of the matters asserted therein.

DATED: April 8, 2025                      Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
RYAN A. LLORENS
JESSICA T. SHINNEFIELD
JEFFREY J. STEIN
NICOLE Q. GILLILAND
JESSICA E. ROBERTSON


s/ Daniel S. Drosman
DANIEL S. DROSMAN

- 7 -

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 7 pages, which complies with the page limit set by the Court's Standing Order (ECF 13), dated May 19, 2023.

DATED:  April 8, 2025

s/ Daniel S. Drosman
DANIEL S. DROSMAN