JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1211 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8334

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, *et al.*,<br><br>                              Plaintiffs,<br><br>              v.<br><br>THE WALT DISNEY COMPANY, *et al.*,<br><br>                              Defendants. | Case No. 2:23-cv-03661-CBM(ASx)<br><br>**DISCOVERY MATTER**<br>**JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2 REGARDING DEFENDANTS' MOTION TO REINSTATE DISCOVERY STAY UNDER 15 U.S.C. § 78u–4(b)(3)(B)**<br><br><u>Filed Concurrently:</u><br>    Notice of Motion to Reinstate Discovery Stay Under 15 U.S.C. § 78u-(4)b)(3)(B)<br>    Proposed Order<br>Date:   May 13, 2025<br>Time:   10:00 a.m.<br>Ctrm:   540<br>Judge:  Hon. Alka Sagar<br>Discovery Cutoff: N/A<br>Pretrial Conference: N/A<br>Trial: N/A |

# TABLE OF CONTENTS

**Page**

I.    DEFENDANTS' STATEMENT ......................................................................... 1

A.    Background ......................................................................................... 1

B.    Argument ............................................................................................ 2

II.   PLAINTIFFS' STATEMENT .......................................................................... 6

A.    Background ......................................................................................... 6

B.    Argument ............................................................................................ 7

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aviles v. S&P Glob., Inc.*,
2020 WL 1689405 (S.D.N.Y. Apr. 6, 2020) ...................................................... 13

*Beezley v. Fenix Parts, Inc.*,
328 F.R.D. 198 (N.D. Ill. 2018) ............................................................... 6, 13

*Brown v. Kinross Gold U.S.A., Inc.*,
No. 2:02-cv-00605-KJD-RJJ (D. Nev. Sept. 23, 2003), ECF No. 66 ............... 4, 9

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012) ...................................................................... 2

*Gardner v. Major Auto. Cos.*,
No. 11-cv-1664 (FB), 2012 WL 1230135 (E.D.N.Y. Apr. 12, 2012)................ 4, 9

*In re AGS, Inc., Sec. Litig.*,
2024 WL 581124 (D. Nev. Feb. 12, 2024)........................................................ 12

*In re eHealth Inc. Sec. Litig.*,
2023 WL 3951178 (N.D. Cal. June 12, 2023) ........................................ 1, 3, 5, 10

*In re eHealth Inc. Sec. Litig.*,
No. 4:20-cv-02395-JST (N.D. Cal. Oct. 23, 2020), ECF 47............................... 10

*In re Facebook, Inc. Sec. Litig.*,
2025 WL 556282 (N.D. Cal. Feb. 19, 2025)................................................ 5, 6, 11

*In re LeapFrog Enter., Inc. Sec. Litig.*,
2017 WL 3263114 (N.D. Cal. July 28, 2017) .............................................. 6, 13

*In re PlayAGS, Inc. Sec. Litig.*,
No. 2:20-cv-01209-JCM-NJK (D. Nev. Mar. 23, 2023), ECF No. 123 .......... 4, 10

*In re Salomon Analyst Litig.*,
373 F. Supp. 2d 252 (S.D.N.Y. 2005) .............................................................. 13

*In re Signet Jewelers Ltd. Sec. Litig.*,
No. 1:16-cv-06728-CM, ECF 156 (S.D.N.Y. May 14, 2019)............................. 11

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

*In re Signet Jewelers Ltd. Sec. Litig.*,
    No. 1:16-cv-06728-CM-SDA (S.D.N.Y. May 14, 2019), ECF No. 156 ............... 5

*In re Toyota Motor Corp. Sec. Litig.*,
    2012 WL 3764903 (C.D. Cal. Feb. 21, 2012) ...................................................... 11

*Kennard v. Lamb Weston Holdings, Inc.*,
    2019 WL 4278940 (N.D. Cal. Sept. 10, 2019) .................................................... 13

*Kmiec v. Powerwave Techs., Inc.*,
    2014 WL 12567781 (C.D. Cal. Feb 11, 2014) .................................................... 13

*Lewis v. CIB Marine Bancshares, Inc.*,
    No. 2:05-cv-01008 (E.D. Wis. July 16, 2007), ECF No. 214 ............................. 10

*Lewis v. Straka*,
    2007 WL 2332421 (E.D. Wis. Aug. 13, 2007) ................................................. 5, 10

*Lian v. Tuya Inc.*,
    2024 WL 1932623 (S.D.N.Y. May 2, 2024) ...................................................... 3, 9

*Matrixx Initiatives, Inc. v. Siracusano*,
    563 U.S. 27 (2011) .............................................................................................. 12

*Medhekar v U.S. Dist. Ct.*,
    99 F.3d 325 (9th Cir. 1996) .................................................................................. 2

*MTR Gaming Grp., Inc. v. Arneault*,
    2015 WL 136563 (W.D. Pa. Jan. 9, 2015) .......................................................... 13

*Pampena v. Musk*,
    2024 WL 3678002 (N.D. Cal. Aug. 5, 2024) ...................................................... 3, 8

*Petrie v. Elec. Game Card, Inc.*,
    761 F.3d 959 (9th Cir. 2014) .............................................................. 2, 3, 5, 6, 7

*RSMCFH, LLC v. FareHarbor Holdings, Inc.*,
    2019 WL 13163792 (D. Haw. July 3, 2019) ...................................................... 5, 11

*SG Cowen Sec. Corp. v. U.S. Dist. Ct.*,
    189 F.3d 909 (9th Cir. 1999) ................................................................................ 2

*Shash v. Biogen Inc.*,
    2024 WL 1415842 (D. Mass. Apr. 2, 2024) ....................................................... 3, 8

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

*Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*,
  2022 U.S. Dist. LEXIS 116707 (W.D. Tenn. July 1, 2022).....................................8

*Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*,
  No. 20-cv-02553 (W.D. Tenn. July 1, 2022), ECF No. 83 ....................................4

*Texas Pac. Land Tr. v. Oliver*,
  No. 3:19-cv-1224 (N.D. Tex. June 25, 2019), ECF No. 42 ..............................4, 8

*Turner Ins. Agency, Inc. v. Farmland Partners Inc.*,
  2020 WL 10142458 (D. Colo. Dec. 8, 2020) ...................................................4, 9

*Turner Ins. Agency, Inc. v. Farmland Partners Inc.*,
  2020 WL 1627353 (D. Colo. Mar. 16, 2020)...................................................4, 9

*Weston Fam. P'ship LLLP v. Twitter, Inc.*,
  29 F.4th 611 (9th Cir. 2022).................................................................................12

*Wochos v. Tesla, Inc.*,
  985 F.3d 1180 (9th Cir. 2021) ..............................................................................12

**FEDERAL STATUTES AND REGULATIONS**

15 U.S.C. § 78u–4(b)(3)(B)...............................................................................2, 6

15 U.S.C. § 78u-5 ...........................................................................................2, 12

17 C.F.R. § 240.10b-5 (Rule 10b-5).................................................................1, 12

Private Securities Litigation Reform Act (PSLRA) ...............................1, 2, 11, 12

**RULES**

Federal Rule of Civil Procedure 12(b)(6).....................................................1, 3, 9, 13

Federal Rule of Civil Procedure 12(c)...............................................................*passim*

Federal Rule of Civil Procedure 26(f) ..........................................................................7

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

## I. DEFENDANTS' STATEMENT

In actions governed by the Private Securities Litigation Reform Act (PSLRA), discovery is automatically stayed while the Court determines whether to sustain the legal sufficiency of the complaint.  Defendants have filed a motion for judgment on the pleadings that triggers the PSLRA's discovery stay under well-established law. *See, e.g.*, *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023) ("a party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss").  Because Plaintiffs dispute that the stay applies, and have sought to begin discovery in violation of the PSLRA, Defendants respectfully seek an order confirming that the discovery stay is in effect.

### A. Background

This private securities class action is governed by the PSLRA.  On behalf of a putative class of purchasers of Disney stock, Plaintiffs allege that Disney and four senior officers violated Section 10(b) and Rule 10b-5 by misleading investors about the prospects of the Disney+ streaming service.  Plaintiffs seek damages based on certain declines in Disney's stock price in 2021, 2022, and 2023.

On December 21, 2023, Defendants filed a motion to dismiss the Corrected Consolidated Complaint under Federal Rule of Civil Procedure 12(b)(6).  *See* ECF No. 69.  On February 19, 2025, the Court granted in part and denied in part the motion to dismiss.  *See* ECF No. 111.

On March 6, 2025, Defendants advised Plaintiffs that they were going to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) pursuant to Local Rule 7-3.

On March 27, 2025, the Parties met and conferred concerning the schedule, including Defendants soon-to-be-filed Rule 12(c) motion and motion to reinstate the PSLRA discovery stay.

On March 28, 2025, Defendants filed their motion for judgment on the

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

pleadings under Rule 12(c).  *See* ECF No. 124.  In their motion for judgment on the pleadings, Defendants explain that the order resolving the motion to dismiss did not address all bases for dismissal, including the PSLRA's safe harbor for forward-looking statements.  *See* 15 U.S.C. § 78u-5(c).  Defendants' motion asks the Court to enter judgment dismissing the action.  The motion is set for hearing on April 29, 2025.

Despite Defendants' pending motion for judgment on the pleadings, Plaintiffs asserted on April 1, 2025 that the PSLRA's automatic discovery stay does not apply in these circumstances and the parties are free to pursue discovery.

**B.      Argument**

The PSLRA provides that "in any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."  15 U.S.C. § 78u–4(b)(3)(B).  The phrase "all discovery and other proceedings shall be stayed" means that "no litigant shall take any steps in pursuit of discovery."  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014); *see, e.g.*, *Medhekar v U.S. Dist. Ct.*, 99 F.3d 325, 328-29 (9th Cir. 1996) ("We hold that the initial disclosure requirements of [Rule] 26(a) and related local rules are 'discovery' or 'other proceedings' … and that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the Act.").

"The 'Stay of Discovery' provision of the [PSLRA] clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'"  *Petrie*, 761 F.3d at 966 (quoting *SG Cowen Sec. Corp. v. U.S. Dist. Ct.*, 189 F.3d 909, 911 (9th Cir. 1999)) (emphasis in original).

A motion for judgment on the pleadings triggers the PSLRA's discovery stay because, as the Ninth Circuit has explained, it is the "functional equivalent" of a motion to dismiss.  *Petrie*, 761 F.3d at 768 n.11; *see Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) ("Analysis under Rule 12(c) is 'substantially

identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"). In *Petrie*, the district court "ruled that a discovery stay arose automatically … pursuant to the PSLRA, when [a defendant] announced his intent to file a motion for judgment on the pleadings." *Id.* at 965. Because the issue was not squarely presented on appeal, the Ninth Circuit "assume[d]" without deciding that "the PSLRA discovery stay provision is triggered by a motion for judgment on the pleadings in the same manner it is triggered by a motion to dismiss." *Id.* at 768 n.11.

Ample district court decisions confirm what the Ninth Circuit assumed in *Petrie*: a motion for judgment on the pleadings triggers the PSLRA's discovery stay. Courts have overwhelmingly reached that conclusion:

- *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023) ("a party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss");

- *Pampena v. Musk*, 2024 WL 3678002, at *2, *4 (N.D. Cal. Aug. 5, 2024) (discovery stay was reinstated when motion for judgment on the pleadings was filed, and lifted when that motion was denied);

- *Lian v. Tuya Inc.*, 2024 WL 1932623, at *1-2 (S.D.N.Y. May 2, 2024) (disagreeing "that a Rule 12(c) motion following a Rule 12(b) motion is somehow different from other motions to dismiss" and confirming PSLRA's discovery stay);

- *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1-2 (D. Mass. Apr. 2, 2024) ("pursuant to [the] PSLRA, all discovery should be stayed during the pendency of the Motion for Judgment on the Pleadings" because "caselaw establishing that motions to dismiss and motions for judgment on the pleadings are functional equivalents is abundant");

- *In re PlayAGS, Inc. Sec. Litig.*, No. 2:20-cv-01209-JCM-NJK (D. Nev. Mar. 23, 2023), ECF No. 123, at 1 ("The Court has not been persuaded in this case to depart from the case law concluding that the PSLRA's automatic stay provision is triggered by the filing of a motion for judgment on the pleadings ….");

- *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 20-cv-02553 (W.D. Tenn. July 1, 2022), ECF No. 83, at 5 ("The Court holds that a stay of discovery and other proceedings is required while the parties finish briefing Defendants' motion for judgment on the pleadings and the Court makes its determination of the motion.");

- *Brown v. Kinross Gold U.S.A., Inc.*, No. 2:02-cv-00605-KJD-RJJ (D. Nev. Sept. 23, 2003), ECF No. 66 (granting stipulation to extend time to file opposition to motion for judgment on the pleadings, and extending PSLRA discovery stay accordingly);

- *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, 2020 WL 1627353, at *3 (D. Colo. Mar. 16, 2020), *report and recommendation adopted by* 2020 WL 10142458 (D. Colo. Dec. 8, 2020) (recounting that court "stayed further discovery" after filing motion for judgment on the pleadings upon "[f]inding that the PSLRA's automatic stay provision was mandatory");

- *Texas Pac. Land Tr. v. Oliver*, No. 3:19-cv-1224 (N.D. Tex. June 25, 2019), ECF No. 42, at 2 ("Based on the available authority and the rationale behind the PSLRA, the Court finds that the automatic discovery stay applies" while motion for judgment on the pleadings was pending);

- *Gardner v. Major Auto. Cos.*, No. 11-cv-1664 (FB), 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012) ("[A] Rule 12(c) motion is a

-4-

'motion to dismiss' within the meaning of the PSLRA automatic stay provision, and … therefore the stay is triggered by defendants' Rule 12(c) motion.");

- *Lewis v. Straka*, 2007 WL 2332421, at *4 (E.D. Wis. Aug. 13, 2007) ("[T]here is yet another motion for judgment on the pleadings pending, which is not fully briefed.  The [PSLRA] stay on discovery will remain in place until such motion is resolved").

Because Defendants' motion for judgment on the pleadings is the functional equivalent of a motion to dismiss, the PSLRA's discovery stay automatically is in effect.  *See, e.g.*, *eHealth*, 2023 WL 3951178, at *3.  That the motion for judgment on the pleadings follows a motion to dismiss that was granted in part makes no difference.  *See Petrie*, 761 F.3d at 968 ("When an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any discovery."); *see also, e.g.*, *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 2019 WL 13163792, at *1-2 (D. Haw. July 3, 2019) (staying all discovery, even on state-law contract claims, in PSLRA action where motion to dismiss had been partially granted and partially denied upon the filing of a later motion to dismiss that did not involve this state-law claim).

Courts have deviated from the consensus described above only in cases of excessive delay or motions for reconsideration—none of which exist here.  *See In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *6-7 (N.D. Cal. Feb. 19, 2025) (where nearly seven-year-old case had been before Ninth Circuit and Supreme Court, barring defendants from filing a fourth motion to dismiss and stating that while motion for judgment on the pleadings could be filed, discovery would begin); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM-SDA (S.D.N.Y. May 14, 2019), ECF No. 156 (declining to extend discovery stay pending motion for judgment on the pleadings upon finding that defendant delayed in bringing motion);

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

*see also In re LeapFrog Enter., Inc. Sec. Litig.*, 2017 WL 3263114, at *1 (N.D. Cal. July 28, 2017) ("[a] defendant could file repeated motions for leave to file a motion to reconsider or motions for reconsideration and prolong the PSLRA discovery stay"); *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202 (N.D. Ill. 2018) (no stay pending motion for reconsideration). Unlike *Facebook*, this case has not spent nearly seven years at the pleading stage—and far from delaying, Defendants filed their motion for judgment on the pleadings 37 days after the Court's order on the motion to dismiss. Nor have Plaintiffs attempted to show "that particularized discovery is necessary to preserve evidence" or "to prevent undue prejudice." 15 U.S.C. § 78u–4(b)(3)(B).

The Court should enter an order confirming that the PSLRA's discovery stay remains in effect during the pendency of Defendants' motion for judgment on the pleadings.

## II. PLAINTIFFS' STATEMENT

Defendants' latest maneuver – a Rule 12(c) motion recycling arguments this Court already rejected – is a transparent attempt to evade discovery and does not reinstate the PSLRA stay. The PSLRA stay served its purpose: protecting defendants from discovery burdens before a court sustains a complaint's legal sufficiency. *In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025). That purpose was fulfilled on February 19, 2025, when this Court, after extensive briefing and argument on Defendants' motion to dismiss, validated the core of Plaintiffs' securities fraud claims. ECF 111. The stay was lifted; discovery should commence. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) (holding that the discovery stay lifts once "the court has sustained the legal sufficiency of a complaint").

### A. Background

On February 19, 2025, nearly two years after Plaintiffs filed their initial complaint in this matter, the Court issued an Order upholding a majority of

Plaintiffs' claims, which automatically lifted the discovery stay. On March 12, 2025, Plaintiffs sent a draft Rule 26(f) report to Defendants that outlined Plaintiffs' position on the matters contained therein, and sought Defendants' availability to meet and confer regarding the Rule 26(f) report. On March 23, 2025, the Court issued an Order setting a scheduling conference and reminding the parties "of their obligations to disclose information and confer on a discovery plan." ECF 123. Rather than confer about the discovery plan as the Court directed, on March 28, 2025, Defendants filed a Rule 12(c) motion for judgment on the pleadings and claimed that discovery is stayed until the Court resolves their motion.

But Defendants' Rule 12(c) motion is nothing more than an untimely, improper, and unmeritorious motion for reconsideration. Indeed, Defendants concede that their Rule 12(c) motion asks the Court to reconsider the motion to dismiss order. *See* ECF 124-1 at 1. Defendants' Rule 12(c) motion includes no new facts or changed law, and Defendants cannot avoid the fact that the Court has sustained the legal sufficiency of the Corrected Consolidated Complaint for Violations of the Federal Securities Laws (ECF 68) (the "Complaint").

## B.  Argument

Facing the prospect of discovery after this Court sustained Plaintiffs' Complaint, Defendants now improperly seek a "do-over" disguised as a Rule 12(c) motion and pretend that this improper motion somehow mandates a reprieve from discovery. This motion is nothing but an untimely and illegitimate bid for reconsideration. *See* 136 at 2-8. Defendants' de facto motion for reconsideration does not trigger the discovery stay. Further, Defendants have provided no controlling authority requiring the Court to reinstate the PSLRA discovery stay during the pendency of their Rule 12(c) motion.[1] Indeed, as Defendants concede,

---

[1]  Defendants' reliance on *Petrie* is misplaced. The *Petrie* court acknowledged that it assumed – but did not decide – that the PSLRA discovery stay was triggered by a motion for judgment on the pleadings merely because the parties did not distinguish between a motion to dismiss and a motion for judgment on the pleadings. *Petrie*, 761 F.3d at 968 n.11.

there is no Ninth Circuit precedent supporting their claim that filing a Rule 12(c) motion reinstates the PSLRA discovery stay. Likewise, the district court cases Defendants cite – the majority outside the Ninth Circuit – are inapplicable:

- Unlike in this case, in *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 2022 U.S. Dist. LEXIS 116707 (W.D. Tenn. July 1, 2022), the defendants' Rule 12(c) motion sought judgment as a matter of law on scheme liability, which was not raised, much less addressed, on the motion to dismiss. *Id.* at *3-*4. Moreover, the *Teamster*s court did not hold that a Rule 12(c) motion required the application of the PSLRA's automatic stay; rather the court decided, as an exercise of discretion, to stay discovery. *Id.* at *9.

- In *Tex. Pac. Land Tr. v. Oliver*, No. 3:19-cv-01224, ECF 42 (N.D. Tex. June 25, 2019), the defendants never filed a motion to dismiss; therefore, unlike here, that the motion for judgment on the pleadings was **the first opportunity** for the court to rule on the legal sufficiency of the complaint. *See* Amended Complaint, *Tex. Pac. Land Tr. v. Oliver*, No. 3:19-cv-01224 (N.D. Tex. May 22, 2019), ECF 15; Answer, *Tex. Pac. Land Tr. v. Oliver*, No. 3:19-cv-01224 (N.D. Tex. May 28, 2019), ECF 17; Motion for Judgment on the Pleadings, *Tex. Pac. Land Tr. v. Oliver*, No. 3:19-cv-01224 (N.D. Tex. June 17, 2019), ECF 19.

- In *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1 (D. Mass. Apr. 2, 2024), the court "suggested" that the defendants file a Rule 12(c) motion to raise an issue "not addressed by the First Circuit."

- In *Pampena v. Musk*, 2024 WL 3678002, at *4 (N.D. Cal. Aug. 5, 2024), the court denied defendants' Rule 12(c) motion, thereby mooting the defendants' motion to stay. So too should the Court here swiftly deny Defendants' improper and meritless Rule 12(c) motion, and reject Defendants' attempts to further delay discovery.

-8-

- In *Lian v. Tuya Inc.*, 2024 WL 1932623 (S.D.N.Y. May 2, 2024), "the pending 12(c) motion 'advance[d] legal arguments that the Court had not considered when ruling on the prior-filed motion to dismiss.'" *Id.* at *2. Therefore, unlike here, that Rule 12(c) motion was ""'neither frivolous nor advanced solely to delay the proceedings.""'" *Id.* (citations omitted).

- In *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *2 (E.D.N.Y. Apr. 12, 2012), unlike here, the court had not yet sustained the complaint's sufficiency because the defendants filed their Rule 12(c) and Rule 12(b)(6) motions simultaneously.

- In *Brown v. Kinross Gold USA, Inc.*, No. 2:02-cv-00605-KJD-RJJ, ECF 66 (D. Nev. Sept. 23, 2003), unlike here, the court had not yet sustained the sufficiency of the complaint because "[n]o defendant filed a motion to dismiss the Complaint." Opposition to Motion for Judgment on the Pleadings at 1, *Brown v. Kinross Gold USA, Inc.*, No. 2:02-cv-00605-KJD-RJJ (D. Nev. Jan. 17, 2003), ECF 55.

- In *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, 2020 WL 10142458, at *1 (D. Colo. Dec. 8, 2020), the plaintiff filed a motion to amend the complaint because the named plaintiff was voluntarily dismissed from the case. Defendants filed a Rule 12(c) motion arguing that the named plaintiff's voluntary dismissal removed standing for some of the claims in the operative complaint. *See Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, 2020 WL 1627353, at *2 (D. Colo. Mar. 16, 2020). Thus, unlike here, the sufficiency of the operative complaint was still at issue.

- *Lewis v. Straka*, 2007 WL 2332421 (E.D. Wis. Aug. 13, 2007), is an out of circuit case concerning an auditor's motion to dismiss. *Id.* at *1. Without any analysis or explanation, the court noted that there were

other judgments on the pleading filed and a discovery stay would remain in place pending their resolution. *Id.* at *4. At least one of the motions for judgment on the pleadings concerned a change in controlling law – the Supreme Court's *Tellabs* decision. Motion for Judgment on the Pleadings, *Lewis v. CIB Marine Bancshares, Inc.*, No. 2:05-cv-01008 (E.D. Wis. July 16, 2007), ECF 214.

- In *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178 (N.D. Cal. June 12, 2023), after the court entered its motion to dismiss order, the original lead plaintiff died, the court appointed a new lead plaintiff, and the lead plaintiff moved to supplement the complaint. *Id.* at *1. Also, unlike here, defendants' motion for judgment on the pleadings presented new loss causation arguments the court had not previously considered. *Compare* Motion to Dismiss, *In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-02395-JST (N.D. Cal. Oct. 23, 2020), ECF 47, *with* Motion for Judgment on the Pleadings, *In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-02395-JST (N.D. Cal. Dec. 22, 2022), ECF 117.

- In *In re PlayAGS, Inc. Sec. Litig.*, No. 2:20-cv-01209-JCM-NJK (D. Nev.), the defendants' Rule 12(c) motion addressed the plaintiff's scheme claim, which "had not been adequately briefed." Motion for Judgment on the Pleadings at 5, *In re PlayAGS, Inc. Sec. Litig.*, No. 2:20-cv-01209-JCM-NJK (D. Nev. Jan. 17, 2023), ECF 99. Thus, unlike here, the court had not yet determined the sufficiency of the plaintiff's scheme claim.

- In *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 2019 WL 13163792, at *1 (D. Haw. July 3, 2019), the court had not ruled on the sufficiency of the operative complaint when it extended the discovery stay.

In contrast to Defendants' inapposite cases, district courts in the Ninth Circuit have declined to invoke the PSLRA discovery stay during the pendency of a Rule

-10-

12(c) motion. *See, e.g., Facebook*, 2025 WL 556282, at *1 ("By its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c)."). District courts in other circuits have also refused to apply the PSLRA discovery stay when a Rule 12(c) motion is filed. *See, e.g., In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM, ECF 156 at 1 (S.D.N.Y. May 14, 2019) ("There will be no stay pending adjudication of the recently filed Rule 12(c) motion or for any other reason.").

Here, the Court has already sustained the sufficiency of the Complaint, holding that Plaintiffs sufficiently alleged actionable misstatements, scienter, loss causation, scheme liability, Robert Iger's insider trading, Christine M. McCarthy's §20A contemporaneous trading, and §20(a) control person liability. ECF 111. Accordingly, because Plaintiffs have demonstrated that their claims are not "frivolous" and that discovery would not "act as a fishing expedition to salvage a deficient complaint," the PSLRA stay has been lifted and should remain so. *See Facebook*, 2025 WL 556282, at *1.

Moreover, Defendants' Rule 12(c) motion is actually a thinly-veiled request for reconsideration, to which the PSLRA's discovery stay does not apply. The very first paragraph of Defendants' Rule 12(c) motion criticizes the Court's motion to dismiss holding and asks it to reach a different outcome. ECF 124-1 at 1. Courts view such motions as "untimely request[s] for reconsideration rather than an independent motion for judgment on the pleadings that raises new issues." *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3764903, at *1 (C.D. Cal. Feb. 21, 2012).

Nor do Defendants attempt to meet the stringent requirements for reconsideration – new facts, new law, or an erroneous decision. *See* ECF 136 at 2-8. Instead, Defendants rehash the exact same arguments the Court already rejected:

| Argument in 12(c) Motion | Argument in 12(b)(6) Motion |
|---|---|
| "But at bottom, the Complaint faults Defendants for failing to predict the future." ECF 124-1 at 1. | "Plaintiffs fault Defendants for not predicting the future . . . ." ECF 85 at 8 n.5. |

-11-

| Argument in 12(c) Motion | Argument in 12(b)(6) Motion |
|---|---|
| "'[E]ven if a statement would otherwise be actionable under [Section 10(b)], the PSLRA carves out a "safe harbor for forward-looking statements" by adding § 21E to the Securities Exchange Act . . . .   This safe harbor "is designed to protect companies and their officials" when they merely fall short of their "optimistic projections.'"  *Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1189 (9th Cir. 2021) . . . ." ECF 124-1 at 5. | "Even if a statement would otherwise be actionable, the PSLRA provides a safe harbor for forward-looking statements.  15 U.S. Code § 78u-5.  It 'is designed to protect companies and their officials when they merely fall short of their optimistic projections.'  *Gregory Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1189 (9th Cir. 2021)."  ECF 69-1 at 22. |
| "Disney directed investors to SEC filings that 'identif[ied] important factors that could cause actual results to differ materially from those in the forward-looking statement[s].'"  ECF 124-1 at 10 (citation omitted). | "Disney also directed investors to its SEC filings containing detailed cautionary language that 'identif[ied] important factors that could cause actual results to differ materially from those in the forward-looking statement[s]'."  ECF 69-1 at 24 (citation omitted). |
| "But 'Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information.'"  *Twitter*, 29 F.4th at 620 (quoting *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011))."  ECF 124-1 at 13. | "'Section 10(b) and Rule 10b-5 "do not create an affirmative duty to disclose any and all material information'''.  *Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 620 (9th Cir. 2022) (quoting *Matrixx*, 563 U.S. at 44)."  ECF 69-1 at 18-19. |
| "Courts routinely reject scheme claims that rely on non-actionable misstatements.  *See, e.g., In re AGS, Inc., Sec. Litig.*, 2024 WL 581124, at *5 (D. Nev. Feb. 12, 2024) (finding scheme theory 'irrelevant' and granting Rule 12(c) motion dismissing claim where, as here, plaintiff 'pleaded only a single cause of action under rule 10b-5' and the alleged scheme was 'based on the same alleged set of facts as its misrepresentation claim') . . . ." ECF 124-1 at 18. | "Courts routinely dismiss scheme claims that – as here – merely challenge statements that are not false or misleading. *See In re AGS, Inc., Sec. Litig.*, 2024 WL 581124, at *4 (D. Nev. Feb. 12, 2024) (dismissing scheme claim where not 'independent of [plaintiffs' unsuccessful] misrepresentation claim') . . . ."  ECF 85 at 3. |

Courts routinely treat Rule 12(c) motions that simply rehash arguments as improper motions for reconsideration.  *See, e.g., Kmiec v. Powerwave Techs., Inc.*, 2014 WL 12567781, at *2 n.2 (C.D. Cal. Feb 11, 2014) (denying Rule 12(c) motion and treating it as motion for reconsideration where the defendants repeated the same arguments in their Rule 12(b)(6) motion); *MTR Gaming Grp., Inc. v. Arneault*, 2015

-12-

WL 136563, at *7, *9 (W.D. Pa. Jan. 9, 2015) (denying Rule 12(c) motion because it was based on "virtually all of the same arguments" and "essentially the same record" as previous Rule 12(b)(6) motion, making it "functionally akin to a motion for reconsideration"); *Aviles v. S&P Glob., Inc.*, 2020 WL 1689405, at *3 (S.D.N.Y. Apr. 6, 2020) (denying defendants' Rule 12(c) motion where "Defendants now seek, in essence, reconsideration" of their "already-denied Rule 12(b)(6) motion to dismiss" and declining their "request for a second bite at the apple"); *Kennard v. Lamb Weston Holdings, Inc.*, 2019 WL 4278940, at *2 (N.D. Cal. Sept. 10, 2019) (denying Rule 12(c) motion as "essentially a motion for reconsideration of the Court's order granting in part and denying in part defendant's motion to dismiss the SAC").

Crucially, such improper requests for reconsideration do not trigger or reinstate the PSLRA's automatic stay. Allowing Defendants to indefinitely stall discovery merely by filing repetitive motions would permit precisely the dangers the PSLRA sought to avoid, inviting "the risk of delay and abuse." *See, e.g.*, *In re Leapfrog Enters., Inc. Sec. Litig.*, 2017 WL 3263114, at *1 (N.D. Cal. July 28, 2017) ("The Court is not persuaded by Defendants' contention that the filing of their motion for leave to file a motion to reconsider reinstated the PSLRA discovery stay."); *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 201 (N.D. Ill. 2018) (denying defendants' request for a stay of all discovery pending resolution of defendants' motion for reconsideration because a motion for reconsideration "doesn't exactly fit into the category of 'any motion to dismiss'") (citation omitted); *In re Salomon Analyst Litig.*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005) ("To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse.").

Defendants have already enjoyed the benefit of a nearly two year discovery stay. Enough is enough. Further delay to allow Defendants to relitigate failed arguments unfairly prejudices Plaintiffs and thwarts justice, as evidence grows stale

and memories fade.  The Court should deny Defendants' ploy to delay discovery any further.

Dated: April 11, 2025                    WHITE & CASE LLP


                                          /s/ Jonathan D. Polkes
                                         JONATHAN D. POLKES (*pro hac vice*)
                                         STACY NETTLETON (*pro hac vice*)
                                         ADAM B. BANKS (*pro hac vice*)
                                         SUSAN L. GRACE (*pro hac vice*)
                                         1221 Avenue of the Americas
                                         New York, NY 10020
                                         Telephone: (212) 819-8200
                                         jonathan.polkes@whitecase.com
                                         stacy.nettleton@whitecase.com
                                         adam.banks@whitecase.com
                                         susan.grace@whitecase.com


                                          /s/ John W. Spiegel
                                         MUNGER, TOLLES & OLSON LLP
                                         JOHN W. SPIEGEL
                                         JOHN M. GILDERSLEEVE
                                         350 South Grand Avenue, 50th Floor
                                         Los Angeles, CA  90071
                                         Telephone:  213/683-9100
                                         213/687-3702 (fax)
                                         john.spiegel@mto.com
                                         john.gildersleeve@mto.com

                                         Counsel for Defendants The Walt Disney Company, Robert Iger, Robert Chapek, Christine M. McCarthy and Kareem Daniel

Dated: April 11, 2025                    ROBBINS GELLER
                                         RUDMAN & DOWD LLP


                                          /s/ Daniel S. Drosman
                                         DANIEL S. DROSMAN
                                         RYAN A. LLORENS

JOINT STIPULATION PURSUANT TO LOCAL RULE 37-2

JESSICA T. SHINNEFIELD
JEFFREY J. STEIN
NICOLE Q. GILLILAND
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff


**FILER'S ATTESTATION**

I, John W. Spiegel, hereby attest, pursuant to Local Civil Rule 5-4.3.4, that all of the above signatories concur in the content of this Joint Stipulation Regarding Defendants' Motion to Reinstate Discovery Stay Under 15 U.S.C. § 78u–4(b)(3)(B) and have authorized its filing.


Dated: April 11, 2025

        /s/ John W. Spiegel
        JOHN W. SPIEGEL

-15-