JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-03661-CBM(ASx)<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF INCORPORATED DOCUMENTS**<br><br>Date:  April 29, 2025<br>Time:  10:00 AM<br>Ctrm:  8D<br>Judge:  Hon. Consuelo B. Marshall |

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
880 F. Supp. 2d 1045 (N.D. Cal. 2012)....................................................................2, 6

*Dreiling v. Am. Exp. Co.*,
458 F.3d 942 (9th Cir. 2006) ..................................................................................... 3

*Ferris v. Wynn Resorts*,
No. 2:18-cv-00479-APG-DJA (D. Nev. 2021) ......................................................... 4

*Forsyth v. HP Inc.*, 2021
WL 1391501 (N.D. Cal. Apr. 13, 2021)..................................................................... 3

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir. 1999) ..................................................................................2, 3

*In re Cutera Sec. Litig.*,
610 F.3d 1103 (9th Cir. 2010) .................................................................................... 2

*In re eHealth, Inc. Sec. Litig.*,
2023 WL 6390593 (N.D. Cal. Sept. 28, 2023),.......................................................... 1

*In re Green Dot Corp. Sec. Litig.*,
2024 WL 1356253 (C.D. Cal. 2024) .......................................................................... 4

*In re Pixar Sec. Litig.*,
450 F. Supp. 2d 1096 (N.D. Cal. 2006)....................................................................... 1

*In re Sentinelone, Inc. Sec. Litig.*,
2024 WL 3297150 (N.D. Cal. July 2, 2024) ............................................................... 3

*In re Splunk Inc. Sec. Litig.*,
592 F. Supp. 3d 919 (N.D. Cal. 2022)......................................................................... 3

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018) ..................................................................................1, 5

*Krantz v. Regeneron Pharmaceuticals, Inc.*,
2024 WL 1792769 (C.D. Cal. Apr. 24, 2024)............................................................. 6

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ...................................................................... 5

*Mills v. Molina Healthcare, Inc.*,
   No. 2:22-cv-01813-SB-GJS (C.D. Cal. 2022)
   ................................................................................................................ 3, 4

*Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*,
   50 F. Supp. 3d 1328 (C.D. Cal. 2014) ....................................................... 6

*SEC v. LFS Funding Ltd. P'ship.*,
   2023 WL 3035350 (C.D. Cal. Apr. 7, 2023) ............................................. 1

*Steckman v. Hart Brewing Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ................................................................... 6

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ..................................................................... 6

*Waterford Twp. Police v. Mattel, Inc.*,
   321 F. Supp. 3d 1133 (C.D. Cal. 2018) ..................................................... 3

*Wochos v. Tesla, Inc.*,
   2018 WL 4076437 (N.D. Cal. Aug. 27, 2018) ........................................... 3

**RULES**

Rule 12(b)(6) ................................................................................................... 5

Rule 12(c) ............................................................................................... passim

## I.     INTRODUCTION

In connection with their Motion for Judgment on the Pleadings, Defendants filed a routine Request for Judicial Notice ("RJN") of certain documents that are (a) incorporated by reference in the Complaint, or (b) public SEC filings of which courts regularly take judicial notice. Such requests are standard in connection with motions to dismiss securities actions, and are routinely granted—they are equally permissible in connection with a motion brought under Rule 12(c). *See, e.g. SEC v. LFS Funding Ltd. P'ship*, 2023 WL 3035350, at *1 (C.D. Cal. Apr. 7, 2023) (granting judicial notice of SEC filings and other publicly-available materials in connection with Rule 12(c) motion); *In re eHealth, Inc. Sec. Litig.*, 2023 WL 6390593, at *3 (N.D. Cal. Sept. 28, 2023) (same).  Significantly, Defendants sought judicial notice of all these materials (with the exception of one document) in support of their motion to dismiss; Plaintiffs expressly did not oppose that request. *See* Pls.' Opp. to Defs.' Mot. to Dismiss Consolidated Compl. at 9 n.2 [ECF No. 80] ("MTD Opp."). Plaintiffs now belatedly challenge the Court's consideration of these materials at this stage, but there is no sound basis for their opposition. Defendants' request should be granted.

## II.     ARGUMENT

### A.     Exhibit 27 Is Judicially Noticeable

Plaintiffs object to Defendants' request for judicial notice of Exhibit 27, the transcript of a Disney earnings call on August 7, 2024. Importantly, Plaintiffs do not question the accuracy of what Exhibit 27 says—that Disney's overall streaming business was profitable by the third quarter of 2024. In fact, they rely on the truth of the statements in Exhibit 27 to challenge Defendants' arguments on the Rule 12(c) motion. *See* Opp. RJN at 4; MJOP Opp. at 13 (arguing that Exhibit 27 only shows profitability for Disney's combined streaming businesses). Plaintiffs quibble with how Defendants characterized the exhibit; but that dispute does not undermine the case for taking judicial notice of the statements in the document themselves, as

-1-

courts regularly do. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("An investor call transcript . . . generally qualifies as a 'source[] whose accuracy cannot reasonably be questioned." (internal citations omitted)); *see also In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1110 (N.D. Cal. 2006) (taking judicial notice of conference call transcripts in securities fraud actions); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (granting judicial notice to publicly available articles or other news releases of which the market was aware).

The implication and weight of the statements in Exhibit 27, and how they impact Defendants' Motion, is for the Court to decide. The statements in Exhibit 27 include discussions of Disney+ in connection with Disney obtaining profitability in its streaming business. *See* Ex. 27 at 2181. It is Defendants' contention that these statements undermine the Plaintiffs' allegations that the predictions made by Defendants were fraudulent, and therefore that Plaintiffs have not plausibly pled their claims under the PSLRA. *See In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (Plaintiffs must "plead facts sufficient to plausibly articulate 'with particularity the circumstances constituting fraud.'" (citing Fed. R. Civ. P. 9(b)). But that is a question for the merits of the Rule 12(c) motion—not this request for judicial notice.

## B.   Defendants' Remaining Exhibits Are Judicially Noticeable

Statements contained in Defendants' remaining exhibits also warrant judicial notice. The remaining exhibits are all SEC filings and transcripts of earnings calls. As stated in their request, Defendants seek judicial notice of the fact that Defendants issued certain cautionary statements and disclosed other information on the respective dates of the filings and earnings calls. *See* RJN at 4 (requesting that the Court "take judicial notice of the undisputed adjudicative fact that statements in these documents were conveyed to the market on the respective dates"). Courts routinely take judicial notice of such facts. *See, e.g., City of Royal Oak Ret. Sys. v.*

-2-

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

*Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059-60 (N.D. Cal. 2012) (granting defendants' request for judicial notice where defendants specified that these exhibits were introduced to show they contained safe harbor warnings and to demonstrate what information was disclosed to the public on what dates). This is because, as courts have held, SEC filings "are not subject to reasonable dispute, and the 'accuracy' of these public documents 'cannot reasonably be questioned.'" *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *3 (N.D. Cal. July 2, 2024) (citing *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018)); *see also Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006). Similarly, courts routinely find that investor calls and press releases "are not subject to reasonable dispute and can be accurately and readily determined through public websites." *In re Sentinelone*, 2024 WL 3297150, at *3; *see also In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929 (N.D. Cal. 2022); *Forsyth v. HP Inc.*, 2021 WL 1391501, at *4-5 (N.D. Cal. Apr. 13, 2021); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

Although Plaintiffs now challenge Defendants' request for judicial notice of these facts, they previously expressly declined to challenge an identical request in connection with Defendants' motion to dismiss. *See* MTD Opp. at 9 n.2 ("Plaintiffs do not oppose Defendants' request for judicial notice of the specific adjudicative fact Defendants requested—that statements in [Exhibits 1-57] were conveyed to the market on the respective dates.") (internal quotations omitted). This same request was made in the RJN currently before the Court.

On this Motion, however, Plaintiffs now suggest judicial notice is improper because "Defendants effectively invite the Court to guess the facts from these exhibits for which they seek judicial notice." Opp. RJN at 6. This contention is simply wrong; Defendants' motion papers make clear exactly the pertinent facts for which judicial notice is requested. In particular, the Rule 12(c) Motion itself

-3-

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

provided pin cite page references for each exhibit cited, guiding the parties and the Court to the relevant disclosures and their application to Defendants' arguments.[1] For example, in the Rule 12(c) Motion, Defendants argued that "Disney warned investors that its DTC strategy presented significant risks to Disney's profitability." *See* Mot. at 8-9. In support of that argument, Defendants cited Exhibit 1, Disney's 2019 Form 10-K filed with the SEC, which states that Disney "expect[ed] to forgo revenue from traditional sources" and that Disney "anticipate[d] an increase in programming and production investments to create exclusive content for Disney+," giving the specific page references from the Form 10-K the Motion quoted. *See* Mot. at 9 n.1 (citing Ex. 1 at 23-26, 55).

Plaintiffs lodge a specific set of objections to Exhibits 10, 11, 12 and 14, which are all Form 10-Qs. Defendants seek judicial notice of statements in these exhibits to demonstrate what information was disclosed to the public and when the disclosures were made. Plaintiffs argue that those exhibits are not judicially noticeable because the Form 10-Qs supposedly "make no reference to the quoted 'warn[ings]' for which Defendants cite them." Opp. RJN at 5-6. But Plaintiffs' argument fails on its face. Each of the challenged 10-Qs, at the specific pin cites identified in the Motion, refers investors to risk disclosures that appear in earlier SEC filings, indicating that there have been no material changes. Thus, for example, Defendants' Exhibit 10—Disney's first quarter 2022 Form 10-Q—directs interested parties to consult Disney's 2021 Form 10-K for a further list of "[r]isk factors," and provides that "[t]here have been no material changes in [Disney's] risk factors from

---

[1] The cases Plaintiffs cite are inapposite. In *Mills v. Molina Healthcare, Inc.*, the request for judicial notice at issue provided no justification for notice of the documents besides the fact that the complaint "necessarily relie[d]" on the facts within. *See* Request for Judicial Notice at 4-5, *Mills v. Molina Healthcare, Inc.*, No. 2:22-cv-01813-SB-GJS (C.D. Cal. 2022) [ECF No. 112]. In *Ferris v. Wynn Resorts*, the request for judicial notice contained no specific facts and simply stated that public documents such as SEC filings and earnings call transcripts were routinely subject to judicial notice. *See* Request for Judicial Notice at 3-5, *Ferris v. Wynn Resorts*, No. 2:18-cv-00479-APG-DJA (D. Nev. 2021) [ECF No. 131]; *see also* Request for Judicial Notice, *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253 (C.D. Cal. 2024) [ECF No. 86-1] (same).

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

those disclosed in [Disney's] 2021 Annual Report on Form 10-K." *See* Ex. 10 at 1044; *see also* Ex. 11 at 1246 (same); Ex. 12 at 1324 (same); Ex. 14 at 1627 (including the same language but directing readers to the 2022 Annual Report on Form 10-K). Defendants properly cited the Form 10-Qs (again giving specific pin cites, along with the referenced 10-Ks[2]), to show that the same risk disclosures that Disney had previously given were reiterated in each filing. *See* Mot. 9 at n.1. There is nothing unusual or unwarranted about asking the Court to take judicial notice of those facts.

In any event, as discussed immediately below, Exhibits 10, 11 and 12 are incorporated by reference into the Complaint (*see* CC ¶¶ 272, 273, 274), and therefore fair game for the Court to consider on this Rule 12(c) motion, regardless of judicial notice formalities. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (holding "[a] court may consider evidence on which the complaint 'necessarily relies,'" including where "the complaint refers to the document"). As Plaintiffs concede, they "do not object to the Court's consideration" of each of the documents incorporated by reference. Opp. RJN at 7. Accordingly, Plaintiffs' manufactured dispute about these exhibits is largely academic.

### C.   Plaintiffs Concede That Documents Referenced in the Complaint May Be Considered

Plaintiffs agree that Exhibits 6-12, 17-22, and 24-26, which are incorporated by reference into the Complaint, may be considered. Opp. RJN at 7. They argue, however, that the Court may not consider these exhibits for the truth of the matters asserted or to resolve factual disputes. This misstates the law, and misstates the purpose for which Defendants are requesting notice of these exhibits.

The law is clear that documents incorporated into a complaint can be assumed to be true. *See Khoja,* 899 F.3d at 1003 ("We have stated that, unlike judicial notice,

---

[2] *See* Ex. 9, 2021 10-K (11/24/2021) at 882-87; Ex. 13, 2022 10-K (11/29/22) at 1419-22.

-5-

a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." (citing *Marder v. Lopez*, 450 F.3d at 448)); *see also City of Royal Oak*, 880 F. Supp. 2d at 1059; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Regardless, Defendants are not seeking notice of these exhibits to resolve any factual disputes about the information contained within them. Rather, Defendants are submitting these exhibits to demonstrate what disclosures were made to investors and when. *See Krantz v. Regeneron Pharmaceuticals, Inc.*, 2024 WL 1792769, at *4 (C.D. Cal. Apr. 24, 2024) (noting that the Court would take judicial notice of the fact that documents were available to the public). To the extent the documents contradict Plaintiffs' allegations about what disclosures were made, the Court can certainly consider them. *See Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1348 (C.D. Cal. 2014) (stating that "the court is 'not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.'" (citing *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998)).

## III.   CONCLUSION

For the foregoing reasons, this Court should grant Defendants' request for judicial notice of Exhibits 1-29.

Dated:  April 15, 2025

Respectfully submitted,

WHITE & CASE LLP
MUNGER, TOLLES & OLSON LLP

By:   _/s/ John W. Spiegel_
      JOHN W. SPIEGEL

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE