ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIEL S. DROSMAN (200643)
RYAN A. LLORENS (225196)
JESSICA T. SHINNEFIELD (234432)
JEFFREY J. STEIN (265268)
NICOLE Q. GILLILAND (335132)
JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated, | Case No. 2:23-cv-03661-CBM (ASx) |
| Plaintiff, | CLASS ACTION |
| vs. | PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO REINSTATE DISCOVERY STAY |
| THE WALT DISNEY COMPANY, et al., | |
| Defendants. | |

4902-0455-5586.v3

## I. INTRODUCTION

Pursuant to Local Rule 37-2.3, Plaintiffs submit this supplemental memorandum in opposition to Defendants' Motion to Reinstate Discovery Stay (ECF 139) ("Motion to Stay"). This filing responds to Defendants' Reply Brief in Support of Defendants' Motion for Judgment on the Pleadings (ECF 141) ("MJOP Reply"), a submission whose conspicuous omissions fatally undercut the sole premise of their stay request.

Defendants seek to halt discovery based on their pending Motion for Judgment on the Pleadings (ECF 124) ("MJOP"). But their MJOP Reply inadvertently reveals why that stay must be denied: Defendants fail to contest key arguments made in Plaintiffs' Opposition to Defendants' Motion for Judgment on the Pleadings (ECF 136) ("Opposition" or "Opp."), effectively conceding that their MJOP is nothing more than a procedural do-over – an improper attempt to repackage arguments that Judge Marshall already rejected in denying their Motion to Dismiss Consolidation Complaint (ECF 69) ("MTD"). Their silence on these dispositive issues confirms what was already apparent: the MJOP is meritless, and so too is the Motion to Stay.

Moreover, Defendants' request to stay discovery would significantly prejudice Plaintiffs. Critical documents remain outstanding, and further delay increases the risk of faded witness memories, spoliation, and tactical advantage to Defendants. The equities strongly disfavor any further pause.

## II. ARGUMENT

The sole justification for Defendants' Motion to Stay is their MJOP. But the MJOP is substantively indistinguishable from their failed MTD. It advances no new facts, no change in controlling law, and no new legal arguments. It simply regurgitates the arguments Judge Marshall considered – and rejected – in her Order upholding the sufficiency of Plaintiffs' Corrected Consolidated Complaint for Violations of the Federal Securities Laws (ECF 68) ("Complaint").

- 1 -

4902-0455-5586.v3

Most striking is what Defendants do not say in their MJOP Reply.  In their Opposition, Plaintiffs demonstrated that:

- Rule 12(c) motions are evaluated under a standard "'substantially'" or "'functionally identical'" to a Rule 12(b)(6) motion to dismiss (Opp. at 2-3 (citations omitted));

- Defendants assert no new facts, law, or arguments not already resolved by the Court's prior order on the MTD (*id.* at 3);

- The MJOP mirrors the MTD nearly verbatim, even citing the same cases and using identical language (*id.* at 3, 5); and

- Defendants falsely accuse the Court of failing to address arguments, as the Court need not explicitly address every argument when its reasoning was clear (*id.* at 7).

Defendants say nothing in response.  Their failure to dispute these core points amounts to a tacit admission that their MJOP is a repackaged version of their MTD – a maneuver designed to delay discovery and take a second bite at the apple.

The silence continues when it comes to Defendants' affirmative misrepresentations.  Plaintiffs exposed in their Opposition that Defendants falsely claimed a Disney press release announced Disney+ had become profitable.  MJOP at 11.  In reality, the release stated only that its "'***combined*** streaming business'" – which includes Hulu and ESPN+ – had turned a profit.  Opp. at 13 (citation omitted). Defendants provided no rebuttal, because none exists.  Their deliberate distortion of the record underscores the MJOP's lack of good faith and further disqualifies it as a basis for delaying discovery.

Nor do Defendants dispute Judge Marshall's key holdings:

- That Plaintiffs sufficiently alleged material misstatements or omissions by Defendants Chapek, McCarthy, and Disney under Rule 10b-5(b), relating to Disney+ subscriber growth, profitability, and direct-to-consumer operating losses (*id.* at 9 (citing Order at 2)); and

- 2 -

4902-0455-5586.v3

- That Plaintiffs adequately pled scheme liability claims under Rule 10b-5(a) and (c) against defendants Chapek, Daniel, and McCarthy based on deceptive conduct independent of the alleged misstatements (*id.* at 19 (citing Order at 1)).

The MJOP Reply's complete failure to address these rulings confirms that the MJOP is nothing more than a procedural stalling tactic – an effort to delay inevitable discovery by rehashing what the Court already resolved.

## III.   CONCLUSION

Defendants' MJOP Reply does not support their Motion to Stay – it demolishes it. By failing to contest Plaintiffs' central points, Defendants have effectively conceded that the MJOP is procedurally improper, factually unsupported, and legally duplicative of their failed MTD. Plaintiffs will be severely prejudiced if discovery is frozen while Defendants pursue an MJOP they cannot meaningfully defend. The time for delay has passed. The MJOP is not a legitimate basis to forestall discovery, and Defendants' Motion to Stay should be denied in full.

DATED: May 13, 2025                    Respectfully submitted,

                                       ROBBINS GELLER RUDMAN
                                         & DOWD LLP


                                          s/ Daniel S. Drosman
                                       DANIEL S. DROSMAN

- 3 -

4902-0455-5586.v3

DANIEL S. DROSMAN
RYAN A. LLORENS
JESSICA T. SHINNEFIELD
JEFFREY J. STEIN
NICOLE Q. GILLILAND
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 4 -

4902-0455-5586.v3