JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-03661-CBM(ASx)<br><br>**SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING MOTION FOR ORDER TO REINSTATE DISCOVERY STAY UNDER 15 U.S.C. 78u-4(B)(3)(B)**<br><br>Date:  May 27, 2025<br>Time:  10:00 A.M.<br>Ctrm:  8D<br>Judge:  Hon. Consuelo B. Marshall |

SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING MOTION FOR ORDER TO REINSTATE DISCOVERY STAY UNDER 15 U.S.C. 78u-4(b)(3)(B)

## I.   **INTRODUCTION**

On March 28, 2025, Defendants filed a motion for judgment on the pleadings [ECF No. 124] ("Rule 12(c) Motion") which triggered the PSLRA's automatic stay under well-settled law.  *See, e.g., In re eHealth, Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 768 n.11 (9th Cir. 2014).  Plaintiffs try to avoid the overwhelming weight of authority in two ways.  *First*, Plaintiffs repeat their arguments in opposition to Defendants' Rule 12(c) Motion on the merits, that Defendants' Motion is "really" a motion for reconsideration and should be denied.  *See* ECF No. 136 at 2-4 ("Opposition").  But Plaintiffs do not even attempt to invoke the only statutory grounds for lifting the PSLRA's automatic stay by showing that "particularized discovery is necessary to preserve evidence or undue prejudice." *See* 15 U.S.C. § 78u-4(b)(3)(B).  Plaintiffs' merits argument does not (and cannot) affect this stay any more than it could affect a stay during the pendency of a motion to dismiss.  *Second*, Plaintiffs fail to distinguish the numerous cases finding the PSLRA's automatic stay applies to Rule 12(c) motions, like here.  Plaintiffs cite only two cases in support of their position, both of which are inapposite.  Accordingly, the automatic stay applies during the pendency of Defendants' Rule 12(c) Motion.

## II.   **ARGUMENT**

### A.   **The Filing of the 12(c) Motion Triggered the PSLRA's Automatic Stay and Plaintiffs Make No Showing that it Should be Lifted**

"[A] party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss." *In re eHealth, Inc. Sec. Litig.*, 2023 WL 3951178, at *3.  The stay goes into effect when a Rule 12(c) motion is filed.  *See Pampena v. Musk*, 2024 WL 3678002, at *2 (N.D. Cal. Aug. 5, 2024) ("On March 26, 2024, [defendant] filed the present motion for judgment on the pleadings. . . That motion reinstated the PSLRA discovery stay.").  A stay pending a Rule 12(c) motion serves the purpose of the PSLRA's automatic

stay to allow courts to address the adequacy of the pleadings before burdensome and costly discovery. *See Eisner v. Meta Platforms, Inc.*, 2024 WL 2749433, at *3 (N.D. Cal. May 28, 2024) (citing *Petrie*, 761 F.3d at 969, 966). The automatic stay can only be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The burden is on the party seeking discovery. *See In re eHealth, Inc. Sec. Litig.*, 2023 WL 3951178, at *3.

Here, Plaintiffs have not even attempted to satisfy the applicable standard, nor could they. Plaintiffs do not seek to proceed with discrete, "particularized" discovery, but seek to proceed with full-blown discovery in this matter—exactly what the PSLRA's automatic stay prohibits. Plaintiffs do not claim targeted discovery is necessary to preserve particular evidence at risk of being lost or destroyed or that they will suffer undue prejudice if the stay is not lifted before a ruling on the Rule 12(c) Motion. Instead, Plaintiffs include one sentence in their submission that a continued stay of discovery "unfairly prejudices" Plaintiffs "as evidence grows stale and memories may fade." *Discovery Matter Joint Stipulation Pursuant to Local Rule 37-2 Regarding Defendants' Motion to Reinstate Discovery Stay Under 15 U.S.C. § 78u-4(b)(3)(B)* ECF No. 140, at 13-14 (the "Joint Stipulation"). This vague assertion of unspecified prejudice is wholly insufficient to demonstrate that particularized discovery is necessary at this time to justify lifting the automatic stay. *See, e.g., In re Flour Corp. Sec. Litig.*, 1999 WL 817206, at *2 (C.D. Cal. Jan. 15, 1999) (upholding the PSLRA's automatic stay because "[p]laintiffs [] fail to make any credible showing that discovery is necessary to preserve evidence beyond generalizations of fading memories and allegations of possible loss or destruction"); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997) (upholding the PSLRA's automatic stay pending resolution of a motion for reconsideration "because plaintiffs have made no showing that they will suffer actual prejudice from another brief stay of discovery").

-2-

Given the particularized showing necessary to lift the automatic stay, courts rarely do so, and only under extraordinary circumstances not present here. *See, e.g., In re WorldCom, Inc., Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (lifting the PSLRA's automatic stay where global settlement negotiations were on-going and plaintiffs would have been prejudiced without access to core documents); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251-52 (D. Md. 2004) (lifting the PSLRA's automatic stay because defendants were undergoing a corporate reorganization and key documents could be lost); *SG Cowen Sec. Corp. v. United States District Court*, 189 F.3d 909, 911-12 (9th Cir. 1999) (noting "terminal illness of an important witness" could require lifting the PSLRA's automatic stay to take their deposition) (quoting 1995 U.S.C.C.A.N. Sess. 736).

Rather than address the stay on the merits, Plaintiffs raise arguments which are irrelevant to the law or legal standards applicable to the stay, and which instead go to the merits of the Rule 12(c) Motion. *See* Joint Stipulation at 11. Plaintiffs' argument that Defendants' Rule 12(c) Motion does not seek "new" grounds for dismissal of Plaintiffs' claims will be heard and addressed by the Court when it decides Defendants' Rule 12(c) Motion. In the context of *this* stay motion, Plaintiffs' position is no different than seeking to lift the automatic stay by arguing that a motion to dismiss should be denied. This is a premature and distinct discussion that is scheduled to be heard by this Court on July 29, 2025. *See* ECF No. 144; *see also In re eHealth, Inc. Sec. Litig.*, 2023 WL 3951178, at *2 (refusing to "prejudge the merits of Defendants' pending motions" when ruling on applicability of the PSLRA discovery stay).[1]

In sum, Plaintiffs have failed to make any showing—let alone the statutorily-

---

[1] As set forth in the briefing on Defendants' Rule 12(c) Motion, the motion is proper because the Order on the Motion to Dismiss did not address several grounds for dismissal. *See Reply Brief in Support of Defendants' Motion for Judgment on the Pleadings* ECF No. 141, at 2-3; *see also In re AGS, Inc. Sec. Litig.*, 2024 WL 581124, at *2 (D. Nev. Feb. 12, 2024) (holding judgment on the pleadings is appropriate when "the court never addressed" certain claims). Defendants are entitled to a pleading-stage ruling on these issues.

required showing—that the PSLRA's automatic stay should be lifted.

**B.     The Law of this Circuit is Clear that the PSLRA's Automatic Stay Applies to Defendants' 12(c) Motion**

Plaintiffs do not provide any justification to evade application of the stay here and they fail to meaningfully distinguish any of the applicable caselaw.  Plaintiffs attempt to distinguish several cases where courts have upheld stays during the pendency of Rule 12(c) motions on the grounds that the courts in those cases had not yet ruled on the legal sufficiency of the complaint or particular claims.  *See* Joint Stipulation at 8-10 (citing *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 20-cv-02553 (W.D. Tenn. July 1, 2022) ECF No. 83; *Texas Pac. Land Tr. v. Oliver*, No. 3:19-cv-1224 (N.D. Tex. June 25, 2019) ECF No. 42; *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1-2 (D. Mass. Apr. 2, 2024); *Lian v. Tuya Inc.*, 2024 WL 1932623, at *1-2 (S.D.N.Y. May 2, 2024); *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *3 (E.D.N.Y. Apr. 12, 2012); *Brown v. Kinross Gold U.S.A., Inc.*, No. 2:02-cv-00605-KJD-RJJ (D. Nev. Sept. 23, 2003), ECF No. 66; *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, 2020 WL 1627353, at *3 (D. Colo. Mar. 16, 2020), *R. & R.  adopted by* 2020 WL 10142458 (D. Colo. Dec. 8, 2020); *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023); *In re PlayAGS, Inc. Sec. Litig.*, No. 2:20-cv-01209-JCM-NJK (D. Nev. Mar. 23, 2023), ECF No. 123, at 1; *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 2019 WL 13163792, at *1 (D. Haw. July 3, 2019)).  But that is *exactly* the posture of Defendants' 12(c) Motion; Defendants are asking the Court to rule on the legal sufficiency of claims that were not addressed in the Order on the Motion to Dismiss [ECF No. 111].[2]

---

[2] Plaintiffs also dismiss two cases as inapplicable because they upheld the PSLRA's automatic stay during the pendency of 12(c) motions without analysis.  *See Pampena v. Musk*, 2024 WL 3678002, at *2, *4 (N.D. Cal. Aug. 5, 2024); *see also Lewis v. Straka*, 2007 WL 2332421, at *4 (E.D. Wis. Aug. 13, 2007). The fact that the courts in those cases followed the weight of authority in upholding the PSLRA's automatic stay supports Defendants' position, not Plaintiffs'.

SUPPLEMENTAL MEMORANDUM TO JOINT STIPULATION REGARDING MOTION FOR ORDER TO REINSTATE DISCOVERY STAY UNDER 15 U.S.C. 78u-4(b)(3)(B)

Plaintiffs cite only two cases in support of their position that the automatic stay should not apply here and both are plainly inapplicable. In *Facebook*, the Court declined to apply the PSLRA's automatic stay while a Rule 12(c) motion was pending because the case had been pending for seven years, defendants had filed three motions to dismiss, and defendants had sought leave to file a fourth which was denied. *In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *6-7 (N.D. Cal. Feb. 19, 2025). In contrast, Defendants promptly filed their Rule 12(c) Motion after the sole motion to dismiss was denied in part and after Defendants answered the amended complaint.

In *Signet*, the court ruled in a memo endorsement that depositions could move forward while a Rule 12(c) motion was pending. *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM (S.D.N.Y. May 14, 2019) ECF No. 156, at 1. Similar to *Facebook*, at the time of the court's ruling, the case had been pending for almost three years during which time the plaintiffs had filed five amended complaints, the Rule 12(c) motion was filed 165 days after the denial of the last motion to dismiss, and the court was clearly frustrated with what it perceived as the parties' delays. *See In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-CM (S.D.N.Y. Feb. 7, 2019) ECF No. 132 (memo endorsement stating "no more delays, no more stays"). None of these extenuating circumstances apply here.

Accordingly, consistent with the law in this Circuit, the PSLRA's automatic stay applies during the pendency of Defendants' Rule 12(c) Motion.

## III.   **CONCLUSION**

The Court should uphold the PSLRA's automatic stay during the pendency of Defendants' Rule 12(c) Motion.

Dated:  May 13, 2025

Respectfully submitted,

WHITE & CASE LLP
MUNGER, TOLLES & OLSON LLP

By: _____/s/ John W. Spiegel_____
            JOHN W. SPIEGEL

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

-6-

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendants, certifies that this brief is no longer than 5 pages which complies with the page limit set by L.R. 37-2.3.

Dated: May 13, 2025                    /s/ *John W. Spiegel*

-7-