# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>                              Defendants. | Case No. 2:23-cv-03661-CBM (ASx)<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DATED MAY 20, 2025 DISMISSING COUNT III (§20(a) CONTROL PERSON LIABILITY) AGAINST DEFENDANT ROBERT IGER |

4926-1992-9673.v1

Upon consideration of Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund, and plaintiffs Local 272 Labor-Management Pension Fund and John Patrick Talbot's (collectively, "Plaintiffs") Motion for Reconsideration of Order Dated May 20, 2025 Dismissing Count III (§20(a) Control Person Liability) Against Defendant Robert Iger (the "Motion"), all papers submitted in connection therewith, and any arguments of counsel, and good cause appearing, the Court finds that the Motion should be granted for several reasons:

***First***, the Court's dismissal directly contravened the Court's prior ruling on Defendants'[1] motion to dismiss (ECF 111), which explicitly upheld the sufficiency of the §20(a) claim under the Securities Exchange Act of 1934 against Iger based on the same operative complaint and legal standard. The Court's prior ruling constituted law of the case, and the Court should not have revisited that ruling absent a change in law, new facts, or clear error – none of which occurred. *United States v. Gartenlaub*, 2024 WL 4987258, at *1 (9th Cir. 2024).

***Second***, the Court committed a manifest error of law by misapplying the Ninth Circuit's standard for pleading control person liability under §20(a), which does not require allegations of culpable participation or primary liability on the part of the control person. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). Rather, Ninth Circuit law merely requires Plaintiffs to plead: (1) a primary violation of the securities laws; and (2) that the defendant exercised actual power or control over the primary violator. *In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 702 (9th Cir. 2021).

---

[1] The defendants named in the Corrected Consolidated Complaint for Violations of the Federal Securities Laws (ECF 68) (the "Complaint") are: The Walt Disney Company ("Disney" or the "Company"), Robert Chapek ("Chapek"), Christine M. McCarthy ("McCarthy"), Kareem Daniel ("Daniel"), and Robert Iger ("Iger") (collectively, "Defendants"). Complaint, ¶¶1, 21-26, 426-431.

- 1 -

4926-1992-9673.v1

Plaintiffs sufficiently pleaded both elements – a primary violation and control – with respect to Iger.

***Third***, the Court's conclusion that "there are no facts to support Count[] . . . Three against Iger" in the Court's May 20, 2025 Order (ECF 150 (the "Rule 12(c) Order") at 2) constituted a manifest error of fact.  Because the Complaint contains extensive, specific, and well-supported allegations demonstrating Iger's control over the primary violators, Plaintiffs sufficiently pleaded Iger's control under §20(a).

***Fourth***, reconsideration is necessary to prevent manifest injustice.  Plaintiffs properly pleaded their §20(a) claim against Iger, and the Court upheld it.  Defendants never disputed Iger's control.  The Rule 12(c) Order introduced a new and dispositive rationale – lack of control – that the parties did not brief and that Defendants did not raise in their motion to dismiss or their motion for judgment on the pleadings.  Dismissing Count III of the Complaint on that ground deprived Plaintiffs of the opportunity to respond and constituted a clear procedural and substantive error.

***Fifth***, the Complaint expressly asserted a §20(a) claim against Iger, and oral statements at argument did not amend the complaint.  *Mendez v. Cnty. of L.A.*, 2012 WL 13418852, at *1 (C.D. Cal. 2012).  Moreover, because the Court had already upheld the §20(a) claim against Iger at the Rule 12(b)(6) stage, using that colloquy as a basis for dismissal violated the law of the case doctrine.  *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Accordingly:

1.      The Motion is GRANTED;

2.      The Court's May 20, 2025 Rule 12(c) Order (ECF 150) is VACATED only to the extent it dismissed Count III as to Iger; and

- 2 -

4926-1992-9673.v1

3.    Count III is REINSTATED against Iger.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

- 3 -

4926-1992-9673.v1