JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND, CENTRAL PENNSYLVANIA TEAMSTERS PENSION FUND – RETIREMENT INCOME PLAN 1987, CENTRAL PENNSYLVANIA TEAMSTERS HEALTH AND WELFARE FUND AND JOHN P. TALBOT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, ROBERT IGER, ROBERT CHAPEK, CHRISTINE M. MCCARTHY AND KAREEM DANIEL,<br><br>Defendants. | Case No. 2:23-cv-03661-CBM(ASx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>Date:    July 8, 2025<br>Time:    10:00 A.M.<br>Ctrm:    8D<br>Judge:  Hon. Consuelo B. Marshall |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE ................... 3

III.    LEGAL STANDARD ................................................................................... 5

IV.     ARGUMENT ................................................................................................ 6

        A.      Plaintiffs Do Not Provide a Valid Basis for Reconsideration ............... 6

                1.      There Is No Law of the Case Doctrine to Apply to the
                        Absence of a Control Persons Claim Against Mr. Iger. .............. 6

                2.      Plaintiffs Do Not Meet Any Reconsideration Standard
                        Given the Lack of Control Person Allegations Against Mr.
                        Iger. ........................................................................................... 8

V.      CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bao v. Solarcity Corp.*,
2016 WL 54133 (N.D. Cal. Jan. 5, 2016) ........................................................9, 10

*Forestal v. Caldwell*,
2017 WL 4465147 (C.D. Cal. Jan. 19, 2017)........................................................5

*In re Hansen Natural Corp. Sec. Litig.*,
527 F.Supp. 2d 1142 (C.D. Cal. 2007)................................................................10

*In re Montage Tech. Grp. Ltd. Sec. Litig.*,
78 F. Supp. 3d 1215 (N.D. Cal. 2015)..................................................................11

*Ketab Corp. v. Mesriani L. Grp.*,
2015 WL 2084469 (C.D. Cal. May 5, 2015)..........................................................6

*Kona Enter., Inc. v. Estate of Bishop*,
229 F.3d 877 (9th Cir. 2000) ..................................................................................5

*Kraft v. Old Castle Precast Inc.*,
2016 WL 4120049 (C.D. Cal. Aug. 2, 2016) ...........................................2, 5, 6, 8

*Lofton v. United States*,
2025 WL 574625 (C.D. Cal. Jan. 24, 2025)..........................................................5

*McCandless Group, LLC v. Coy Collective*,
2023 WL 8896885 (C.D. Cal. Nov. 6, 2023) .........................................................5

*McDermott v. Johnson*,
2018 WL 6136149 (C.D. Cal. Apr. 2, 2018)..........................................................6

*Mueller v. San Diego Ent. Partners, LLC*,
2017 WL 3387732 (S.D. Cal. 2017)......................................................................11

*Pit River Home & Agric Coop. Ass'n v. United States*,
30 F.3d 1088 (9th Cir. 1994) ..................................................................................6

*Purple Mountain Trust v. Wells Fargo & Co.*,
432 F. Supp. 3d 1095 (N.D. Cal. 2020)................................................................10

*Reese v. Verizon Cal., Inc.*,
2011 WL 13193419 (C.D. Cal. Sept. 21, 2011)....................................................8

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## TABLE OF AUTHORITIES

*Richardson v. Oppenheimer & Co. Inc.*,
   2014 WL 1304343 (D. Nev. Mar. 31, 2014) ....................................................... 9

*Rivera v. Nat'l R.R. Passenger Corp.*,
   2004 WL 603587 (N.D. Cal. Mar. 22, 2004) ....................................................... 7

*SEB Inv. Mgmt. AB v. Wells Fargo & Co.*,
   742 F. Supp. 3d 1003 (N.D. Cal. 2024) ............................................................. 11

*SEC v. Todd*,
   642 F.3d 1207 (9th Cir. 2011) ........................................................................... 10

*Sgarlata v. PayPal Holdings, Inc.*,
   2018 WL 6592771 (N.D. Cal. Dec. 13, 2018) ................................................... 10

*United States v. Gartenlaub*,
   2024 WL 4987258 (9th Cir. Dec. 5, 2024) ........................................................... 7

*Welgus v. TriNet Group, Inc.*,
   2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ....................................................... 10

*Yagman v. Brennan*,
   2020 WL 5356701 (C.D. Cal. Apr. 30, 2020) ...................................................... 7

*Zhang v. Voice of Guo Media Inc.*,
   2023 WL 7050155 (D. Ariz. 2023) ....................................................................... 6

## RULES

C.D. Cal. L.R. 7-18 ................................................................................................ 5, 8

## I.      **INTRODUCTION**

Plaintiffs request the extraordinary remedy of reconsideration in an attempt to assert a new claim against one defendant that the Court already and appropriately dismissed from this case. Having previously represented to the Court that Plaintiffs asserted a sole claim against Defendant Robert Iger (Disney's Executive Chairman during the relevant period), and the Court having dismissed that claim, Plaintiffs now contend that Mr. Iger was subject to a different claim in the operative Complaint that should have been sustained. To pull off this about face, Plaintiffs contend that this Court misunderstood its own decision on Defendants' motion to dismiss (ECF No. 111) (the "MTD Order") and erred in its decision on Defendants' motion for judgment on the pleadings (ECF No. 150) (the "Rule 12(c) Order"). The Court can reject Plaintiffs' subterfuge and re-affirm its ruling that the Complaint does not state a claim against Mr. Iger.

The root of Plaintiffs' motion is a mischaracterization of their Complaint. The Complaint lacks specific allegations supporting Section 20(a) control person liability against Mr. Iger, which Plaintiffs acknowledged in a representation to this Court at its hearing on Defendants' motion to dismiss. Taking that representation at face value, along with counsel's further representation that the insider trading claim under Section 20A was the only claim against Mr. Iger, the Court correctly dismissed the claim for insider trading under Section 20A against Mr. Iger in the MTD Order.

After that ruling, Plaintiffs reversed course. In opposing Defendants' motion for judgment on the pleadings, Plaintiffs directly contradicted their earlier position and argued for the first time that Mr. Iger was also a defendant under the Section 10(b) claim for securities fraud. In the Court's decision on Defendants' motion for judgment on the pleadings, the Court correctly noted that Plaintiffs were now taking "a different position" regarding claims against Mr. Iger. The Court then stated that it had "reviewed the operative complaint" and found "there [were] no facts to support"

either a Section 10(b) claim or control person claim under Section 20(a) against Mr. Iger and those claims were dismissed. Rule 12(c) Order at 2.

Dissatisfied with the Court's correct treatment of their turnabout, Plaintiffs now seek the "disfavored" and "rarely granted" remedy of reconsideration. *Kraft v. Old Castle Precast Inc.*, 2016 WL 4120049, at *3 (C.D. Cal. Aug. 2, 2016) (internal citations omitted). Plaintiffs offer two reasons the Court should grant reconsideration, both of which fall well short of the high bar for this remedy.

First, Plaintiffs argue that the Court had already upheld the control person claim against Mr. Iger when it ruled on Defendants' motion to dismiss and that ruling constitutes the law of the case. But the Court never upheld a control person claim against Mr. Iger. To the contrary, both Plaintiffs' Complaint and counsel confirmed that no such claim exists. In their motion for reconsideration, Plaintiffs recite a purported summary of the MTD Order to include Mr. Iger among the defendants the Section 20(a) claim upheld by the Court. Plaintiffs summarize rather than quote because the Court never found that Mr. Iger fell within the Section 20(a) claim. The Court expressly recognized this point in its Rule 12(c) Order, explaining that the Court did not believe the Complaint alleged a control person claim against Mr. Iger when it ruled on Defendants' motion to dismiss. The Court never made the ruling that Plaintiffs now insist it did. Accordingly, the "law of the case" doctrine does not apply. *See infra* § IV.A.1.

Second, Plaintiffs argue the Court made "manifest errors" of law or fact in dismissing the control person claim against Mr. Iger in its Rule 12(c) Order. This is incorrect. While Plaintiffs argue the Court "ignore[d]" the Complaint's allegations of control against Mr. Iger, ECF No. 155 ("Pls' Br.") at 20, the Court expressly stated that it had "reviewed the operative complaint" and found "there are no facts to support" the control person claim against him. Rule 12(c) Order at 2. The Court's conclusion is correct. The allegations of control that Plaintiffs offer are threadbare conclusions derived entirely from Mr. Iger's position in the corporate organization.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Courts routinely and appropriately conclude these types of allegations are not a plausible basis for valid Section 20(a) control person claims. Plaintiffs' recitation of these generalized allegations demonstrates that their request for reconsideration is based on nothing more than disagreement with not only the Court's conclusion that the Complaint lacks valid control allegations against Mr. Iger, but also disagreement with counsel's own representation of that fact. Neither Plaintiffs' new characterization of their Complaint nor their late-coming disagreement with the Court constitute a basis for reconsideration.

## II.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

The operative complaint in this case (ECF No. 68) (the "Complaint") asserts three causes of action: Count I for securities fraud under Section 10(b) of the Exchange Act; Count II for alleged insider trading under Section 20A of the Exchange Act; and Count III for control person liability under Section 20(a) of the Exchange Act. *See* Compl. ¶¶ 410-31.

During the hearing on Defendants' motion to dismiss, in response to a question about the claims asserted against Mr. Iger, Plaintiffs' counsel told the Court that the only claim against Mr. Iger was for insider trading under Section 20A:

> THE COURT: All right. Some additional questions. So for plaintiff, are you alleging a 10b claim against Iger, I-g-e-r, based on your scheme liability theory?
>
> MS. SHINNEFIELD: We are not, Your Honor. He is not alleged to be a scheme defendant under Rule 10b-5(a) or (c).
>
> THE COURT: And so the Complaint doesn't allege that he made any false or misleading statements?
>
> MS. SHINNEFIELD: He is not alleged to have made any false or misleading statements under 10b-5(b), as well. *The only claim against Mr. Iger is for insider trading under Rule 20A.*

Sept. 27, 2024 Hr'g Tr. (ECF No. 106) at 4:13-23 (emphasis added).

-3-

On February 19, 2025, the Court issued the MTD Order, denying Defendants' motion to dismiss in part, but finding "that Plaintiffs have not stated a section 20A [insider trading] claim against Iger." MTD Order at 2. The Court held that the Complaint sufficiently pled a securities fraud claim under Section 10(b) against "Defendants Chapek Daniel and McCarthy" and Disney. *Id.* at 1-2. And the Court found "Plaintiffs have sufficient stated a section 20(a) claim for control person liability against Defendants." *Id.* Having disposed of the only claim against Mr. Iger, the MTD Order did not discuss Mr. Iger on the control person claim. *Id.*

On March 28, 2025, Defendants filed a motion for judgment on the pleadings on several grounds. In their opposition to Defendants' motion, Plaintiffs claimed— for the first time, and in contravention of counsel's statement at the motion to dismiss hearing—that Mr. Iger was included under the Section 10(b) claim for securities fraud. ECF No. 136 at 8, 23-25.

On May 20, 2025, the Court issued the Rule 12(c) Order on Defendants' motion. With respect to Mr. Iger, the Court noted that Plaintiffs had "confirmed" at the hearing on the motion to dismiss, that "the only claim against Mr. Iger is for insider trading under Rule 20A." Rule 12(c) Order at 2. The Court stated that accordingly, at the time it issued the MTD Order, "the Court understood that the operative complaint alleges only Count Two [insider trading] against Defendant Iger, not Counts One [Section 10(b)] or Three [control person]." *Id*. The Court then noted that "Plaintiffs now apparently take a different position and argue that Iger is included under the 10(b) claim," even though "Plaintiffs previously conceded that Iger is 'not alleged to be a scheme defendant' nor is he 'alleged to have made any false or misleading misstatements." *Id.* The Court reinforced the absence of control person allegations against Mr. Iger, concluding after "review[] [of] the operative complaint," that "there are no facts to support Counts One [Section 10(b)] or Three [control person] against Iger." *Id.*

On June 3, 2025, Plaintiffs filed their Motion for Reconsideration asking the

-4-

Court to vacate the Rule 12(c) Order to the extent it dismissed the control person claim under Section 20(a) against Mr. Iger. *See* Pls' Br. at 19.

## III.    LEGAL STANDARD

"Reconsideration is an 'extraordinary remedy, to be used sparingly.'" *McCandless Group, LLC v. Coy Collective*, 2023 WL 8896885, at *2 (C.D. Cal. Nov. 6, 2023) (quoting *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Reconsideration motions are "disfavored" and "rarely granted," and so "should be used sparingly." *Kraft*, 2016 WL 4120049, at *3 (internal citations omitted).

Local Rule 7-18 provides that a "motion for reconsideration of an Order on any motion or application may be made only on" three specific grounds:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. "Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the court's discretion." *Lofton v. United States*, 2025 WL 574625, at *1 (C.D. Cal. Jan. 24, 2025) (internal citations omitted). "Plaintiffs, as movants, bear the burden of proving that reconsideration is proper." *Forestal v. Caldwell*, 2017 WL 4465147, at *2 (C.D. Cal. Jan. 19, 2017)).[1]

---

[1] While reconsideration is inappropriate under any standard, Plaintiffs' repeatedly assert that the Court committed "manifest errors of law" and "manifest errors of fact," even citing a case from a different district. Pls' Br. at 1-2 8-9, 11-13, 19; *id.* at 5 (citing *Zhang v. Voice of Guo Media Inc.*, 2023 WL 7050155, No. CV-21-0107, at *1 (D. Ariz. 2023)). This is the wrong legal standard in this district. In fact, courts in this district have expressly rejected "manifest errors of law or fact" as a basis for reconsideration. *See, e.g.*, *Kraft*, 2016 WL 4120049, at *4 (rejecting an argument that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact" as

-5-

## IV.  ARGUMENT

### A.  Plaintiffs Do Not Provide a Valid Basis for Reconsideration

#### 1.  There Is No Law of the Case Doctrine to Apply to the Absence of a Control Persons Claim Against Mr. Iger.

Plaintiffs argue that the Court upheld the control person claim against Mr. Iger when it ruled on Defendants' motion to dismiss, and that this supposed ruling constitutes "law of the case" which the Court is barred from revisiting in the Rule 12(c) Order. This argument fails at its premise: The Court did not uphold a control person claim against Mr. Iger.

"Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *McDermott v. Johnson*, 2018 WL 6136149, at *2 (C.D. Cal. Apr. 2, 2018) (quoting *Pit River Home & Agric Coop. Ass'n v. United States*, 30 F.3d 1088, 1096 (9th Cir. 1994)). "The doctrine 'is a discretionary one created to maintain consistency and avoid reconsideration, during the course of a single continuing lawsuit, of those decisions that are intended to put a matter to rest.'" *Id.* As Plaintiffs' own cases acknowledge, "[f]or the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition." *United States v. Gartenlaub*, 2024 WL 4987258, at *1 (9th Cir. Dec. 5, 2024) (citation omitted).

By the plain terms of the MTD Order, the Court did not decide that the Complaint stated a control person claim against Mr. Iger. That conclusion was logical: based on Plaintiffs' pleading, reinforced by its representation at the motion

---

an "inaccurate summary of LCivR 7-18"); *Ketab Corp. v. Mesriani L. Grp.*, No. 2:14-CV-07241-RSWL, 2015 WL 2084469, at *2 (C.D. Cal. May 5, 2015) (holding plaintiffs' argument "that the Court committed 'clear error' resulting in a manifestly unjust decision, is not a permitted ground for reconsideration under Local Rule 7–18"). Federal Rule of Civil Procedure 59(a) permits reconsideration if "necessary to correct manifest errors of law or fact," but that provision is unavailable because that rule applies "only . . . when final judgment has been entered on all claims." *Kraft*, 2016 WL 4120049, at *2 (citation omitted). Even if that standard applied here, Plaintiffs could not meet it.

to dismiss hearing, "the Court understood that the operative complaint alleges only" the insider trading claim under Section 20A against Defendant Iger and *not* the Section 10(b) or control person claims. Rule 12(c) Order at 2. Plaintiffs argue that the MTD Order "acknowledged the sufficiency of the control allegations against Iger." Pls' Br. at 3. Not only did the Court not do so, it is hard to conceive of why the Court would have addressed a claim Plaintiffs themselves disclaimed at the hearing.

It was only after Plaintiffs took "a different position" on Defendants' motion for judgment on the pleadings, that the Court addressed whether the Complaint stated a control person claim against Mr. Iger. Rule 12(c) Order at 2. Since the Court did not previously consider whether a control person claim was stated against Mr. Iger, the law of the case doctrine is not implicated here. *See, e.g.*, *Yagman v. Brennan*, 2020 WL 5356701, at *3 (C.D. Cal. Apr. 30, 2020) (ruling that the law of the case doctrine is inapplicable when the court "did not consider and decide the substance of the issue" in its prior order); *cf. Rivera v. Nat'l R.R. Passenger Corp.*, 2004 WL 603587, at *4 (N.D. Cal. Mar. 22, 2004) ("An appellate court is not presumed to have decided issues not presented and argued before it, or issues that were not addressed in its opinion.").

Plaintiffs also contend, incredibly, that the Court understood counsel's statements at the motion to dismiss hearing as an "amendment" to its control person claim. Pls' Br. at 17-19. There is no plausible way to read the Rule 12(c) Order as treating counsel's statements as an amendment under Federal Rule of Civil Procedure 15. To the contrary, the Rule 12(c) Order treated counsel's representation as a description of the claims Plaintiffs did—and did not—allege against Mr. Iger. There is likewise no basis for Plaintiffs' specious assertion that counsel's statement "may have influenced the outcome" of the Rule 12(c) Order. Pls' Br. at 17.

## 2. Plaintiffs Do Not Meet Any Reconsideration Standard Given the Lack of Control Person Allegations Against Mr. Iger.

Given the Complaint's absence of factual allegations supporting a control person claim against Mr. Iger, there is no error meriting reconsideration. Plaintiffs' attempt to gin up both a control person claim against Mr. Iger and an error by this Court cannot compensate for the Complaint's deficiencies.

The only potentially applicable ground for reconsideration requires Plaintiffs to make "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18(c). Plaintiffs argue the Court "ignore[d]" allegations of "control" by Mr. Iger in its decision, again disregarding counsel's prior representation to the Court that there were no allegations that Mr. Iger participated in fraud or made false statements. Pls' Br. at 13. But the Court expressly stated that it "has reviewed the operative complaint" and found there were "no facts to support" the control person claim against Mr. Iger. Rule 12(c) Order at 2. Plaintiffs may disagree with the Court's conclusion that the Complaint did not allege a claim against Mr. Iger, but that disagreement is no basis for reconsideration. *See, e.g.*, *Kraft*, 2016 WL 4120049, at *5 (rejecting request for reconsideration where a "plaintiff merely disagree[d] with the Court's decision"); *Reese v. Verizon Cal., Inc.*, 2011 WL 13193419, at *2 (C.D. Cal. Sept. 21, 2011) ("A disagreement with a judgment is not a proper ground for seeking reconsideration pursuant to Local Rule 7-18(a).").

The Court's conclusion was justified based on the absence of control person allegations against Mr. Iger. To adequately plead control, a plaintiff must plead the defendant "was either involved in the day-to-day business of the primary violator or connected to the fraudulent act in some way." *Richardson v. Oppenheimer & Co. Inc.*, 2014 WL 1304343, at *11-12 (D. Nev. Mar. 31, 2014). This pleading would include "specific facts concerning a defendant's responsibilities within the company that demonstrate his involvement in the day-to-day affairs of the company or

-8-

specific control over the preparation and release of the allegedly false and misleading statements." *Bao v. Solarcity Corp.*, 2016 WL 54133, at *9 (N.D. Cal. Jan. 5, 2016).

The Complaint fails to advance allegations showing Mr. Iger's involvement in the day-to-day business or connection to the alleged fraud. While Plaintiffs now contend Mr. Iger exercised control over "the very conduct at issue in the alleged fraud," Pls' Br. at 14, the Complaint pleads the opposite. As the Complaint itself alleges, Mr. Iger stepped down as Disney's CEO before the start of the purported Class Period and served as Disney's Executive Chairman during the relevant period. Compl. ¶ 22. He was succeeded as CEO by Defendant Robert Chapek. Plaintiffs concede Mr. Iger is not alleged to have made any of the alleged false or misleading statements. Pls' MTD Opp'n Br. (ECF No. 80) at 14; Hr'g Tr. (ECF No. 106) at 4:16-21. Plaintiffs further allege that Mr. Iger "disapproved of changes Mr. Chapek was making," indicating a *lack* of control over what Disney was doing. Pls' Br. at 14; Compl. ¶¶ 255-56. This is precisely why Plaintiffs unambiguously told to this Court that Mr. Iger is not alleged to have participated in a fraudulent scheme or in making the alleged false statements at the motion to dismiss hearing.

In the absence of "facts to support" control person allegations against Mr. Iger, Rule 12(c) Order at 2, Plaintiffs resort to conclusory allegations of control based on Mr. Iger's corporate position that mirror those courts have found insufficient to state a control person claim. Plaintiffs offer a litany of boilerplate descriptions of Mr. Iger's purported control: Mr. Iger had a "heavy hand on operations," acted "almost as a shadow CEO," "loomed large" at Disney during Mr. Chapek's tenure as CEO, and along with other Defendants "possessed the power and authority to control the contents of Disney's [public statements]" and "had access to material non-public information." Pls' Br. at 13-15 (citing Compl. ¶¶ 26, 28, 114, 254, 255-58); Compl. ¶ 26.

Plaintiffs' conclusory allegation based on Mr. Iger's position fail. As the

-9-

Ninth Circuit has recognized, "[t]he fact that a person is a CEO or other high-ranking officer within a company does not create a presumption that he or she is a 'controlling person.'" *SEC v. Todd*, 642 F.3d 1207, 1223 (9th Cir. 2011). District courts in this Circuit duly follow this rule by dismissing generalized allegations based on corporate position. *See, e.g.*, *Sgarlata v. PayPal Holdings, Inc.*, 2018 WL 6592771, at *8 (N.D. Cal. Dec. 13, 2018) (holding allegations that former Chairman and CEO "has continued to direct the operations" of the company are "conclusory" and "insufficient to establish control person liability"); *Bao*, 2016 WL 54133, at *9 (concluding that allegations that a board chairman was "continuously involved in [] operations and decisions at the executive level" were "too conclusory to hold any weight"); *Welgus v. TriNet Group, Inc.*, 2017 WL 167708, at *13 (N.D. Cal. Jan. 17, 2017) (dismissing Section 20(a) claim when plaintiffs' "allegations [were] too conclusory to establish [defendant's] liability as a control person"); *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1163 (C.D. Cal. 2007) (holding allegations that, "[b]y virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements" insufficient to plead control); *Purple Mountain Trust v. Wells Fargo & Co.*, 432 F. Supp. 3d 1095, 1106 (N.D. Cal. 2020) (rejecting "conclusory" allegations that such individuals had control "by virtue of their positions and their power to control public statements about Wells Fargo"). The equivalent allegations here are insufficient under any applicable pleading standard.[2]

The authority Plaintiffs cite upholding control person allegations serve only to

---

[2] Plaintiffs argue in a footnote that "[c]ontrol person claims are subject to Federal Rule of Civil Procedure 8," Pls' Br. at 10 n.2. However, "'[t]here is no binding authority establishing whether a plaintiff must meet the 9(b) pleading standard for alleging 'actual power or control,' and there is a split of authority among district courts in the Ninth Circuit on this issue." *SEB Inv. Mgmt. AB v. Wells Fargo & Co.*, 742 F. Supp. 3d 1003, 1023 (N.D. Cal. 2024). In any event, Plaintiffs' allegations of "control" fail under either standard.

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

highlight the absence of those allegations in the Complaint. In *In re Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1228 (N.D. Cal. 2015), the court validated control allegations where the complaint alleged the individual defendants were officers of the defendant corporation and they "signed the allegedly fraudulent SEC filings" at issue. Similarly, in *Mueller v. San Diego Ent. Partners, LLC*, 2017 WL 3387732, at *6 (S.D. Cal. 2017), the plaintiffs sufficiently pled control where the individual defendant was "one of only two managing members and officers of the corporation" and "he was in charge of fundraising and overseeing" the events underlying the alleged fraud in that case. In contrast, the Complaint is empty of specific factual allegations of Mr. Iger's control, which the Court correctly recognized.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated:  June 17, 2025

Respectfully submitted,

WHITE & CASE LLP
MUNGER, TOLLES & OLSON LLP

By:   _____*Jonathan D. Polkes*_____
           JONATHAN D. POLKES

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

-11-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## L.R. 11-6.2 Certificate of Compliance

The undersigned, counsel of record for Defendants, certifies that this brief contains 11 pages, which complies with the page limit set by the Court's Individual Practice Rule 7(c).

Dated: June 17, 2025                          /s/      *Jonathan D. Polkes*
                                                        JONATHAN D. POLKES

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION