UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03661-CBM-AS | Date | August 21, 2025 |
|---|---|---|---|

| Title | *Local 272 Labor-Management Pension Fund v. The Walt Disney Company et al* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**    **IN CHAMBERS- AMENDED ORDER RE: DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

The matter before the Court is Defendants' Motion for Judgment on the Pleadings.    (Dkt. No. 124 ("Motion").)    The Court finds that the matter is appropriate for resolution without a hearing and thus **VACATES** the hearing currently set for July 29, 2025.

Defendants' Motion repeats the same arguments made in support of their motion to dismiss, which the Court denied in its prior order.    (Dkt. No. 112.)    That order was based on the Court's "consider[ation of] the papers and arguments presented."    *Id*.    Because Defendants' Motion requests the Court consider the same arguments for dismissal it previously considered under the motion to dismiss, it is in reality a motion for reconsideration.

Under Local Rule 7-18, a motion for reconsideration is only appropriate where "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.    No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."

The Court finds that Defendant's Motion meets none of these grounds for reconsideration.    Defendants do not cite any new facts or change in the law that warrants reconsideration of the Court's order on the motion to dismiss.    Defendants argue that certain alleged misstatements are non-actionable because they fall under the PSLRA's Safe Harbor, opinion statements, or accurate statements about data.    (Dkt. No. 124-1 at 5–14.)    But Plaintiffs have alleged that Defendants were aware of facts at the time that contradicted these statements.    The operative complaint stated with particularity the facts Defendants allegedly knew that rendered their statements false or misleading.    Such statements are actionable, and "[a]t the pleading stage, "the Court's review is limited. Even if the face of the pleadings indicate that recovery is very remote and unlikely, Plaintiffs are still entitled to

| | 00 | : |
|---|---|---|

offer evidence to support their claims." *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 1015 (S.D. Cal. 2005).

To be clear, in ruling on the motion to dismiss, the Court did not consider the documents for which Defendants requested judicial notice. Judicial notice is only proper where a fact "is not subject to reasonable dispute." Fed. R. Evid. 201. Further, even if the Court takes judicial notice of a document, it may only take notice of "the existence of [a] document or order" and not the "truth or the correctness of the factual content" therein. *Pellegrini v. Fresno Cnty.*, 742 F. App'x 209, 211 (9th Cir. 2018); *see also Lee v. City of Los Angele*s, 250 F.3d 668, 690 (9th Cir. 2001) (holding district court erred when it took judicial notice of disputed matters of fact in the public record). Defendants' documents were relevant to numerous facts the parties dispute here. Moreover, Defendants requested judicial notice of 57 exhibits. (Dkt. No. 70.) "[C]onsidering these documents as part of the pleadings at this stage would expand the 'narrow exception' and eliminate the distinction between a motion for summary judgment and a motion to dismiss." *In re Immune Response*, 375 F. Supp. 2d at 995. This would "encourage[] a weighing of factual disputes; a process that is improper on a motion to dismiss," where "the Court must resolve any ambiguities in Plaintiffs' favor." *Id.* To the extent the Court's prior order did not address Defendants' first request for judicial notice, the Court now rules on that request. For the same reasons, Defendants' most recent Request for Judicial Notice (Dkt. No. 125) is **DENIED**. Defendants may submit the documents as evidence for the Court's consideration at the appropriate stage after the pleadings are settled.

The operative complaint alleges that all Defendants are liable under Count One as each participated in either the alleged scheme and/or making material misstatements or omissions. (CC, ¶ 413.) The Court finds there are no facts in the operative complaint to support that conclusion as to Count One against Iger. The Court assumes facts to be true, but "does not accept as true legal conclusions pled as factual allegations." *Blackwell v. Wells Fargo Bank, NA*, 2:19-cv-02307-R-PLA, 2019 WL 6721624, at *1 (C.D. Cal. July 18, 2019) (citing *Warran v. Fox Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (same).

Accordingly, Defendants' Motion for Judgment on the Pleading as to Count One against Defendant Iger is **GRANTED**. Defendants' Motion for Judgment on the Pleading is otherwise **DENIED**.

**IT IS SO ORDERED.**

---