# EXHIBIT E

JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

*Attorneys for Defendants The Walt Disney Company,
Robert Chapek, Christine M. McCarthy, and Kareem Daniel*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>Defendants. | Case No. 2:23-cv-03661-CBM (ASx)<br><br>**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), and the Local Rules of the United States District Court for the Central District of California (the "Local Rules" and, together with the "Federal Rules," the "Applicable Rules"), Defendants The Walt Disney Company, Robert Chapek, Christine M. McCarthy, and Kareem Daniel ("Defendants") hereby respond and object to Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund, and plaintiffs Local 272 Labor-Management Pension Fund and John Patrick Talbot (collectively, "Plaintiffs") First Set of Requests for Production of Documents, dated June 4, 2025 (the "Requests," and each a "Request").

## **GENERAL OBJECTIONS**

Defendants make the following General Objections to the entirety of the Requests, including each of the Definitions, Instructions, and each individual Request. These General Objections, Objections to Definitions, and Objections to Instructions, Production of Hard Copy Documents and ESI, and Relevant Time Period are hereby incorporated by reference into the individual response to each Request and shall have the same force and effect as if fully set forth in response to each individual Request.

1. Defendants object to the Requests to the extent that they purport to impose obligations that are broader than or inconsistent with those contained in the Federal Rules or the Local Rules, and to the extent that they seek documents beyond those permitted by the Applicable Rules. Subject to and without waiving the foregoing, Defendants will comply with its obligations under the Applicable Rules in responding to the Requests.

2. Defendants object to the sheer volume of Requests as well as the apparent duplication as between them. Plaintiffs' failure to streamline and/or de-

-2-

duplicate the Requests renders it almost impossible for Defendants to discern from the face of any particular Request what is being sought by Plaintiffs as distinct from the other Requests being made.

3.	Defendants object to the Requests as unduly burdensome and not proportional to the needs of this Action to the extent that they call for the production of documents "within 30 days."  Consistent with Defendants' obligations under the Applicable Rules, Defendants will produce responsive, non-privileged documents in its possession, custody, or control, if any, on a timeline and pursuant to a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

4.	Defendants object to the Requests to the extent that they purport to require Defendants to conduct anything beyond a reasonable and diligent search for readily accessible files, including electronically stored information, from readily accessible sources, where responsive documents reasonably would be expected to be found.

5.	Defendants object to the Requests to the extent that they are overbroad, unduly burdensome, vague, cumulative, duplicative, ambiguous and/or argumentative.  To the extent Defendants respond to the Requests, Defendants do so based on their reasonable interpretation of the Requests and subject to and without waiving any objections.

6.	Defendants object to the Requests to the extent that they seek documents that are not relevant to any party's claims or defenses or are disproportionate to the needs of the case.

7.	Defendants object to the Requests to the extent that they seek documents that are not within Defendants' possession, custody, or control. Defendants further object to the Requests to the extent that they seek information that Defendants do not have the practical ability to retrieve or would impose an

-3-

undue burden.  Defendants will only disclose information that is within Defendants' possession, custody, or control.

8.   Defendants object to the Requests to the extent that they seek documents that are already in Plaintiffs' possession, custody, or control, that are available in the public domain, or that can be obtained from another source that is equally available to Plaintiffs.

9.   Defendants object to the Requests on the grounds that they are overly broad and unduly burdensome to the extent that they seek "any" or "all" documents as Defendants cannot guarantee that they have located every document responsive to a particular Request.  Defendants will respond to any Request seeking "any" or "all" documents by producing the responsive, non-privileged documents within Defendants' possession, custody, or control that can be located after a reasonable search conducted in good faith.

10.   Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the common interest privilege, the work product doctrine, business strategy immunity, or any other applicable privilege, protection or immunity from disclosure ("Privilege"). Defendants will not disclose any information protected by any Privilege.  By responding to the Requests, Defendants do not waive or intend to waive any rights under such privileges and doctrines, and Defendants specifically reserve the right to assert such privileges and doctrines as to any of the Requests, or any portion thereof. Defendants reserve the right to redact or withhold any material covered by this paragraph.  Any inadvertent disclosure by Defendants of any information protected by Privilege shall not constitute a waiver of any such privilege, immunity or protection from disclosure.  Defendants specifically reserve the right to demand the prompt return or destruction of any such documents that are inadvertently produced,

-4-

without prejudice to any claim of privilege or protection in the event any such document is produced.

11.   Defendants object to the Requests to the extent that they seek confidential, personal, private, or sensitive business information, trade secrets, competitively sensitive information or private consumer financial information, or information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or non-disclosure, including but not limited to applicable data privacy laws or regulations.  To the extent Defendants produce any such information, Defendants will produce such information subject to a protective order that provides the protections necessary to ensure that Defendants are able to produce such information in compliance with any applicable law, regulation, court order, and/or agreement.

12.   Defendants object to the Requests to the extent that they seek information described in General Objection No. 10 of third parties, and which Defendants are contractually or otherwise legally obligated to maintain as confidential.  Defendants will not provide such information without receiving appropriate consent from those third parties.

13.   Defendants object to the Requests on the grounds and to the extent that they misstate or mischaracterize facts.  Nothing in this Response shall be construed as an admission by Defendants of the truth or accuracy of any characterization of any facts, legal theories, or conclusions contained in the Requests.

14.   Defendants make these objections without waiver of any right or privilege to object to the introduction into evidence, in this or any other action or proceeding, of any information called for in the Requests, or to the introduction of the information itself, upon the grounds of competency, relevancy, hearsay, authenticity, or any other ground.  Defendants' disclosure of any information in

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

connection with the Requests shall not be construed as a waiver of any objection to the use of such information in this or any other action or proceeding.

15.    An objection to a specific Request does not indicate that any documents responsive to the Request in fact exist.  Likewise, failing to object to a request, or stating that Defendants will produce any documents in response to a request, does not constitute an admission that responsive documents in fact exist, can be located after a reasonable search, or are reasonably available to Defendants.

16.    No objection or lack thereof made in these General Objections or in response to any specific Request shall be deemed a waiver of Defendants' right to raise further objections to the Requests.

17.    Any production of documents in response to these Requests is made solely for the purpose of this Action, and shall not be used by Plaintiffs in any other proceeding or for any other purpose.

18.    Defendants reserve the right to supplement, revise, correct, amend, or clarify its responses according to Rule 26(e) of the Federal Rules.  Moreover, should Defendants at any time supplement or amend its responses, by agreement or otherwise, it expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

## OBJECTIONS TO DEFINITIONS

1.    Defendants object to the Definitions to the extent they purport to define words beyond their ordinary meaning and/or impose obligations on Defendants that exceed or are otherwise inconsistent with Defendants' obligations under the Applicable Rules.

2.    Defendants object to the definition of the purported "Class Period" on the grounds that the class has not yet been certified in this Action.  Defendants reserve the right to object to this definition after class certification.

3.     Defendants object to the definitions of "Communication(s)," "Document(s)," and "Identify" to the extent these definitions are different from, broader than, or otherwise inconsistent with the Applicable Rules.  Defendants will interpret the terms "Communication(s)," "Document(s)," and "Identify" in accordance with the Applicable Rules.

4.     Defendants object to the definition of "Defendant(s)" as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case to the extent that "Disney" incorporates Definition No. 10.  Defendants will construe the definition to refer only to the named Defendants in the above-captioned matter in responding to these Requests.

5.     Defendants object to the definition of "Disney" as overly broad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that it includes "any of its direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), its predecessors, successors, present and former officers, directors, employees, agents, accountants, and advisors, and all other persons . . . acting or purporting to act on its behalf."  Defendants will construe the definition to refer only to the named entity.

6.     Defendants object to the definitions of "Electronically stored information" or "ESI" to the extent they conflict with the Applicable Rules and/or the Stipulated Electronic Discovery Agreement ("ESI Protocol") to be agreed-upon in this Action. Defendants will construe these definitions in accordance with the Applicable Rules and ESI Protocol to be entered in this Action.

7.     Defendants object to the definition of "Entitled Subscribers" as overbroad, unduly burdensome, vague, and ambiguous to the extent it includes unknown individuals "who did not activate their Disney+ subscription."  Defendants will construe the definition to refer only to individuals known to Defendants that

-7-

were entitled to a Disney+ subscription through a Third-Party Partnership but did not activate their Disney+ subscription.

8. Defendants object to the definition of "Meeting" as overbroad, unduly burdensome, vague, and ambiguous to the extent it includes "informal" meetings, meetings occurring "by chance," and meetings that "occurred in connection with some other activity."

9. Defendants object to the definition of "Person(s)" on the ground that it is broader than the definition provided in Local Rule 1-4. Defendants will apply the definition of "Person(s)" provided in the Local Rule 1-4 in responding to the Requests.

10. Defendants object to the definitions of "You" or "your" as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case to the extent that they purport to apply to "each person or entity responding to these requests." Defendants will construe the definition to refer only to the named Defendants.

## OBJECTIONS TO INSTRUCTIONS, PRODUCTION OF HARD COPY DOCUMENTS AND ESI, AND RELEVANT TIME PERIOD

1. Defendants object to the Instructions, the Production of Hard Copy Documents, and the Production of ESI to the extent they purport to impose on Defendants any obligations different from, broader than, or otherwise inconsistent with the Applicable Rules and/or ESI Protocol to be entered in this Action. Defendants agree only to produce documents in accordance with the Applicable Rules and ESI Protocol to be entered in this Action.

2. Defendants object to the Instructions to the extent they would require the production of information protected by any Privilege. Defendants reserve the right to redact or withhold such information.

-8-

3.     Defendants object to Instruction No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to produce "all" documents responsive to any request. Defendants also object to Instruction No. 1 to the extent it purports to require Defendants to produce documents "in the possession, custody, or control of your predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, accountants, or any other representative."  Defendants will interpret the Requests as applying only to documents within Defendants' possession, custody, or control.  Defendants further object to Instruction No. 1 as overbroad, unduly, burdensome, and not proportional to the needs of the case to the extent it purports to require Defendants to produce documents and "organize and label them to correspond with the categories in the request."

4.     Defendants object to Instruction No. 2 as overbroad and unduly burdensome because it purports to require Defendants to search for and produce "all responsive documents available at the time of production," which requires the production of documents created outside of the timeframe relevant to the allegations and events in the Complaint.  Defendants will produce non-privileged documents that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

5.     Defendants object to Instruction No. 4 to the extent it purports to require Defendants to provide a privilege log with more information than is required by the Applicable Rules, the ESI Protocol to be entered in this Action, or any agreement that may be reached between the parties regarding the scope and format of privilege logs.  Defendants will provide a privilege log in accordance with the Applicable Rules, the ESI Protocol to be entered in this Action, and/or any agreement that may be reached.

6.      Defendants object to the "Relevant Time Period" as overly broad, vague, unduly burdensome, and ambiguous to the extent it seeks documents that are not relevant to any claims or defenses in the Action or otherwise not proportional to the needs of the Action, including to the extent it purports to include "documents and information that relate to such period, even if dated, prepared, generated, used, published, or received outside of the Relevant Period." Defendants will construe the "Relevant Time Period" to mean January 1, 2020 to May 12, 2023 (the date the original complaint was filed).

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NUMBER 1:**

All documents and communications concerning the 2024 Disney+ Subscriber Target, including, but not limited to:

(a) All documents and communications concerning persons, methods, and considerations involved in setting the 2024 Disney+ Subscriber Target, including, but not limited to, all underlying data, financial models, assumptions, and sensitivity analyses used or considered;

(b) All documents and communications concerning internal assessments, analyses, forecasts, or discussions regarding Disney's projected ability, or lack thereof, to achieve the 2024 Disney+ Subscriber Target, including any risk assessments or expressions of concern;

(c) All documents and communications concerning plans or methods for achieving the 2024 Disney+ Subscriber Target;

(d) All documents and communications concerning Disney's forecasts or projections concerning the 2024 Disney+ Subscriber Target;

(e) All documents and communications concerning Disney's progress toward the 2024 Disney+ Subscriber Target; and

(f) All documents and communications concerning Disney's February 8, 2023 announcement to no longer provide 2024 Disney+ Subscriber Target guidance, including documents and communications related to that decision.

-10-

**RESPONSE TO REQUEST NUMBER 1:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its six subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) to the extent it misstates or mischaracterizes facts about "Disney's February 8, 2023 announcement to no longer provide 2024 Disney+ Subscriber Target guidance."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 2:**

All documents and communications concerning the 2024 Disney+ Profitability Target, including, but not limited to:

(a) All documents and communications concerning persons, methods, and considerations involved in setting the 2024 Disney+ Profitability Target;

(b) All documents and communications concerning Disney's ability or inability to achieve the 2024 Disney+ Profitability Target;

(c) All documents and communications concerning plans or methods for achieving the 2024 Disney+ Profitability Target;

(d) All documents and communications concerning Disney's forecasts or projections concerning the 2024 Disney+ Profitability Target;

(e) All documents and communications concerning Disney's progress toward the 2024 Disney+ Profitability Target; and

(f) All documents and communications concerning Disney's decisions to reaffirm the 2024 Disney+ Profitability Target on its quarterly earnings calls.

-11-

**RESPONSE TO REQUEST NUMBER 2:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its six subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) to the extent it misstates or mischaracterizes facts about "Disney's decisions to reaffirm the 2024 Disney+ Profitability Target on its quarterly earnings calls."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 3:**

All documents and communications concerning Disney+ subscriber numbers or growth, including, but not limited to:

(a) All documents and communications concerning the reasons for or drivers of Disney+ subscriber numbers or growth;

(b) All documents and communications concerning the monitoring, tracking, estimating, or forecasting of Disney+ subscriber numbers or growth;

(c) All documents and communications concerning investors' or financial analysts' expectations regarding or reactions to Disney+ subscriber numbers or growth;

(d) All documents and communications concerning Disney's internal short-term (e.g., monthly or quarterly) or long-term (e.g., annual or multi-year) Disney+ subscriber goals, targets, and projections, including, but not limited to, internal dashboards, tracking reports, or scorecards provided to or reviewed by any Executive Officer and any such goals, targets, or projections that differed from those publicly disclosed;

(e) All documents and communications concerning plans for achieving external expectations or Disney's internal short-term (e.g., monthly or

-12-

quarterly) or long-term (e.g., annual or multi-year) goals, targets, or projections regarding Disney+ subscriber numbers or growth; and

(f) All documents and communications concerning the sustainability or quality of Disney+ subscriber numbers or growth.

**RESPONSE TO REQUEST NUMBER 3:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its six subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 4:**

All documents and communications concerning any iteration of the Five-Year Plan.

**RESPONSE TO REQUEST NUMBER 4:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that the phrase "any iteration" is vague and ambiguous.

Subject to these objections, Defendants will produce non-privileged documents responsive to the Request to the extent such documents and

-13-

communications are related to Disney+ and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 5:**

All documents and communications concerning the DMED Reorganization, including, but not limited to:

(a) All documents and communications concerning the decision to implement the DMED Reorganization;

(b) All documents and communications concerning the organizational and reporting structure changes associated with the DMED Reorganization;

(c) All documents and communications concerning the decision to change the financial reporting structure, including eliminating intersegment transfer pricing, as part of the DMED Reorganization;

(d) All documents analyzing or quantifying the impact of the change of the financial reporting structure on reported segment profitability, comparability with prior period financial results, and on Disney+ specific financial metrics;

(e) All documents and communications concerning Disney executives' and employees' reactions to and opinions of the DMED Reorganization; and

(f) All documents and communications concerning the purpose(s) and effect(s) of the DMED Reorganization.

**RESPONSE TO REQUEST NUMBER 5:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its six subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that seeking documents concerning "Disney executives' and employees' reactions to and opinions of the DMED Reorganization" is vague and ambiguous;

-14-

and (v) to the extent it misstates or mischaracterizes facts about "the decision to change the financial reporting structure, including eliminating intersegment transfer pricing[.]"

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that: a) Defendants Chapek and Daniel created DMED to gain full control of Disney+ (Compl. ¶¶ 155-63[1]); b) that Defendant Chapek used DMED to steer films to Disney+ in order to boost subscriber growth at the expense of Disney profits (¶¶ 164-68); and c) that Defendants Chapek, McCarthy, and Daniel used accounting manipulations to conceal runaway content costs (¶¶ 214-28).

**REQUEST NUMBER 6:**

All documents and communications concerning the appointment of Daniel as Chairman of DMED, including, but not limited to:

(a) All documents and communications concerning the reasons for the appointment;

(b) All documents and communications concerning any disagreement, dissention, resistance, argument, dispute, or opposition from Disney personnel about the appointment, either before it happened or afterward;

(c) All documents and communications concerning the terms and conditions of the appointment; and

(d) All documents and communications concerning the decision- making process for the appointment.

---

[1] Unless otherwise specified, references to paragraphs contained herein are citations to the Complaint in this Action.

-15-

**RESPONSE TO REQUEST NUMBER 6:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that: a) Defendants Chapek and Daniel created DMED to gain full control of Disney+ (¶¶ 155-63); b) that Defendant Chapek used DMED to steer films to Disney+ in order to boost subscriber growth at the expense of Disney profits (¶¶ 164-68); and c) that Defendants Chapek, McCarthy, and Daniel used accounting manipulations to conceal runaway content costs (¶¶ 214-28).

**REQUEST NUMBER 7:**

All documents and communications concerning Disney+ subscriber churn, including, but not limited to:

    (a) All documents and communications concerning the causes of or reasons for changes in Disney+ subscriber churn rates;

    (b) All documents and communications concerning analyses of churn rates broken down by subscriber cohort, including, but not limited to, subscribers acquired via promotional offers, specific Third-Party Partnerships, various international markets, and specific content-driven sign-ups;

    (c) All documents and communications concerning the causes of or reasons for Disney+ subscriber churn;

    (d) All documents and communications concerning plans or attempts to reduce Disney+ subscriber churn rates;

-16-

(e) All documents and communications concerning internal dashboards, regular reports, and presentations concerning churn that were provided to, reviewed by, or discussed by any Executive Officer, including any documents referring to Disney+ churn as a "leaky bucket" or similar terminology indicating concern;

(f) All documents and communications monitoring, tracking, estimating, or forecasting Disney+ subscriber churn rates; and

(g) All documents and communications concerning the impact of Third-Party Partnerships on Disney+ subscriber churn rates.

**RESPONSE TO REQUEST NUMBER 7:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its seven subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) to the extent it misstates or mischaracterizes facts about "documents referring to Disney+ churn as a 'leaky bucket' or similar terminology indicating concern."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 8:**

All documents and communications concerning the distribution of Disney+ content on other distribution platforms, including linear cable networks, movie theaters, and pay-per-view platforms, including, but not limited to:

(a) All documents and communications concerning the decision to release feature films on Disney+ before or in lieu of other distribution platforms (such as theaters or pay-per-view platforms);

(b) All documents and communications concerning the financial effect(s) and impacts on subscriber counts of releasing feature films on Disney+

-17-

before or in lieu of other distribution platforms (such as theaters or pay-per-view platforms);

(c) All documents and communications concerning the decision to debut Disney+ content on other distribution platforms (such as linear cable networks) immediately prior to releasing the content on Disney+. These documents include, but are not limited to, internal policies, guidelines, or communications discussing this specific cost allocation strategy, and any documents reflecting McCarthy's alleged concerns or criticisms of this practice; and

(d) All documents and communications concerning the financial impacts of debuting Disney+ content on other distribution platforms (such as linear cable networks) immediately prior to releasing the content on Disney+, including the impact on the allocation of content and marketing costs across the various distribution platforms. These documents include, but are not limited to, internal policies, guidelines, or communications discussing this specific cost allocation strategy, and any documents reflecting McCarthy's concerns or criticisms of this practice.

**RESPONSE TO REQUEST NUMBER 8:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) to the extent it misstates or mischaracterizes facts about "McCarthy's alleged concerns or criticisms."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

-18-

**REQUEST NUMBER 9:**

All documents and communications concerning Disney+ content costs or content budgets, including, but not limited to:

(a) All documents and communications concerning persons, methods, and considerations involved in setting, approving, or adjusting budgets for Disney+ content costs; and

(b) All documents and communications concerning monitoring, tracking, accounting for, estimating, or forecasting Disney+ content costs or spending related to DTC or Disney+.

**RESPONSE TO REQUEST NUMBER 9:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that: a) Disney chased subscriber growth with massive and unsustainable content spend (¶¶ 169-80) and b) Defendants Chapek, McCarthy, and Daniel used accounting manipulations to conceal runaway content costs (¶¶ 214-23).

**REQUEST NUMBER 10:**

All documents and communications concerning Disney's policies, practices, and procedures related to accounting for Disney+ content costs, including, but not limited to:

(a) All documents and communications concerning the amortization of Disney+ content costs; and

-19-

(b) All documents and communications concerning the allocation of costs across different distribution platforms and lines of business.

**RESPONSE TO REQUEST NUMBER 10:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its two subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that: a) Disney chased subscriber growth with massive and unsustainable content spend (¶¶ 169-80) and b) Defendants Chapek, McCarthy, and Daniel used accounting manipulations to conceal runaway content costs (¶¶ 214-23).

**REQUEST NUMBER 11:**

All documents and communications concerning Disney+ and DTC operating losses, including, but not limited to:

(a) All documents and communications concerning monitoring, tracking, accounting for, estimating, or forecasting Disney+ and DTC operating losses;

(b) All documents and communications concerning underlying data, financial models, assumptions, and sensitivity analyses provided to or reviewed by any Executive Officer quantifying, estimating, or forecasting Disney+ and DTC operating losses;

(c) All documents and communications concerning efforts to reduce or minimize Disney+ and DTC operating losses;

(d) All documents and communications concerning the causes or drivers of Disney+ and DTC operating losses; and

-20-

(e) All documents and communications concerning the effect of eliminating Intersegment Transfer Pricing on Disney+ and DTC operating losses.

**RESPONSE TO REQUEST NUMBER 11:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its five subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 12:**

All documents and communications concerning Third-Party Partnerships, including, but not limited to:

(a) All documents and communications concerning the decision to categorize all Entitled Subscribers as Paid Subscribers. These documents include, but are not limited to, policy documents, accounting memos, or internal communications that formalized or approved this definition and counting methodology;

(b) All contracts or agreements with companies with which Disney entered into Third-Party Partnerships;

(c) All documents and communications concerning the impact of Third-Party Partnerships on Disney+ subscriber numbers;

(d) All documents and communications concerning the effects of Third-Party Partnerships on Disney+ or DTC profitability or financial results; and

(e) All documents and communications concerning the number or rate of Disney+ subscribers that subscribed to Disney+ after their subscription or eligibility obtained through any Third-Party Partnership ended.

-21-

**RESPONSE TO REQUEST NUMBER 12:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its five subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that Defendant Disney used steep discounts and aggressive promotions to chase "low quality" subscriber growth (¶¶ 181-90).

**REQUEST NUMBER 13:**

All documents and communications concerning the decision to provide each Hulu+ Live TV subscriber with a free Disney+ subscription, including, but not limited to:

(a) All documents and communications concerning the impact of the decision on Disney+ subscriber numbers;

(b) All documents and communications concerning the internal rationale, financial modeling, and accounting treatment for this initiative;

(c) All documents and communications concerning the impact of the decision on Disney+ or DTC profitability or financial results; and

(d) All documents and communications concerning the decision to categorize each individual that received a free subscription as a Paid Subscriber.

**RESPONSE TO REQUEST NUMBER 13:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts;

-22-

(ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that Defendant Disney used steep discounts and aggressive promotions to chase "low quality" subscriber growth (¶¶ 181-90).

**REQUEST NUMBER 14:**

All documents and communications concerning the profitability (or lack thereof) of each international market in which Disney+ launched, including, but not limited to:

(a) All documents and communications concerning analyses, assessments, calculations, projections, or estimates of the profitability (or lack thereof) of each international market;

(b) All documents and communications concerning the average revenue per user for each international market;

(c) All documents and communications concerning the costs (including, but not limited to, costs associated with local content production, acquisition, and marketing) to launch and operate in each international market; and

(d) All documents and communications concerning the effect of international market launches on Disney+ or DTC profitability or financial results.

**RESPONSE TO REQUEST NUMBER 14:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

-23-

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that Defendants Chapek, McCarthy, and Daniel launched and operated Disney+ in unprofitable markets to address slowing subscriber growth (¶¶ 191-203).

**REQUEST NUMBER 15:**

All documents and communications concerning the decisions to launch Disney+ in various international markets, including, but not limited to, analyses, assessments, calculations, projections, or estimates of the impact on Disney+ subscriber counts associated with launching in each international market.

**RESPONSE TO REQUEST NUMBER 15:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent that such documents and communications are relevant to the allegations in the Complaint that Defendants Chapek, McCarthy, and Daniel launched and operated Disney+ in unprofitable markets to address slowing subscriber growth (¶¶ 191-203).

**REQUEST NUMBER 16:**

All documents and communications concerning monitoring or tracking of Disney+ content performance, including, but not limited to:

-24-

(a) All documents and communications concerning data related to Disney+ content performance (including as discussed in Complaint, ¶32);

(b) All documents and communications tracking, monitoring, or estimating content performance;

(c) All documents and communications concerning decisions to remove content from Disney+, including underperforming content; and

(d) All documents and communications concerning decisions not to remove or to delay the removal of underperforming content during the Class Period, or any internal analyses that suggested that such underperforming content was not driving subscriber acquisition or retention.

**RESPONSE TO REQUEST NUMBER 16:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) to the extent it misstates or mischaracterizes facts about Disney's decision to remove "underperforming content" from Disney+.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 17:**

All documents and communications concerning any report, brief, summary or compilation related to the 2024 Disney+ Subscriber Target, the 2024 Disney+ Profitability Target, Disney+ subscribers, Disney+ profitability, Disney+ churn, Disney+ or DTC content costs or spending, DTC operating losses, Third-Party Partnerships, Disney+ international markets, or Disney+ content performance.

-25-

**RESPONSE TO REQUEST NUMBER 17:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request Nos. 1-3 and 7-16.

Subject to these objections, Defendants incorporate their responses to Request Nos. 1-3 and 7-16 and will produce (subject to those responses) non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 18:**

All documents and communications concerning any formal or informal meeting attended by any Executive Officer concerning the 2024 Disney+ Subscriber Target, the 2024 Disney+ Profitability Target, Disney+ subscribers, Disney+ profitability, Disney+ churn, Disney+ or DTC content costs or spending, DTC operating losses, Third-Party Partnerships, Disney+ international markets, or Disney+ content performance.

**RESPONSE TO REQUEST NUMBER 18:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that the phrase "formal or informal meeting" is vague and ambiguous; and (v) on the grounds that it is duplicative of Request Nos. 1-3 and 7-17.

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Subject to these objections, Defendants incorporate their responses to Request Nos. 1-3 and 7-17 and will produce (subject to those responses) non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 19:**

All documents, including all drafts, and all communications concerning the preparation, content, review process, and submission of Disney's SEC filings, including, but not limited to, all drafts, internal communications, and preparatory materials.

**RESPONSE TO REQUEST NUMBER 19:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications concerning Disney's public filings; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent such documents and communications concern Disney's SEC filings filed during the Class Period, are related to Disney+ subscriptions or performance, and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 20:**

All documents and communications concerning any communications, conference calls, presentations, or meetings with any Disney shareholders, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers, including, but not limited to, any scripts, drafts, transcripts, notes, edits, comments, preparatory materials, talking points, and anticipated questions and answers.

-27-

**RESPONSE TO REQUEST NUMBER 20:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications concerning "any communications, conference calls, presentations, or meetings with any Disney shareholders, financial analysts, institutional investors, financial publications, news reporters, journalists, or investment bankers"; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent such documents and communications are related to Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 21:**

All documents and communications concerning Disney's quarterly earnings conference calls, including, but not limited to, any scripts, transcripts, notes, comments, preparatory materials, talking points, anticipated questions and answers, and communications with analysts before or after the conference call.

**RESPONSE TO REQUEST NUMBER 21:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications concerning Disney's quarterly earnings conference calls; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request No. 20.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent such documents and communications are related to Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 22:**

All documents and communications concerning any meeting of Disney's Board of Directors (whether informal or formal and including meetings of any committee or subcommittee thereof) during which the subject matter of any allegation in the Complaint was discussed, including board packages, financial closing packages, meeting minutes, exhibits, agendas, memoranda, resolutions (whether adopted or discussed), notes, reports, and presentations, as well as all documents and communications concerning any action of Disney's Board of Directors by written consent. This request includes, but is not limited to, all deliberations and information provided to Disney's Board of Directors concerning Disney+ strategy, subscriber targets, financial performance, content spending, churn, international expansion risks, and executive oversight of these areas. This request also includes, but is not limited to, all materials, reports, and presentations provided to Disney's Board of Directors or any of its committees by, or at the direction of, any Executive Officer concerning any of the topics listed in Request for Production No. 17 of these requests.

**RESPONSE TO REQUEST NUMBER 22:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) as vague and ambiguous to the extent it seeks documents from "informal or formal" meetings where "the subject matter of any allegation in the Complaint was discussed."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

-29-

**REQUEST NUMBER 23:**

All documents and communications concerning Chapek's June 2022 contract renewal, including, but not limited to:

(a) All documents and communications concerning assessments, evaluations, reviews, analyses, or considerations related to the decision to renew Chapek's contract;

(b) All Board of Directors materials, minutes, and communications (including, but not limited to, any informal discussions among directors) related to the evaluation process and the decision to renew Chapek's contract;

(c) All documents and communications concerning any meeting (formal or informal) concerning Chapek's employment performance or the decision to renew his contract;

(d) All documents and communications concerning the terms of Chapek's renewed contract; and

(e) All documents and communications regarding any disagreement, dissention, resistance, argument, dispute, or opposition related to Chapek's contract renewal.

**RESPONSE TO REQUEST NUMBER 23:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its five subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents sufficient to show the terms and conditions of Defendant Chapek's June 2022 contract renewal that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, and only to the extent such documents and communications are relevant to the allegations in the

-30-

Complaint that Defendant Chapek sought to "increase Disney+ subscriptions at a shocking rate in order to secure contract renewal and achieve the maximum bonus possible" (¶ 241).

**REQUEST NUMBER 24:**

All documents and communications concerning Chapek's or Daniel's management or leadership style or tone, including, but not limited to, any formal or informal complaints related to Chapek's or Daniel's management or leadership style or tone.

**RESPONSE TO REQUEST NUMBER 24:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) as vague and ambiguous on the grounds that it seeks documents concerning Chapek's and Daniel's "management or leadership style or tone," including "any formal or informal complaints" related to the same; and (v) on the grounds that it is duplicative of Request No. 23.

Defendants will not conduct a separate search for or produce documents responsive to Request No. 24.

**REQUEST NUMBER 25:**

All documents and communications concerning any assessments, evaluations, reviews, or analyses of Chapek's, McCarthy's, or Daniel's employment performance.

**RESPONSE TO REQUEST NUMBER 25:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications concerning "Chapek's, McCarthy's, or Daniel's employment performance"; (ii) to the extent it seeks documents that are not relevant

-31-

to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) as vague and ambiguous on the grounds that it seeks documents concerning Chapek's and Daniel's "management or leadership style or tone," including "any formal or informal complaints" related to the same; and (v) on the grounds that it is duplicative of Request Nos. 23-24.

Defendants are willing to meet and confer with Plaintiffs regarding the meaning and scope of Request No. 25.

**REQUEST NUMBER 26:**

All documents and communications concerning any Executive Officer's impressions of or opinions about Chapek's or Daniel's performance, management style, or decision-making.

**RESPONSE TO REQUEST NUMBER 26:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) as vague and ambiguous on the grounds that it seeks documents concerning "impressions of or opinions about Chapek's or Daniel's performance, management style, or decision-making"; and (v) on the grounds that it is duplicative of Request Nos. 23-25.

Defendants will not conduct a separate search for or produce documents responsive to Request No. 26.

**REQUEST NUMBER 27:**

All documents and communications concerning all compensation that each Executive Officer received or was eligible to receive from Disney, including, but not limited to:

-32-

(a) All documents and communications concerning all components of the Executive Officers' compensation, including salaries, bonuses, and equity-based incentive compensation;

(b) All documents and communications detailing how performance metrics, including Disney+ subscriber growth, were tied to annual bonuses and equity awards for the Executive Officers;

(c) All documents and communications concerning any changes in compensation;

(d) All documents and communications concerning compensation policies, terms, and agreements;

(e) All documents and communications concerning reviews, analyses, and considerations involved in determining variable compensation payout levels for each Executive Officer;

(f) All documents and communications concerning benchmarking compensation against peer groups;

(g) All documents and communications concerning attempts to reduce or claw back any of the Executive Officers' compensation; and

(h) All documents and communications concerning any of the Executive Officers' severance packages, termination agreements, parachute payments, or any other negotiation or agreement regarding post-termination or post-resignation compensation.

**RESPONSE TO REQUEST NUMBER 27:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including that it seeks "all" documents and communications responsive to this Request and its eight subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that it is duplicative of Request Nos. 23-26; and (v) to the extent it seeks documents related to the compensation of dismissed defendant Robert Iger.

Subject to these objections, Defendants Chapek, Daniel, and McCarthy will produce non-privileged documents sufficient to show the terms and conditions of their employment at Disney that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent such documents and communications are relevant to subpart (b) of this Request, namely "how performance metrics, including Disney+ subscriber growth, were tied to annual bonuses and equity awards for the Executive Officers." Defendants will not conduct a separate search for or produce documents responsive to subparts (a) or (c)-(h) of this Request on the grounds that they are overbroad, irrelevant, and captured by the other Requests.

**REQUEST NUMBER 28:**

All documents and communications concerning transactions in Disney securities by any Executive Officer, including, but not limited to:

(a) All documents and communications concerning any awards, exercises, purchases, or sales of Disney securities by any Executive Officer;

(b) All documents and communications concerning the adoption, modification, or termination of Rule 10b5-1 trading plans by the Executive Officers, along with all documents and communications concerning the establishment or execution of sales under such plans; and

(c) All documents and communications concerning any of the Executive Officers' Rule 10b5-1 trading plans, including any modification, adoption, or cancellation of any plan.

**RESPONSE TO REQUEST NUMBER 28:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including that it seeks "all" documents and communications responsive to this Request and its three subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

-34-

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent relevant to the remaining claims in the Action (and not as to dismissed claims or dismissed defendant Robert Iger) that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.  Defendants will not produce any documents concerning Robert Iger's transactions in Disney securities.

**REQUEST NUMBER 29:**

All documents and communications concerning the departure, resignation, or termination, of Chapek, McCarthy, Daniel, or Arthur Bochner, including, but not limited to, documents or communications detailing the reasons for these departures, including any separation agreements or internal announcements.

**RESPONSE TO REQUEST NUMBER 29:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action, including, but not limited to, separation agreements; and (iii) it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent relevant to the allegations in the Complaint that these changes in leadership supported an inference of fraudulent intent or scienter (¶¶ 351-57).

**REQUEST NUMBER 30:**

All documents and communications concerning the decision to rehire Iger as Disney CEO in November 2022.

-35-

**RESPONSE TO REQUEST NUMBER 30:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent relevant to the allegations in the Complaint, namely that Iger's return was related to Disney+ subscriptions and/or performance, that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 31:**

All documents and communications concerning the accessibility of internal data regarding Disney+ or DTC, including, but not limited to:

(a) All documents and communications concerning limited or restricted access to internal data;

(b) All documents and communications demonstrating who had or did not have access to internal data;

(c) All documents and communications concerning any requests for access to Disney+ or DTC operational or financial data by Disney employees or executives that were denied, restricted, or delayed, including the reasons provided for such denial, restriction, or delay; and

(d) All documents and communications concerning policies, practices, and procedures regarding access to internal data.

**RESPONSE TO REQUEST NUMBER 31:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its four subparts;

-36-

(ii) it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) it seeks information protected from disclosure by any Privilege; and (iv) as vague and ambiguous to the extent it seeks documents and communications concerning unidentified individuals "who had or did not have access" to undefined "internal data," as well as requests for data from all and unidentified "Disney employees or executives[.]"

Subject to these objections, Defendants are willing to meet and confer with Plaintiffs regarding the meaning and scope of Request No. 31.

**REQUEST NUMBER 32:**

All documents and communications concerning meetings (formal or informal) with the Executive Officers regarding Disney's fourth quarter of 2022 ("4Q22") financial results, including, but not limited to:

(a) The September 2022 meeting during which Chapek and McCarthy discussed Disney's 4Q22 financial results with Disney's Board of Directors (see Complaint, ¶364);

(b) The meeting in Orlando, Florida during which Kristina Schake and Alexia Quadrani discussed Disney's 4Q22 financial results with Chapek (see Complaint, ¶365); and

(c) The November 2022 meeting at Disney's New York offices during which Disney executives discussed Disney's 4Q22 results with Chapek (see Complaint, ¶365).

**RESPONSE TO REQUEST NUMBER 32:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its three subparts; (ii) it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) it seeks information protected from disclosure by any Privilege; and (iv) as vague and ambiguous to the extent it seeks documents and communications concerning "formal or informal" meetings.

-37-

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent that such documents and communications are related to Disney+ and/or its profitability and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 33:**

All documents and communications concerning the decision to unwind DMED that Iger announced during Disney's February 8, 2023 earnings call, including, but not limited to:

(a) All documents and communications concerning all information considered when deciding to unwind DMED;

(b) All documents and communications concerning any criticism of DMED or the need to unwind DMED; and

(c) All documents and communications concerning the purpose, reason(s), or effect of unwinding DMED. These documents include, but are not limited to, explicit or implicit admissions about the flaws, inefficiencies, or detrimental effects of the original DMED reorganization and any documents reflecting Iger's statements that the DMED reorganization "was a mistake" or "created a huge divide."

**RESPONSE TO REQUEST NUMBER 33:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its three subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) to the extent it misstates or mischaracterizes facts about any "admissions about the flaws, inefficiencies, or detrimental effects of the original DMED reorganization" and/or "Iger's statements that the DMED reorganization 'was a mistake' or 'created a huge divide.'"

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent such documents and communications are related to Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 34:**

All documents and communications concerning the $5.5 billion cost-cutting initiative that Iger announced during Disney's February 8, 2023 earnings call, including, but not limited to:

> (a) All documents and communications concerning all information considered when deciding to implement the $5.5 billion cost-cutting initiative;
>
> (b) All documents and communications concerning any criticism or concern about Disney's costs; and
>
> (c) All documents and communications concerning the purpose(s) and effect(s) of the $5.5 billion cost-cutting initiative.

**RESPONSE TO REQUEST NUMBER 34:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its three subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request to the extent such documents and communications are related to Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

-39-

**REQUEST NUMBER 35:**

All documents and communications concerning Disney's share price, market capitalization, number of shareholders, volume of shares traded, and stock price movements.

**RESPONSE TO REQUEST NUMBER 35:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications concerning Disney's share price; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request No. 19.

Subject to these objections, Defendants will produce non-privileged documents responsive to the Request to the extent such documents and communications are related to Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 36:**

All documents and communications concerning the possible or actual factors or reasons that led to any change in the price of Disney common stock.

**RESPONSE TO REQUEST NUMBER 36:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) as vague and ambiguous to the extent is seeks documents and communications about "possible or

-40-

actual factors or reasons" that led to any change in Disney's share price; and (v) on the grounds that it is duplicative of Request No. 35.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 37:**

All documents and communications concerning Disney's public disclosures on November 10, 2021, November 8, 2022, and May 10, 2023, including, but not limited to, the impact of these disclosures on Disney's stock price.

**RESPONSE TO REQUEST NUMBER 37:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request Nos. 19-21 and 38-41.

Subject to these objections, Defendants will produce non-privileged documents responsive to the Request to the extent such documents and communications are related to Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 38:**

All documents and communications concerning the lower-than-expected Disney+ subscriber growth Disney reported on November 10, 2021, including, but not limited to, the reasons for or drivers of the lower-than-expected Disney+ subscriber growth and all documents concerning internal discussions and analyses prior to this public disclosure that indicated a potential shortfall or a slowdown in subscriber growth.

-41-

**RESPONSE TO REQUEST NUMBER 38:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that it is duplicative of Request Nos. 19-21 and 37; (v) on the grounds that the phrase "lower-than-expected" is vague and ambiguous; and (vi)  to the extent it makes inappropriate legal and/or factual conclusions, including that the subscriber growth was "lower-than-expected."

Subject to these objections, Defendants will produce non-privileged documents responsive to the Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 39:**

All documents and communications concerning McCarthy's November 10, 2021 statement that "we now expect that Disney+ will reach its peak year of losses in fiscal 2022 instead of fiscal 2021" including the reasons that the expected peak year of losses for Disney+ moved from fiscal 2021 to fiscal 2022, including, but not limited to, all documents underlying and supporting this specific revised forecast. This includes, but is not limited to, the analyses, data, and internal communications that led to this change in expectation.

**RESPONSE TO REQUEST NUMBER 39:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request Nos. 19-21 and 37.

-42-

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 40:**

All documents and communications regarding the $1.47 billion in DTC operating losses reported on November 8, 2022, including all documents and communications concerning the reasons for or drivers of the DTC operating losses and all documents tracking, estimating, or demonstrating the impact of different business results or variables on DTC operating losses.

**RESPONSE TO REQUEST NUMBER 40:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request Nos. 19-21 and 37.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 41:**

All documents and communications concerning the $1.5 billion impairment and removal of content from Disney+ announced in May 2023 and June 2023, including, but not limited to:

(a) All documents and communications concerning all information considered when deciding to remove content from Disney+, including for each program listed in Appendix A to the Complaint; and

(b) All documents and communications concerning the purpose(s) and effect(s) of the $1.5 billion impairment and content removal.

-43-

**RESPONSE TO REQUEST NUMBER 41:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request and its two subparts; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that it is duplicative of Request Nos. 19-21 and 37; and (v) as vague and ambiguous to the extent it seeks documents and communications on "all information considered when deciding to remove content from Disney+."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 42:**

All documents and communications concerning any media, insider trading, code of conduct, or corporate disclosure policies or procedures, including all documents and communications concerning actual or potential violations of any of these policies or procedures.

**RESPONSE TO REQUEST NUMBER 42:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) as vague or ambiguous to the extent it seeks documents and communications concerning "actual or potential violations of any of these policies or procedures." To the extent any documents or communications could be relevant to the allegations in the Complaint, Defendants further object that such documents or communications, including any

-44-

pertaining to "actual or potential violations," are in all likelihood the result of internal investigations and therefore subject to Privilege.

Defendants will not conduct a separate search for or produce documents responsive to Request No. 42.

**REQUEST NUMBER 43:**

Calendars, date books, telephone logs, telephone bills (local, long distance, and cellular), timesheets, expense reports, visitor logs, and/or appointment books reflecting Disney-related activities, maintained by each of the Executive Officers and each current or former Disney employee identified in Disney's forthcoming disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(1).

**RESPONSE TO REQUEST NUMBER 43:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks detailed information on each of the Executive Officers and "each current or former Disney employee" identified in Disney's Rule 26(a)(1) disclosures; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that the phrase "Disney-related activities" is vague and ambiguous; and (v) on the grounds that any relevant electronic calendar invitations, and their attendant list of invitees, will be captured in searches for the other Requests.

Defendants will not conduct a separate search for or produce documents responsive to Request No. 43.

**REQUEST NUMBER 44:**

Documents sufficient to identify all personal and business phone numbers, email addresses, secretaries, and/or personal assistants for the Executive Officers and each current or former Disney employee identified in Disney's forthcoming disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(1).

-45-

**RESPONSE TO REQUEST NUMBER 44:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome to the extent it seeks to require Disney to go beyond what is required under the Applicable Rules; and (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action.

Subject to these objections, Defendants will produce documents sufficient to identify the Executive Officers and current or former Disney employees identified in Disney's forthcoming disclosures in accordance with the Applicable Rules.

**REQUEST NUMBER 45:**

All documents and communications concerning each Executive Officer's employment agreement(s) with Disney.

**RESPONSE TO REQUEST NUMBER 45:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections, Defendants Chapek, McCarthy, and Daniel will produce non-privileged documents sufficient to show the terms and conditions of their employment. Defendants will also produce non-privileged documents responsive to this Request to the extent such documents and communications are relevant to the allegations in the Complaint and/or Disney+ subscriptions or performance and can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 46:**

Directories, organizational charts, or other documents sufficient to identify Disney's organizational structure, officers, and employees.

-46-

**RESPONSE TO REQUEST NUMBER 46:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome; and (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action.

Subject to these objections, Defendants will produce documents sufficient to identify Disney's organizational structure related only to its high-level officers.

**REQUEST NUMBER 47:**

All documents identified in your forthcoming Federal Rule of Civil Procedure 26(a)(1) disclosures.

**RESPONSE TO REQUEST NUMBER 47:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; and (ii) as duplicative on the grounds that the categories of relevant documents identified by Defendants in their initial disclosures are all captured, in their entirety, by these Requests.

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 48:**

All documents and communications concerning all insurance policies, indemnification agreements, hold harmless agreements, and/or by-laws that may provide coverage for you for all or part of any potential liability arising from the claims alleged in the Complaint.

**RESPONSE TO REQUEST NUMBER 48:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is

-47-

therefore not proportional to the needs of the Action; and (iii) to the extent it seeks information protected from disclosure by any Privilege.

Subject to these objections and in accordance with the Applicable Rules, Defendants will produce any policies under which an insurance business may be liable to satisfy all or part of a possible judgment in the Action or to indemnify or reimburse for payments made to satisfy a judgment subject to a protective order agreed to by the Parties and/or entered by the Court.

**REQUEST NUMBER 49:**

All documents and communications concerning Disney's document retention policies and the preservation, search for, collection, maintenance, destruction, or alteration of documents or ESI.

**RESPONSE TO REQUEST NUMBER 49:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that Plaintiffs have raised no issues with respect to Defendants' preservation of documents or electronically-stored information, and the parties have agreed to confer regarding any preservation-related issues as any searches proceed.

Defendants will not conduct a separate search for or produce documents responsive to Request No. 49.

**REQUEST NUMBER 50:**

All documents and communications concerning any of the affirmative and other defenses set forth in the Answer.

**RESPONSE TO REQUEST NUMBER 50:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all"

-48-

documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) as vague and ambiguous to the extent it seeks documents and communications regarding "any of [Defendants'] affirmative defenses or other defenses."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 51:**

All documents and communications reflecting any internal complaints, concerns, or objections raised by Disney employees or contractors regarding Disney+ subscriber metrics, subscriber growth sustainability, the accuracy of Disney+ financial reporting, or the allocation of costs to Disney+. This request includes, but is not limited to, any reports of such concerns made to Disney's management, Disney's Board of Directors, internal audit, compliance hotlines, or regulators.

**RESPONSE TO REQUEST NUMBER 51:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that it is duplicative of Request Nos. 3 and 17-18; and (v) to the extent it misstates or mischaracterizes facts about "any internal complaints, concerns, or objections raised by Disney employees or contractors."

Subject to these objections, Defendants will produce non-privileged documents responsive to this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

-49-

Defendants will not specifically search for documents from Disney's internal audit, compliance hotlines, or regulators on the grounds that these additional searches would be overly broad and unduly burdensome.

**REQUEST NUMBER 52:**

All communications (including emails, text messages, or memos) sent or received by any of the Executive Officers that express concern, disagreement, or skepticism regarding: (a) Disney+ subscriber growth rates or projections; (b) the ability of Disney+ to meet its 2024 subscriber or profitability targets; or (c) the practice of debuting content on other platforms to shift costs away from Disney+.

**RESPONSE TO REQUEST NUMBER 52:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) to the extent it seeks documents "sent or received by any of the Executive Officers," including dismissed defendant Robert Iger; (v) on the grounds that it is vague, ambiguous, and makes inappropriate legal and/or factual conclusions, including that Defendants had a "practice of debuting content on other platforms to shift costs away from Disney+"; and (vi) on the grounds that it is duplicative with other Requests, including, but not limited to, Request Nos. 1-2 and 51.

Subject to these objections, Defendants will produce non-privileged communications responsive to the Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 53:**

All documents sufficient to show the metrics and data displayed by Disney's internal dashboards or analytics systems used to monitor Disney+ performance during the Class Period. This includes, without limitation, reports, data exports, slide decks, or screenshots from any

-50-

business intelligence tools or platforms (e.g., Tableau reports, Workday dashboards, or similar internal databases) that tracked: (a) Disney+ subscriber counts (total and by region, including Disney+ Hotstar); (b) subscriber growth or churn rates; (c) average revenue per user; (d) content costs or expenses allocated to Disney+; and/or (e) Disney+ segment profitability or forecasts.

**RESPONSE TO REQUEST NUMBER 53:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that the phrase "metrics and data displayed by Disney's internal dashboards or analytics systems" is vague and ambiguous; and (v) on the grounds that it is duplicative of Request Nos. 1-3, 7, 9, 16, and 17.

Subject to these objections, Defendants will produce documents sufficient to show the metrics and data displayed by Disney's internal dashboards or analytics systems used to monitor Disney+ performance during the Class Period.

**REQUEST NUMBER 54:**

For the Executive Officers and each person who, during the Class Period, served as a Disney officer or director with responsibilities relating to Disney+, all documents and communications about Disney+'s subscribers, financial performance, or strategic decisions that are stored on or were transmitted via any personal device, personal email account, or non-Disney messaging application. This includes relevant communications made via text message/SMS, iMessage, Signal, WhatsApp, Telegram, personal Gmail or other email, or similar platforms, to the extent such communications exist.

**RESPONSE TO REQUEST NUMBER 54:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is

-51-

therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that seeking documents on "each person who . . . served as a Disney officer or director with responsibilities relating to Disney+" is overly broad, vague, and ambiguous; and (v) on the grounds that it is duplicative of Request Nos. 1-3, 7, 9, 16-17, and 51-52.

Subject to these objections, Defendants are willing to meet and confer with Plaintiffs regarding the meaning and scope of Request No. 54 and will address this Request through the parties' discussion of potential custodians in this Action.

**REQUEST NUMBER 55:**

> All documents and communications, from January 1, 2020 to May 10, 2023, concerning strategies, plans, or internal discussions regarding public communications or messaging to investors, analysts, or the media relating to Disney+ subscriber numbers, Disney+ subscriber growth, Disney+ subscriber targets, the Disney+ content slate or content spending, Disney+ international expansion, or Disney+ financial performance (including profitability and operating losses), including, but not limited to, internal talking points, Q&A preparation documents not specifically tied to earnings calls, media engagement strategies, crisis communication plans (if any related to these topics), and internal deliberations or guidance on how to frame or present such information.

**RESPONSE TO REQUEST NUMBER 55:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of Request Nos. 1-3, 7, 9, 16-17, and 37-40.

Subject to these objections, Defendants will produce non-privileged communications responsive to the Request that can be located after a reasonable

-52-

search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 56:**

All documents and communications reflecting any Executive Officer's awareness of, or response to, internal concerns, criticisms, or warnings raised by any Disney employee, executive, or consultant regarding: (a) the achievability or sustainability of the 2024 Disney+ Subscriber Target or the 2024 Disney+ Profitability Target; (b) the accuracy or methodology of Disney+ subscriber counting, including the treatment of Entitled Subscribers; (c) the actual or projected rates of Disney+ subscriber churn; (d) the financial viability or profitability of Disney+ international market expansions; (e) the effectiveness or return on investment of Disney+ content spending in driving quality subscriber growth; or (f) the operational or financial impacts of the DMED Reorganization.

**RESPONSE TO REQUEST NUMBER 56:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that the phrases "any Disney employee, executive, or consultant" and "the operational or financial impacts of the DMED Reorganization" are overbroad, vague, and ambiguous; (v) on the grounds that it is vague, ambiguous, and makes inappropriate legal and/or factual conclusions concerning "any Executive Officer's awareness of, or response to, internal concerns, criticisms, or warnings raised by any Disney employee, executive, or consultant"; and (vi) on the grounds that it is duplicative of Request Nos. 1-3, 7, 9, 16-17, 37-40, and 51-52.

Subject to these objections, Defendants will produce non-privileged documents responsive to subparts (a)-(e) of this Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs, only to the extent relevant to the allegations in the

Complaint. Defendants will not conduct a separate search for or produce documents responsive to subpart (f) of this Request on the grounds that it is overbroad, irrelevant, and already captured by the other Requests.

**REQUEST NUMBER 57:**

All documents and communications that analyze, model, calculate, quantify, or report the specific dollar impact on: (a) Disney+ segment content costs; (b) Disney+ segment operating income or loss; and (c) DTC segment operating income or loss, resulting from the elimination of Intersegment Transfer Pricing for content sales to Disney+ following the DMED Reorganization, for each fiscal quarter from the first quarter of 2021 through the fourth quarter of 2021. This request includes any analyses comparing these reported figures to what they would have been under the prior accounting methodology using Intersegment Transfer Pricing.

**RESPONSE TO REQUEST NUMBER 57:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents and communications responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; and (iv) on the grounds that it is duplicative of other Requests, including Request Nos. 5 and 11.

Subject to these objections, Defendants will produce non-privileged documents responsive to the Request that can be located after a reasonable search using a search and scope protocol to be agreed upon by Defendants and Plaintiffs.

**REQUEST NUMBER 58:**

All documents and communications, from February 25, 2020 to December 31, 2021, that were provided to, created by, sent by, or reflect the participation of Iger in his capacity as Executive Chairman of Disney, concerning: (a) Disney+ subscriber targets, projections, or actual performance; (b) the financial viability or profitability of the Disney+ subscriber growth strategy; (c) the DMED Reorganization and its operational or financial impacts; (d) Disney+ content spending levels or strategy; (e) Disney+ subscriber churn rates or analyses; or (f) the profitability of Disney+ international market operations. This request includes, but is not limited to, reports, memoranda, presentations, emails, and notes of meetings.

**RESPONSE TO REQUEST NUMBER 58:**

In addition to the foregoing objections, Defendants object to this Request: (i) as overly broad and unduly burdensome, including to the extent that it seeks "all" documents responsive to this Request; (ii) to the extent it seeks documents that are not relevant to any claims or defenses in the Action, and is therefore not proportional to the needs of the Action; (iii) to the extent it seeks information protected from disclosure by any Privilege; (iv) on the grounds that the phrase "DMED Reorganization and its operational or financial impacts" is overbroad, vague, and ambiguous; and (v) on the grounds that it is duplicative of Request Nos. 1-3, 5-7, 9, 16-17, 32-34, and 51-52.

All claims against Iger as a defendant in this Action have been dismissed. Defendants will therefore not conduct a separate search for or produce documents responsive to Request No. 58 on the grounds that the Request is irrelevant.

-55-

Dated:  July 7, 2025

Respectfully submitted,

WHITE & CASE LLP
MUNGER, TOLLES & OLSON LLP

By: _____*Jonathan Polkes*_____
        JONATHAN D. POLKES

*Attorneys for Defendants The Walt Disney Company, Robert Chapek, Christine M. McCarthy, and Kareem Daniel*

-56-

**CERTIFICATE OF SERVICE BY EMAIL**

I, Michelle Gemmell, not a party to the within action, hereby declare that on July 7, 2025, I served the foregoing Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents on the following parties via email:

**COUNSEL FOR PLAINTIFFS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| Daniel S. Drosman<br>Ryan A. Llorens<br>Jessica T. Shinnefield<br>Jeffrey J. Stein<br>Nicole Q. Gilliland<br>Jessica E. Robertson | Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) | dand@rgrdlaw.com<br>ryanl@rgrdlaw.com<br>jshinnefield@rgrdlaw.com<br>jstein@rgrdlaw.com<br>ngilliland@rgrdlaw.com<br>jrobertson@rgrdlaw.com |

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| Jonathan D. Polkes<br>Stacy Nettleton<br>Adam B. Banks<br>Joshua D. Weedman<br>Susan L. Grace | White & Case LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212/819-8200<br>212/354-8113 (fax) | jonathan.polkes@whitecase.com<br>stacy.nettleton@whitecase.com<br>adam.banks@whitecase.com<br>jweedman@whitecase.com<br>susan.grace@whitecase.com |
| John W. Spiegel<br>John M. Gildersleeve | Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: 213/683-9100<br>213/687-3702 (fax) | john.spiegel@mto.com<br>john.gildersleeve@mto.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2025 at New York, New York.

*Michelle Gemmell*
MICHELLE GEMMELL

-57-

DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS