# EXHIBIT J

**WHITE & CASE**

October 7, 2025

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

**VIA EMAIL**

Jessica T. Shinnefield, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101
ddrosman@rgrdlaw.com

**Re**:    *Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al., No. 2:23-cv-03661-CBM (ASx) (C.D. Cal.)*

Dear Jessica:

I write on behalf of Defendants in the above-referenced action to memorialize Defendants' positions on outstanding issues regarding Plaintiffs' discovery requests. In particular, this letter addresses Plaintiffs' September 19, 2025 letter and counterproposal for search terms and custodians, as discussed during the parties' October 3, 2025 meet and confer and in your October 6, 2025 letter.

We appreciate that Plaintiffs say they are now willing to consider our positions, including modifying Defendants' proposed search terms. Please provide any proposed modifications by October 9, 2025. Nevertheless, as stated on the October 3 meet and confer, this time-consuming process has gone on for far too long, particularly in light of the short schedule. Accordingly, this letter proposes a process for submitting any outstanding disputes to the Court pursuant to Judge Sagar's Informal Discovery Dispute Resolution procedure early next week.

   A.    **Search Terms**

   1.  **Defendants' Search Terms**

Defendants' search protocol, including 36 custodians, 51 searches, and numerous non-custodial sources of documents, is estimated to generate nearly a million documents for review (once all data has been collected and loaded). On its face, the protocol is broadly designed to identify responsive documents and plainly meets the Rule 26 relevance and proportional requirements.

Defendants have considered other modifications that Plaintiffs propose in their September 19 letter. Defendants will make the following modifications. These modifications are shown in the revised search protocol and hit report attached as Appendix A.

WHITE & CASE

Jessica T. Shinnefield, Esq.
October 7, 2025

- Modifiers Related to Disney+: "Disney+," "D+," and "DTC" modifiers will be removed from Searches 29 (compensation of executive officers), 30 (executive officers' securities transactions), 32 (decision to rehire Iger), and 34-36 (DMED unwind announced in February 2023).

- Search No. 6 (DMED reorganization; Daniel appointment to DMED): David Lindbom, an executive in Organizational Development, will be included as a custodian.

- Searches Nos. 16-18 (third-party partnerships; public communications): As explained below, Defendants will include Rebecca Campbell as an additional custodian and will include her as a custodian for these searches.

- Search No. 28 (Robert Chapek's contract renewal): Jolene Negre will be included as a custodian for this search.

- Searches Nos. 46-47 (peak year of losses adjustment): The following finance-related or finance-adjacent employees will be added as custodians for these searches: Justin Warbrooke, Patrick Garrison, Justin Petrosini, Bryan Castellani, Robert Chapek, Nathan Harris, Jennifer Kettnich, Veda Kong, Denise Morgan, Stefan Rasch, and Luckas Wickart.

- Search No. 37 (cost-cutting initiative): Defendants will extend the start time for this search from January 1, 2023 back to November 20, 2022, the date Iger announced his return as CEO. The following finance-related or finance-adjacent employees will also be added as custodians for this search: Justin Warbrooke, Patrick Garrison, Justin Petrosini, Bryan Castellani, Chapek, Nathan Harris, Jennifer Kettnich, Veda Kong, Denise Morgan, Stefan Rasch, and Luckas Wickart.

Defendants will also replace "AND" connectors with "OR" connectors for five searches. *See* September 19 letter at 3.

- Search No. 23 (content removal or delay of removal): Instead of including the string "content W/25 (subscri* AND (delay* AND remov*)", this search will apply the string "content W/25 (subscri* AND (delay* OR remov*)".

- Search No. 35 (DMED unwind announced in February 2023): Instead of including the string "('Disney+' or 'D+') AND DMED)", this search will apply the string ""('Disney+' or 'D+') OR DMED)".

- Search No. 51 (Chapek and Daniel's management style; impressions of Chapek or Daniel; concerns and complaints re: Disney+ growth and financials, et. al): Instead of including the string "(subscri* OR finan* cost*))," this search will apply the string "(subscri* OR finan* OR cost*))".

Since Defendants will add Susan Arnold as a custodian (as discussed below), Arnold will be included as a custodian in Searches 28 (Chapek's contract renewal) and 32 (decision to rehire

2

WHITE & CASE

Jessica T. Shinnefield, Esq.
October 7, 2025

Robert Iger), along with searches across all custodians. Defendants will not make further modifications based on Plaintiffs' other criticisms of Defendants' searches in the September 19 letter.

### 2.  Plaintiffs' Search Terms

To be clear, Defendants have not "refused" to consider Plaintiffs' search term counterproposals as asserted in you October 6 letter.  To the contrary, and as explained in the parties' meet and confers and related correspondence, Defendants and their e-discovery vendor have spent significant time and resources attempting to run Plaintiffs proposed searches, generate hit reports and evaluate the results. But as explained on the October 3 meet and confer, Plaintiffs' most recent search term counterproposal, which results in 2.45 million documents (not including the additional 19 custodians Plaintiffs have requested), is not reasonable.  Plaintiffs' position is exacerbated by the way Plaintiffs' structured their counterproposal.  Rather than modify or add to Defendants' proposed search protocol (which already generates nearly a million documents for review), Plaintiffs drafted entirely new, complex searches. As we repeatedly explained to Plaintiffs, those new proposed searches required our vendor to craft multiple searches using Plaintiffs terms so they could be run on our vendor's systems and further required our vendor to engage in a time-consuming manual process to determine hit counts. All of this took an unnecessary amount of time. Ultimately, Plaintiffs' most recent proposal required our vendor to run 2,977 searches. Even then, because these were entirely new and voluminous searches, it is impossible for Defendants to decipher which proposed terms are unique from Defendants' search terms, and which terms may be reasonable versus which terms may be generating or likely to generate false hits.  Put simply, as we explained on the October 3 call, Plaintiffs' approach is not workable, in and of itself is unduly burdensome, and generated an unreasonable amount of additional documents, particularly as compared to Defendants' proposal.

Plaintiffs have now offered to modify Defendants' searches. Please provide any proposed modifications  by October 9, 2025.

### B.      Document Custodians

As discussed during the October 3 meet and confer, Defendants will supplement their selections by adding two additional custodians:

- Susan Arnold: Arnold served as Chair of the Board of Directors for the majority of the Relevant Period, including during Bob Chapek's promotion to CEO, the formation of DMED, and Iger's return as CEO. She is also the most relevant director with respect to Plaintiffs' allegations concerning particular Board of Directors meetings and the circumstances of Chapek's departure.

- Rebecca Campbell: Campbell was a member of the executive team that led international expansion and reported to Chapek and Iger.

Defendants will not add Plaintiffs' additional proposed custodians.

3

Jessica T. Shinnefield, Esq.
October 7, 2025

Plaintiffs have suggested that Defendants exchange certain custodians for certain of Plaintiffs' proposed custodians. Plaintiffs' proposal indicates that Defendants' custodians are not deficient, but that for whatever reason, Plaintiffs prefer other sources of information. As we explained, this proposed "swapping" does not ameliorate the burden here because Defendants are already reviewing documents from their custodians.  Also as explained, Plaintiffs' suggested custodians are cumulative and also unlikely to yield information relevant to Plaintiffs' securities fraud allegations. In particular, many of the proposed additional custodians are lower-level employees. Plaintiffs have alleged a purported "scheme" and material misstatements and omissions by senior executives, meaning only the information that was available to senior Disney employees is relevant. Plaintiffs assert that "analysis and commentary at lower levels" can support various elements of Plaintiffs' claims, *see* September 19 letter, but fail to explain how so. Analysis and commentary from custodians far removed from senior personnel and employees with responsibilities relevant to Plaintiffs' allegations is irrelevant and, where relevant, duplicative of the information in the possession of the personnel Defendants have made custodians.

- Mary Barra, Mark Parker, and Maria Elana Lagomasino (members of the Board of Directors) will be duplicative, because Defendants have added Arnold as a custodian and are also searching documents and communications from Boardvantage for documents responsive to Plaintiffs' RFPs.

- Alan Bergman and Dana Walden: Both Bergman and Walden served on the creative side of Disney's content business and are not likely to have relevant information concerning subscriber targets, DMED's restructuring, third-party agreements, accounting of costs, or subscriber churn. The only specificity that Plaintiffs can provide as to why Bergman and Walden should be custodians is that they were allegedly critical of Chapek's performance as CEO and his decisions regarding DMED—topics that are not foundational to Plaintiffs' allegations of securities fraud.

- Eduardo Bezerra (Director, Subscriber & Engagement Finance) is duplicative of Defendants' many other finance custodians and was in the reporting chain to custodians Daniel Wiegand, Luckas Wickart, Rebecca Campbell, Justin Warbrooke, Bob Chapek and Bob Iger.

- Adding Horacio Gutierrez (General Counsel) will entail a burdensome privilege review. Gutierrez is also duplicative of Arnold, whom Defendants have added as a custodian, and Jolene Negre from the General Counsel's office.

- Matthew Kambic (VP of Marketing Finance) is duplicative of Defendants' many other finance custodians and was in the reporting chain to custodians Luckas Wickart, Justin Warbrooke, Kareem Daniel, Bob Chapek and Bob Iger.

- Nick Lewerke (VP of Content Planning & Analysis) focused on the performance of specific titles within Disney's portfolio of film and TV content, metrics that have limited relevance to Plaintiffs' allegations. Lewerke was in the reporting chain to custodians Justin Warbrooke, Kareem Daniel, Bob Chapek, and Bob Iger.

4

Jessica T. Shinnefield, Esq.
October 7, 2025

- Plaintiffs do not provide any specificity as to why John Pang (Director, Strategy at DMED beginning in February 2022, later VP of DTC/Strategy) would possess any unique non-duplicative documents. Like many of Plaintiffs' other proposed custodians, Pang was a lower-level employee whose reporting line includes other employees that Defendants have listed as custodians.

- Paul Richardson (Chief Human Resources Officer) will not have information relevant to subscriber targets, DMED's restructuring, chasing subscriber growth, third-party agreements, accounting of costs, or subscriber churn. Relevant information Richardson may have about executives' employment and departures from the Company has no bearing on Plaintiffs' allegations and is also duplicative of information possessed by Defendants' other custodians from the board and senior leadership. Moreover, although Richardson attended the September 2022 Disney Board of Directors meeting in which McCarthy previewed the Company's forthcoming 4Q 2022 results, Defendants have already provided many custodians who were also present at that same board meeting. Further, Defendants are producing the employment files for Bob Iger, Bob Chapek, Christine McCarthy, and Kareem Daniel.

- Jack Reiman (Senior Data Analyst) was a lower-level employee whose reporting line includes Rebecca Campbell, Luckas Wickart, Justin Warbrooke, Kareem Daniel, Michael Paull, Bob Chapek, and Bob Iger. Reiman is also duplicative because Plaintiffs will already receive the relevant subscriber, profitability, and third-party metrics and analytics reviewed by Disney's executive leadership during the Relevant Period.

- David Chodniewicz (VP/SVP of Data and Science Analytics) is duplicative of Laura Evans, who held the same role when the Relevant Period began. Any relevant analytical data provided to senior leadership—the only data relevant to Plaintiffs' allegations—are duplicative of the other dashboards and metrics that Plaintiffs will receive through Defendants' dozens of custodians. Moreover, Chodniewicz's reporting line includes custodians Michael Paull, Rebecca Campbell, and Bob Chapek.

- Michael Chin (Director of Tactical Opportunities) was in the finance reporting line that includes custodians Luckas Wickart, Justine Warbrooke, and Bob Iger. Plaintiffs seek to include him as a custodian because his job concerned the growth and profitability of Disney+ and Hulu and because he created presentations for senior leadership. Any such information is duplicative of the documents provided to the senior custodians in his reporting chain.

- Plaintiffs contend that Defendants have somehow conceded that Claire Lee and Nancy Lee (Chiefs of Staff to Iger and Chapek, respectively) are relevant because Defendants included Arthur Bocnher, another Chapek Chief of Staff, on their list of custodians. But Bochner held a substantive executive role during the Relevant Period as VP of Strategic Communications. Otherwise, these proposed custodians are duplicative of Iger and Chapek.

5

Jessica T. Shinnefield, Esq.
October 7, 2025

Plaintiffs also requested that Defendants' add as custodians anyone whose opinion Defendants relied on in good faith, consistent with Defendants' Tenth Affirmative Defense. *See* September 19 letter. As we explained on the October 3 meet and confer, Plaintiffs' request is premature since Plaintiffs Interrogatory and Request for Admission on Defendants' Tenth Affirmative Defense was only served on September 23. Defendants will respond in due course.

### C.      Targeted Documents Without Search Terms

On the October 3 meet and confer, we confirmed that Defendants would produce non-privileged hard-copy materials used for the preparation of earnings calls, as well as Robert Iger's employment agreements, Rule 10b-5 Trading Plan, and documents pertaining to actual conduct violations, if they exist.

### D.      Short-Form Communications

On the October 3 meet and confer, we confirmed that Defendants proposed a different search protocol for short-form communications as contemplated by the ESI Agreement.  We explained that Defendants' proposed short-form searches are broader than the searches in Defendants main search protocol because custodians may not use the same specificity in short-form communications to discuss topics germane to Plaintiffs' allegations. In their October 6 letter, Plaintiffs stated that they would review Defendants' short-form searches and provide any proposed edits. Defendants request any edits by October 9, because any disputes regarding Defendants' short-form communications protocol should be raised with the magistrate judge simultaneously with other issues that remain in dispute.

### E.      Plaintiffs' Second Set of Request for Production

By letters dated July 28 and September 25, 2025 Defendants explained that each of Plaintiffs Second Set of Requests for Production of Documents on All Defendants sought documents irrelevant to this case. Defendants' position has not changed. Please let us know by October 9 if Plaintiffs intend to continue pursuing these requests. If so, this dispute will need to be raised with Judge Sagar.

\*   \*   \*   \*   \*

Judge Sagar's Informal Discovery Dispute Resolution requires the submission of a form with a brief, neutral statement of the dispute, the specific relief requested, and each party's respective positions. Defendants propose a simultaneous exchange of the parties' position papers and submission to Judge Sagar early next week. Please confirm that this schedule is agreeable to you.

Sincerely,

*/s/ Stacy Nettleton*
**Stacy Nettleton**
**T** +1 212 819 8334
**E** stacy.nettleton@whitecase.com