# EXHIBIT N

WHITE & CASE

Stacy Nettleton
October 24, 2025

October 24, 2025

**VIA EMAIL**

Daniel S. Drossman
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101
ddrosman@rgrdlaw.com

Re:    *Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al., No.
2:23-cv-03661-CBM (ASx) (C.D. Cal.)*

Dear Daniel:

I write on behalf of Defendants in the above-referenced action in response to your October 17, 2025 letter, specifically regarding Plaintiffs' revised search terms and proposed custodians. This letter also memorializes issues the parties discussed at the October 23, 2025 meet and confer.

A.    **Search Terms and Custodians**

The parties appear to agree that the time has come to submit the dispute regarding Plaintiffs' proposed counter-search protocol and custodians to Judge Sagar. However, Plaintiffs' October 17 letter grossly distorts Defendants' consistent record of good faith engagement on these issues. Despite the inordinate parameters and facial overbreadth of Plaintiffs' proposals, Defendants have consistently engaged with Plaintiffs in good faith to consider their requests. Defendants met and conferred with Plaintiffs on September 15 and October 3, ran several hit reports on Plaintiffs' voluminous proposals, and sent Plaintiffs letters explaining Defendants' positions on September 12, October 7, and October 16.

Defendants have also modified their search proposal in good faith. Defendants' October 7 letter detailed modifications that Defendants made to their search terms and custodian selections based on aspects of Plaintiffs' proposals.  Moreover, Defendants' October 16 letter stated that Defendants continued to evaluate their searches for sensible modifications. We are currently assessing the reasonableness and proportionality of certain modifications, such as the addition of "sub OR subs OR subscriber*" modifiers to a limited number of searches. Plaintiffs' descriptions of Defendants' "wholesale refusal" and "unwillingness to meet and confer in good faith" to reduce disputes are

1

Stacy Nettleton
October 24, 2025

plain mischaracterizations,[1] Pls.' Oct. 17 Ltr. at 1-2, as is Plaintiffs' assertion that Defendants "completely ignored" Appendix B to Plaintiffs' latest letter.[2] Pls.' Oct. 17 Ltr. at 1. To the contrary, the record evidences Defendants' good faith, constructive engagement despite Plaintiffs' consistently unreasonable demands.

Plaintiffs' remaining accusations appear leveled to manufacture points of disagreement. Although Plaintiffs accuse Defendants of "refus[ing] to provide hits on a custodian-by-custodian basis," the ESI Agreement does not require Defendants to provide this information, and Plaintiffs did not request that data in their October 10, 2025 letter. Defendants provided each of the four metrics that Plaintiffs *did* request. Additionally, Plaintiffs argue that Defendants have "transparently calculated" a search protocol to "avoid finding responsive documents." Pls.' Oct. 17 Ltr. at 2. But in the roughly nine weeks since Defendants sent Plaintiffs their search protocol, which results in over a million documents, Plaintiffs have never alleged that Defendants' searches target nonresponsive documents.  It is also obvious from the face of the searches and the number of hits that Plaintiffs new position is contrived. Plaintiffs are also wrong to accuse Defendants of "artificially inflating the hit counts" through custodian selections. *Id.* at 3. Plaintiffs do not explain this illogical allegation. Nevertheless, Plaintiffs appear to recognize that Defendants' review population is substantial. That is the result of Defendants' robust search terms and the selection of an equally robust set of custodians that lead or led the Disney business lines with responsibility over the subject matter of Plaintiffs' allegations. *See* Defs.' Sept. 12 Ltr. at 2; Defs.' Oct. 7 Ltr. at 1-2.

### B.    Defendants' Search Term Hit Report

On the October 23 meet and confer call, Defendants provided information about certain fields in the search term hit report appended to Defendants' October 16, 2025 letter as Appendix A.  To document our clarifications:

- "Family" carries its typical e-discovery meaning of a parent document and all attachments.

- "Unique Hits" (Column I) contains the count of documents in the searchable set returned only by an individual search and no other search from either Defendants' searches or Plaintiffs' searches. As explained on the call, we believe unique hits is not a useful metric under these circumstances because Plaintiffs' searches are so broad that many of Plaintiffs' searches are overlapping, and return large numbers of documents but few, and in some instances zero, unique hits.

---

[1] *Rahmatullah v. Charter Communications, LLC*, 2021 WL 1593242 (C.D. Cal. Mar. 25, 2021), is plainly distinguishable. There, the plaintiff did not participate in *any* telephonic meet and confers regarding the specific discovery requests at issue. *See id.* at *2.

[2] Defendants also quoted portions of Plaintiffs' Appendix B to demonstrate why Plaintiffs' purported justifications for certain searches were unavailing. Appendix B also contains several errors and omissions that complicated Defendants' evaluation of Plaintiffs' alleged "deficiencies." As one of many examples, among their 67 additional proposed searches, Plaintiffs proposed searches for RFPs 31, 42, or 51. Defendants' search protocol made clear that Defendants would collect and produce documents responsive to RFPs 41 and 42 without search terms.

Stacy Nettleton
October 24, 2025

- "Fam Complete Addition to Review" (Column J on the "Plaintiffs' Terms" tab) contains the count of documents (including family members) that would be added to the Defendant's review population for each of Plaintiffs' proposed searches on its own as compared to Defendants' searches. As explained on the call, we captured this data to measure the magnitude of each search individually to determine which searches were driving the 1.53 million additional documents added by Plaintiffs' searches combined. To clear up any confusion, in the revised hit report we will provide Plaintiffs, we will rename this field "Unique Hits Per Search Against Defendants' Searches."

In response to your question about embedded files, logos, and inline images, we explained that our review vendor does not extract and make searchable logos and inline images, and that embedded files are extracted and made searchable. These practices are consistent with the ESI Agreement.

### C.    Procedure for Raising Disputed Issues to the Court

On the October 23 meet and confer, we explained that Judge Sagar's Informal Discovery Dispute Resolution Procedures were the most appropriate vehicle for the timely and efficient resolution of the parties search protocol disputes. We are in receipt of Plaintiffs' email sent after the meet and confer stating that Plaintiffs' still intend to file a motion to compel. Defendants will address any dispute concerning the search protocol and custodians through the joint stipulation procedure in Local Rule 37.2.

Separately, we understand that Plaintiffs continue to withhold information identifying their Confidential Witnesses (CWs) and that the parties are at impasse on that issue. We propose the parties exchange a neutral statement of the dispute on October 29, 2025 and exchange positions before Judge Sagar on October 30, 2025.

Sincerely,


   /s/ Stacy Nettleton

**Stacy Nettleton**

**T** +1 212 819 8334
**E** stacy.nettleton@whitecase.com