# EXHIBIT RR

JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

*Attorneys for Defendants The Walt Disney Company,*
*Robert Chapek, Christine M. McCarthy, and Kareem Daniel*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>Defendants. | Case No. 2:23-cv-03661-CBM (ASx)<br><br>**THE WALT DISNEY COMPANY'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), and the Local Rules of the United States District Court for the Central District of California (the "Local Rules" and, together with the "Federal Rules," the "Applicable Rules"), Defendant The Walt Disney Company ("Defendant") hereby supplements its August 27, 2025 Responses (the "Responses," and each, a "Response") to Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund, and Plaintiffs Local 272 Labor-Management Pension Fund and John Patrick Talbot's (collectively, "Plaintiffs") First Set of Interrogatories to the Walt Disney Company, dated July 28, 2025 (the "Interrogatories" and each, an "Interrogatory").

## **GENERAL OBJECTIONS**

The following General Objections are incorporated by reference in each of Plaintiffs' Specific Responses to the Interrogatories.

1. Defendant objects to the Interrogatories, including the "Definitions" and "Instructions" therein, to the extent that they purport to impose obligations that are broader than or inconsistent with those contained in the Federal Rules, the Local Rules, agreement of the parties, or any other applicable law or rule. Subject to and without waiving the foregoing, Defendant will comply with its obligations under the Applicable Rules in responding to the Interrogatories.

2. Nothing herein, including the use of defined terms from the Definitions and Interrogatories, may be construed as an acceptance, endorsement, or adoption by Defendant of any instruction or definition set forth in the Interrogatories.

3. Defendant's investigation into the events and facts at issue remains ongoing. Consequently, these objections and responses are based solely upon information reasonably known to Defendant at this time, limited by records and information in existence, presently recollected, and thus far discovered in the course

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

of preparing these responses.  Defendant therefore offers the following responses without prejudice to, and with the express reservation of, their right to supplement, correct, change, or amend their objections and responses where appropriate upon its discovery of any relevant and responsive information up to and through the date of trial to the extent required under the Federal Rules of Civil Procedure, other applicable laws, or Court order.  Moreover, should Defendant at any time supplement or amend its Responses, by agreement or otherwise, it expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

4.     Defendant's Responses are made without admitting that any Interrogatory seeks information or documents that are relevant or admissible for any purpose.  Defendant reserves all objections to the use of any of the Responses herein or documents produced in connection herewith in any proceedings, including the trial of this action, *Local 272 Labor Management Pension Fund v. The Walt Disney Company, et al.*, Case No. 2:23-cv-03661-CBM (ASx) (the "Action"), or any other action.  All such objections, including but not limited to competency, relevancy, materiality, admissibility, may be interposed by Defendant at the time of trial or as otherwise required by any rule or order of the Court.  These responses are made without waiver of, or prejudice to, any such objections or rights.  To the extent Defendant produces any information in response to any Interrogatory to which an objection is made, such production is without waiver of the objection.

5.     The failure of Defendant to make a specific objection to a particular Interrogatory, or portion thereof, is not and shall not be construed as an admission regarding the existence of information that might be responsive to the particular Interrogatory.

6.     Defendant objects to the Interrogatories to the extent they are overbroad, unduly burdensome, not proportional to the needs of the case, vague,

-3-

confusing, ambiguous, duplicative, would require Defendant to speculate as to the nature and/or scope of the information sought thereby, or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

7.    Defendant objects to the Interrogatories to the extent that they purport to seek information that is not within the possession, custody, or control of Defendant, is a matter of public record, or cannot practically be ascertained by Defendant without undue burden or expense.

8.    Defendant objects to the Interrogatories to the extent that they call for contentions, assumptions, or admissions as to contested facts or legal issues in this proceeding and/or legal conclusions.

9.    Defendant objects to the Interrogatories to the extent they purport to require Defendant to disclose information that is the subject of ongoing expert analysis, before the necessary documentary, testimonial, contention, and/or expert disclosures and other discovery has been completed.

10.    Defendant objects to the Interrogatories, including the "Definitions" and "Instructions" therein, to the extent that they seek information and/or materials that constitute attorney work product, are protected by the attorney-client privilege, and/or are covered by any other applicable privileges and/or protections. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege or protection, in whole or in part. Nothing contained in these Responses is intended to be nor should be considered to be a waiver of any attorney-client communication privilege, work product privilege or protection, or any other applicable privilege, protection or doctrine ("Privilege").

11.    Defendant objects to the Interrogatories on the grounds and to the extent that they misstate or mischaracterize facts. Nothing in this Response shall be construed as an admission by Defendant of the truth or accuracy of any

characterization of any facts, legal theories, or conclusions contained in the Requests.

12.    To the extent that Defendant responds to any of the Interrogatories, it does so without waiving its rights to object on any ground to any further interrogatories or other discovery requests involving or related to those Interrogatories.  No objection or lack thereof made in these General Objections or in response to any specific Interrogatories shall be deemed a waiver of Defendant's right to raise further objections to the Interrogatories.

13.    Defendant objects to the Interrogatories to the extent that they seek confidential, personal, private, or sensitive business information, trade secrets, competitively sensitive information or private consumer financial information, or information protected from disclosure by any law, court order, or any agreement with respect to confidentiality or non-disclosure, including but not limited to applicable data privacy laws or regulations.  To the extent Defendant produces any such information, Defendant will produce such information subject to the Parties' Stipulated Protective Order with Court Changes (ECF No. 166), and the Parties' Stipulated Electronic Discovery Agreement (the "ESI Agreement") (ECF No. 174).

14.    Defendant objects to the Interrogatories to the extent that they seek information of third parties which Defendant is contractually or otherwise legally obligated to maintain as confidential.  Defendant will not provide such information without receiving appropriate consent from those third parties.

15.    Any Response to these Interrogatories is made solely for the purpose of this Action, and shall not be used by Plaintiffs in any other proceeding or for any other purpose.

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

**OBJECTIONS TO DEFINITIONS**

1. Defendant objects to the definition of the purported "Class Period" on the grounds that the class has not yet been certified in this Action. Defendant reserves the right to object to this definition after class certification.

2. Defendant objects to the definitions of "Communication(s)," "Document(s)," and "Identify" to the extent these definitions are different from, broader than, or otherwise inconsistent with the Applicable Rules. Defendant will interpret the terms "Communication(s)," "Document(s)," and "Identify" in accordance with the Applicable Rules.

3. Defendant objects to the definition of "Disney" as overly broad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that it includes "any of its direct or indirect subsidiaries, divisions, or affiliates (foreign and domestic), predecessors, successors, present and former officers, directors, employees, agents, accountants, and advisors, and all other persons (defined below) acting or purporting to act on its behalf." Defendant construes the definition to refer only to the named entity.

4. Defendant objects to the definition of "Defendant(s)" as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case to the extent it incorporates the definition of "Disney". Defendant will construe "Defendant(s)" to refer only to the named Defendants in the above-captioned matter in responding to these Interrogatories.

5. Defendant objects to the definition of "Entitled Subscribers" as overbroad, unduly burdensome, vague, and ambiguous to the extent it includes unknown individuals "who did not activate their Disney+ subscription." Defendant will construe the definition to refer only to individuals known to Defendant that were entitled to a Disney+ subscription through a Third-Party Partnership but did not activate their Disney+ subscription.

6.      Defendant objects to the definition of "Meeting" as overbroad, unduly burdensome, vague, and ambiguous to the extent it includes "informal" meetings, meetings occurring "by chance," and meetings that "occurred in connection with some other activity."

7.      Defendant objects to the definitions of "You" or "your" as overly broad, vague, ambiguous, unduly burdensome and not proportional to the needs of the case to the extent that they purport to apply to "each person or entity responding to these interrogatories."  Defendant will construe the definition to refer only to the named Defendant.

**OBJECTIONS TO INSTRUCTIONS AND RELEVANT TIME PERIOD**

1.      Defendant objects to the Instructions to the extent they purport to impose on Defendant any obligations different from, broader than, or otherwise inconsistent with the Applicable Rules.  Defendant agrees only to respond to Interrogatories in accordance with the Applicable Rules.

2.      Defendant objects to the Instructions to the extent they would require information protected by any Privilege.  Defendant reserves the right to withhold such information.

3.      Defendant objects to Instruction No. 1 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Defendant to produce "all" information responsive to any Interrogatory. Defendant also objects to Instruction No. 1 to the extent it purports to require Defendant to produce documents "in the possession of your counsel, investigators, and all other persons acting on your behalf."  Defendant will interpret the Interrogatories as applying only to information within Defendant's possession, custody, or control consistent with the requirements imposed by the Applicable Rules.

4.      Defendant objects to the "Relevant Time Period" as overly broad, vague, unduly burdensome, and ambiguous to the extent it seeks information that is not relevant to any claims or defenses in the Action or otherwise not proportional to the needs of the Action, including to the extent it purports to include "information that relates to such period, even if dated, prepared, generated, used, published, or received outside of that period."   Defendant will construe the "Relevant Time Period" to mean January 1, 2020 to May 12, 2023.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NUMBER 1:**

Identify each internal system, dashboard, or database used by Disney to track, analyze, or forecast any measurement of Disney+ performance, including any or all of the following Disney+ metrics: total subscriber counts, Paid Subscriber counts, Entitled Subscriber counts, subscriber churn rates, subscriber acquisition costs, Disney+ activations, activated subscriber counts, revenue per subscriber, profit or loss per subscriber, origin of subscribers (e.g., via Third-Party Partnerships or otherwise), and content viewership.

**RESPONSE TO INTERROGATORY NUMBER 1:**

In addition to the foregoing objections, Defendant objects to this Interrogatory as vague and ambiguous, including with respect to "metrics," "internal system," "origin of subscribers," "dashboard," and "content viewership." Moreover, Defendant objects to this Interrogatory as overbroad, including with respect to identifying "each internal system," "dashboard," and "database."

Subject to and without waiving the foregoing general and specific objections, Defendant state as follows: Disney used Snowflake, Databricks, Looker, Tableau, and Visionbot to store and track Disney+ performance data during the Relevant Time Period.

**Snowflake** is a cloud-based data warehouse that stores data for Disney's direct-to-consumer (DTC) products. This includes subscription counts, churn, retention, and other performance data. Snowflake ingests data and serves as the central source of record. This data is then accessed by visualization tools such as Looker and Tableau, where it is displayed for Disney executives and other employees who receive access.

**Databricks** is a cloud-based data engineering and analytics platform. Disney uses Databricks for large scale data processing, transformations, and advanced analytics, including machine learning. While Databricks can prepare datasets relevant to DTC products (e.g., subscription analysis), Disney typically uses Snowflake for the storage layer of curated data for visualization in Looker or Tableau.

**Looker** is a tool used by analysts to build customizable dashboards and reports directly from Snowflake data (and occasionally Databricks outputs). For DTC products, Looker dashboards present metrics such as subscription counts, churn, and retention.

**Tableau** is a business intelligence platform used for interactive dashboards and visualizations. It primarily connects to Snowflake data (with some processed outputs from Databricks). For DTC products, Tableau dashboards provide subscriber growth metrics, including subscriptions counts, churn, and retention.

**Visionbot** is an internal system that distributes visual snapshots of Tableau dashboards via email and/or text message. Distribution lists for these visual snapshots included <Tableaudontreply@disneystreaming.com> and <tabsub_all_mmi@disneystreaming.com>. There is no standard frequency (e.g., daily or weekly) for distributions as users configure the timing of updates.

Exemplar documents showing dashboard snapshots for Disney+ performance

data can be found at Bates numbers DISNEY272_000007884 – DISNEY272_000072303.

**INTERROGATORY NUMBER 2:**

Identify any periodic or ad hoc reports, presentations, or other outputs that were provided to any Executive Officer or Disney's Board of Directors concerning any measurement of Disney+ performance, including any or all of the following Disney+ metrics: total subscriber counts, Paid Subscriber counts, Entitled Subscriber counts, subscriber churn rates, subscriber acquisition costs, Disney+ activations, activated subscriber counts, revenue per subscriber, profit or loss per subscriber, origin of subscribers (e.g., via Third-Party Partnerships or otherwise), and content viewership.

**RESPONSE TO INTERROGATORY NUMBER 2:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "any periodic or ad hoc reports, presentations, or other outputs" "concerning any measurement of Disney+ performance"; (iii) as vague and ambiguous, including with respect to "other outputs," "origin of subscribers," and "content viewership"; and (iv) as duplicative of Plaintiffs' First Set of Requests for Production of Documents, including, but not limited to, Requests 3, 7, 11, 22, and 58.

Subject to and without waiving the foregoing general and specific objections, Defendant state as follows: Documents responsive to this Interrogatory, including presentations and reports provided to Disney's Board of Directors during the

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

Relevant Period concerning Disney+ performance, will be produced in a forthcoming request.

Additionally, Defendant incorporates their response to Interrogatory Number 1 as it concerns Disney+ performance data delivered through the channels described in Defendant's Response to Interrogatory Number 1.

**INTERROGATORY NUMBER 3:**

Identify all Persons who were authorized to view Disney+'s subscriber counts, subscriber churn rates, or content viewership metrics, and all Persons who had the authority to approve or deny requests from Disney employees for access to such data.

**RESPONSE TO INTERROGATORY NUMBER 3:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Persons" at Disney that can view, e.g., "content viewership metrics"; (iii) as vague and ambiguous, including with respect to "authorized," "authority," and "content viewership metrics"; (iv) because the Interrogatory contains multiple distinct questions in a single interrogatory in violation of Fed. R. Civ. P. 33(a)(1); and (v) because Plaintiffs' definition of "Person" includes "legal entit[ies]," which cannot "view" the information referenced in this Interrogatory.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Generally, there was no single Person or Persons responsible for monitoring or reporting Disney+ performance metrics during the Relevant Period. Various business divisions, the relevant corporate or segment

-11-

finance and strategy functions, and corporate executives reported and monitored Disney+ performance metrics.

At various points during the Relevant Period, BAMTech Service Now, the Business Intelligence and Visualization team, and Disney Streaming Service Now reviewed requests for Disney+ performance data and granted access to receive it.

Disney Streaming – Analytics, currently serves as the business unit responsible for this data and databases. Granting or restricting access to the data or dashboards below occurs on an ad hoc basis. There is no general policy or procedure that outlines who may receive Disney+ performance data.

The Data Governance and IT departments were also responsible for granting access to Tableau and Looker. Additionally, while there is no historical access data for either Looker or Tableau, Defendant provides records of the creation of Tableau accounts (if any), and the last known log-in date (if any), for various current and former Disney employees in Appendix B. Exemplar documents showing certain Disney employees' receipt of Looker and Tableau data can be found at Bates numbers DISNEY272_000007884 – DISNEY272_000072303.

**INTERROGATORY NUMBER 4:**

Identify the Person(s) and/or department(s) who were primarily responsible for: (a) the accounting for and/or allocation of Disney+ content costs; and (b) the monitoring and/or reporting of Disney+ performance metrics.

**RESPONSE TO INTERROGATORY NUMBER 4:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) as ambiguous, including with respect to "primarily responsible," "allocation of Disney+ content costs," and "monitoring and/or reporting"; and (ii) as overly broad and unduly burdensome, including to the extent that it seeks "the Persons" who were "primarily responsible" for "accounting for and/or allocation of

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

Disney+ content costs" and "monitoring and/or reporting" of Disney+ performance metrics.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Accounting related to Disney+ content costs was performed during the Relevant Period by Disney's Controllership, including Brent Woodford, Richard Brookbanks, and Jim Gray. Generally, the "allocation" of Disney+ content costs was determined by a combination of business divisions including Disney Direct-to-Consumer & International, Disney Media and Entertainment Distribution, and Disney Entertainment during the Relevant Period. This included individuals from within the relevant corporate or segment finance and strategy functions.  Generally, there was no single Person or Persons responsible for monitoring or reporting Disney+ performance metrics during the Relevant Period. Various business divisions, the relevant corporate or segment finance and strategy functions, and corporate executives reported and monitored Disney+ performance metrics for various purposes. Defendants have produced an organizational directory identifying Disney employees' names, titles, and business units at Bates number DISNEY272_000005119.

**INTERROGATORY NUMBER 5:**

Identify all models, analyses, projections, simulations, or other tools used to formulate the 2024 Disney+ Subscriber Target, and all associated model specifications or assumptions, including, but not limited to, subscriber growth over time, subscriber churn, content spending, revenue, and pricing, and Identify all Persons who participated in any Meeting where the target was formulated, discussed, reviewed, or approved.

**RESPONSE TO INTERROGATORY NUMBER 5:**

In addition to the foregoing objections, Defendant object to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks

-13-

information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all models, analyses, projections, simulations, or other tools," "all associated model specifications or assumptions," and "all Persons who participated in any Meeting" related to the 2024 Disney+ Subscriber Target, since "Meeting" is defined as "the contemporaneous presence of any natural persons (including by telephone or electronic connection) for any purpose"; (iii) as vague and ambiguous, including with respect to "models, analyses, projections, simulations, or other tools," "formulate"/"formulated," "associated model specifications or assumptions," "subscriber growth over time," "content spending," "pricing," and "discussed, reviewed, or approved"; (iv) as duplicative of Plaintiffs' First Set of Requests for Production of Documents, including Requests 1, 17, 18, 22, 55, 56, and 58 which sought various categories of documents related to the "2024 Disney+ Subscriber Target"; (v) because the Interrogatory contains multiple distinct questions in a single interrogatory in violation of Fed. R. Civ. P. 33(a)(1); and (vi) as duplicative of Plaintiffs' First Set of Requests for Production of Documents, including, but not limited to, Requests 1, 17, and 18.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: DTC strategy and finance segments were involved in Disney+ subscriber and financial planning and analysis projections, including Bryan Castellani, Patrick Garrison, Justin Warbrooke, Rojeh Avanesian, David Haskett, Vanda Mehta Krantz, Denise Morgan, Justin Petronisi, and Stefan Rasch. Documents responsive to this Interrogatory, including Disney+ subscription and revenue projection files, will be produced in a forthcoming production.

-14-

**INTERROGATORY NUMBER 6:**

Identify all models, analyses, projections, simulations, or other tools used to formulate the 2024 Disney+ Profitability Target, and all associated model specifications or assumptions, including, but not limited to, subscriber growth over time, subscriber churn, content spending, revenue, and pricing, and Identify all Persons who participated in any Meeting where the target was formulated, discussed, reviewed, or approved.

**RESPONSE TO INTERROGATORY NUMBER 6:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all models, analyses, projections, simulations, or other tools," "all associated model specifications or assumptions," and "all Persons who participated in any Meeting" related to the 2024 Disney+ Profitability Target, since "Meeting" is defined as "the contemporaneous presence of any natural persons (including by telephone or electronic connection) for any purpose"; (iii) as vague and ambiguous, including with respect to "models, analyses, projections, simulations, or other tools," "formulate"/"formulated," "associated model specifications or assumptions," "subscriber growth over time," "content spending," "pricing," and "discussed, reviewed, or approved"; (iv) as duplicative of Plaintiffs' First Set of Requests for Production of Documents, including Requests 2, 17, 18, 52, and 56; and (v) because the Interrogatory contains multiple distinct questions in a single interrogatory in violation of Fed. R. Civ. P. 33(a)(1).

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: DTC strategy and finance segments were involved in analyzing and projecting the profitability of Disney+, including Bryan Castellani, Patrick Garrison, Justin Warbrooke, Rojeh Avanesian, David Haskett, Vanda Mehta Krantz, Denise Morgan, Justin Petronisi, and Stefan Rasch. Documents responsive to this Interrogatory, including Disney+ subscription and revenue projection files, will be produced in a forthcoming production.

**INTERROGATORY NUMBER 7:**

State the date(s) on which the decision to include individuals who were entitled to a Disney+ subscription through a Third-Party Partnership but had not activated their account (i.e., "Entitled Subscribers") in Disney's reported Paid Subscriber totals was formally made and approved, and Identify all Persons who participated in and/or approved that decision.

**RESPONSE TO INTERROGATORY NUMBER 7:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Persons who participated in and/or approved [a] decision"; (iii) as vague and ambiguous, including with respect to "date(s) on which the decision . . . was formally made and approved"; and (iv) because the Interrogatory contains multiple distinct questions in a single interrogatory in violation of Fed. R. Civ. P. 33(a)(1).

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: among others, Disney's relevant corporate or segment

-16-

finance functions, including Justin Warbrooke, and Controllership, including Brent Woodford, participated in decisions concerning the accounting for Paid Subscribers. On November 25, 2020, Disney stated in its Form 10-K that: "A subscriber for which we recognized subscription revenue. A subscriber ceases to be a paid subscriber as of their effective cancellation date or as a result of a failed payment method. A subscription bundle is considered a paid subscriber for each service included in the bundle. Subscribers include those who receive the service through wholesale arrangements in which we receive a fee for the distribution of Disney+ to each subscriber to an existing content distribution tier. When we aggregate the total number of paid subscribers across our DTC services, whether acquired individually, through a wholesale arrangement or via the bundle, we refer to them as paid subscriptions." The Walt Disney Company, Form 10-K (11/25/2020) at 48.

**INTERROGATORY NUMBER 8:**

With respect to the decision announced in May 2023 to remove content from Disney+ and record an impairment charge, Identify all Persons who participated in and/or approved that decision, and state the date(s) on which the decision was formally made and approved.

**RESPONSE TO INTERROGATORY NUMBER 8:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Persons who participated in and/or approved [a] decision"; and (iii) as vague and ambiguous, including with respect to "date(s) on which the decision . . . was formally made and approved."

-17-

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: among others, members of Disney's executive leadership team, including Robert Iger, Christine McCarthy, Brent Woodford, Justin Warbrooke, and Bryan Castellani participated in decisions concerning the removal of content from Disney+ and the recording of an impairment charge. The decision was made on or around May 4, 2023. Documents responsive to this Interrogatory, including documents showing certification of the recording of the impairment charge for the removal of Disney+ content and communications containing discussion of the content affected by and the timing of impairment charges, will be produced in a forthcoming production.

**INTERROGATORY NUMBER 9:**

Identify all Persons who received the April 2021 version of the Five-Year Plan referenced in paragraph 37 of the Complaint ("the five-year plan showed by April 2021 that Disney+ would not be profitable until one year later than planned"), and state the date each Person received it.

**RESPONSE TO INTERROGATORY NUMBER 9:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Persons" who received certain documents and "the date each Person received it"; (iii) as vague and ambiguous, including with respect to "the April 2021 version of the Five-Year Plan"; and (iv) as duplicative of Plaintiffs' First Set of Requests for Production of Documents, including, but not limited to, Request 4.

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Documents responsive to this Interrogatory, including documents showing certain individuals who received the April 2021 Five-Year Plan (also known as the Long-Range Plan), will be produced in a forthcoming production.

**INTERROGATORY NUMBER 10:**

With respect to the September 2022 Meeting of Disney's Board of Directors referenced in paragraph 364 of the Complaint, Identify all Persons who were present when Defendant McCarthy discussed Disney's fourth quarter 2022 financial results, and Identify all Documents presented to the Board in connection with that discussion.

**RESPONSE TO INTERROGATORY NUMBER 10:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Documents presented to the Board in connection with that discussion"; (iii) as vague and ambiguous, including with respect to "in connection with that discussion"; and (iv) to the extent the "Documents presented to the Board" referenced in this Interrogatory are protected by the work product doctrine, attorney-client privilege, or any other applicable privilege.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Susan Arnold; Mary Barra; Safra Catz; Amy Chang; Robert Chapek; Michael Froman; Maria Elena Lagomasino; Calvin McDonald; Mark Parker; Derica Rice; Christine McCarthy; Horacio Gutierrez; Paul

-19-

Richardson; Kristina Schake; and Jolene Negre were present at the September 28, 2022 Meeting of Disney's Board of Directors when Defendant McCarthy discussed Disney's fourth quarter 2022 financial results.

Additionally, at the September 28-29, 2022 Meeting of the Board of Directors, the Board was provided with (1) a Memorandum, dated September 20, 2022 from Christine McCarthy re: 2022 Financial Update; (2) a slide deck titled "2022 September Financial Update; (3) a Memorandum, dated September 20, 2022 from Christine McCarthy re: 2023 Outlook Update; and (4) a slide deck title "2023 Operating Investment Outlook." These documents will be produced in a forthcoming production.

**INTERROGATORY NUMBER 11:**

Identify all Persons who participated in the decision to eliminate Intersegment Transfer Pricing for content sales to Disney+ following the DMED Reorganization and state the date(s) on which this decision was formally made and approved.

**RESPONSE TO INTERROGATORY NUMBER 11:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Persons" who participated in a certain decision; and (iii) as vague and ambiguous, including with respect to "participated in the decision," "content sales," and "date(s) on which this decision was formally made and approved."

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Among others, members of Disney's executive

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

leadership team, the relevant corporate or segment finance function, and Controllership participated in the decision to eliminate Intersegment Transfer Pricing for content sales to Disney+ following the DMED reorganization. This includes Robert Chapek, Christine McCarthy, Kareem Daniel, and Brent Woodford. The decision was presented to the Audit Committee on or around December 3, 2019. Documents responsive to this Interrogatory, including documents showing email communication between the individuals involved in crafting and executing the elimination of Intersegment Transfer Pricing, will be produced in a forthcoming production.

**INTERROGATORY NUMBER 12:**

For each announcement of Disney+ subscriber figures during the Class Period, Identify the number and percentage of Disney+ subscribers who received their Disney+ subscription via each Third-Party Partnership or because they subscribed to a Hulu + Live TV Bundle, and the number and percentage of each such category of Disney+ subscribers who had not activated their Disney+ account as of the date of the announcement.

**RESPONSE TO INTERROGATORY NUMBER 12:**

In addition to the foregoing objections, Defendant objects to this Interrogatory under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Documents responsive to this Interrogatory, including Disney+ subscription and revenue projection files, will be produced in a forthcoming production.

-21-

**INTERROGATORY NUMBER 13:**

With respect to the 2024 Disney+ Subscriber Target, Identify the number and percentage of Disney+ subscribers that Disney projected would receive their Disney+ subscription via each Third-Party Partnership or because they subscribed to a Hulu + Live TV Bundle, and the number and percentage of each such category of Disney+ subscribers that Disney projected would not activate their Disney+ account. Your answer should include any changes in such projections during the Class Period.

**RESPONSE TO INTERROGATORY NUMBER 13:**

In addition to the foregoing objections, Defendant objects to this Interrogatory under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Documents responsive to this Interrogatory, including Disney+ subscription and revenue projection files, will be produced in a forthcoming production.

**INTERROGATORY NUMBER 14:**

Identify all financial models, analyses, projections, or forecasts concerning: (a) the expansion of Disney+ into international markets, and any associated impact on the profitability of Disney or Disney+; (b) the debut of content on non-Disney+ platforms to shift content costs away from Disney+, and any associated impact on the profitability of Disney or Disney+; and/or (c) the increase of Disney's streaming content budget, and any associated impact on the profitability of Disney or Disney+.

**RESPONSE TO INTERROGATORY NUMBER 14:**

-22-

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all financial models, analyses, projections, or forecasts"; and (iii) as vague and ambiguous, including with respect to "associated impact on the profitability of Disney or Disney+" and "the debut of content on non-Disney+ platforms to shift content costs away from Disney+."

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Documents responsive to this Interrogatory, including documents (a) concerning the expansion of Disney+ into international markets and any associated impact on the profitability of Disney or Disney+, (b) identifying decisions to debut Disney+ content on a platform other than Disney+ and any associated impact on the profitability of Disney or Disney+, and (c) documents identifying the increase of Disney's streaming content budget, and any associated impact on the profitability of Disney or Disney+, will be produced in a forthcoming production.

**INTERROGATORY NUMBER 15:**

Identify all Persons who participated in and/or approved the decision to undertake the DMED Reorganization, and state the date(s) on which that decision was formally made and approved.

**RESPONSE TO INTERROGATORY NUMBER 15:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are

-23-

expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad and unduly burdensome, including to the extent that it seeks "all Persons who participated in and/or approved" actions related to DMED at Disney; and (iii) as vague and ambiguous, including with respect to "participated in and/or approved the decision," and "formally made and approved."

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Members of Disney's executive leadership team, including Robert Chapek and Christine McCarthy participated in the decision to undertake the DMED Reorganization.  The decision was announced on October 12, 2020. Documents responsive to this Interrogatory, including documents reflecting the planning for and execution of the DMED reorganization and its eventual announcement, will be produced in a forthcoming production.

**INTERROGATORY NUMBER 16:**

For each Person who is designated as a custodian of Disney records for purposes of Document collection in this Action, including but not limited to the Executive Officers, provide the following information Concerning the transmission of Documents or other information for Disney work purposes: (a) all email addresses and email service providers, mobile phone numbers and carriers, custodial shared spaces, hard drives, computers, laptops, desktops, tablets, shared drives, thumb drives, other electronic applications or storage locations, or instant, text, or social media messaging platforms used for Disney work purposes; and (b) the Document or message retention settings and policies for each such device, account, program and application, and if applicable, the date on which, and the circumstances under which, any such device, account, program, or application or any information from any such device, account, program, or application was lost, destroyed, misplaced, erased,

-24-

overwritten, or otherwise ceased to be accessible to You or to the owner of the device, account, program, or application.

**RESPONSE TO INTERROGATORY NUMBER 16:**

In addition to the foregoing objections, Defendant objects to this Interrogatory: (i) under Federal Rule of Civil Procedure 33(d) because it substantially seeks information that is contained in documents that have been or are expected to be produced by Defendants, and the burden of deriving or ascertaining the information from those documents will be substantially the same for Defendant as it is for Plaintiffs; (ii) as overly broad, unduly burdensome, vague, and ambiguous, including to the extent that it seeks "carrier" information and "information Concerning the transmission of Documents or other information for Disney work purposes"; (iii) as duplicative of Plaintiffs' First Set of Requests for Production of Documents, including Requests 16, 44, and 49, which sought documents regarding, *inter alia*, Disney employees' email addresses and personal/business phone numbers, and document retention policies; and (iv) because it seeks information that is the subject of the Parties' ESI Agreement ordered by the Court.

Subject to and without waiving the foregoing general and specific objections, Defendant states as follows: Discovery is ongoing and Defendant continues to collect and process possible sources of responsive information. Defendant will comply with the ESI Agreement and its obligations to supplement its Responses under the Applicable Rules. Defendant provided Appendix A on August 27, 2025, in tandem with the Walt Disney Company's Responses and Objections to Plaintiffs' First Set of Interrogatories in response to Interrogatory 16(a). Defendants intend to supplement Appendix A once collection is substantially completed.

[*Signature Page Follows*]

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

Dated:  October 1, 2025                   Respectfully submitted,

                                          WHITE & CASE LLP
                                          MUNGER, TOLLES & OLSON LLP

                                          By:    _/s/ Jonathan D. Polkes_
                                                  JONATHAN D. POLKES

                                          *Attorneys for Defendants The Walt Disney Company, Robert Chapek, Christine M. McCarthy, and Kareem Daniel*

-26-

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

## VERIFICATION

I, Monica Moye, declare that I am Assistant Secretary at the Walt Disney Company ("Disney"). I have reviewed Disney's Responses and Objections to Plaintiffs' First Set of Interrogatories, (the "Interrogatory Responses"), which have been prepared by Disney's counsel in this action, *Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al.*, Case No. 2:23-cv-03661-CBM (ASx) (C.D. Cal.), and know its contents.

On information and belief, I verify on behalf of Disney that the contents of the Interrogatory Responses and the representations made as to Disney are true and accurate.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 1st day of October, 2025, at  Burbank, CA .

_____
MONICA MOYE

-27-
DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

## <u>CERTIFICATE OF SERVICE BY EMAIL</u>

I, Zach Williams, not a party to the within action, hereby declare that on October 1, 2025, I served the foregoing Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories on the following parties via email:

**COUNSEL FOR PLAINTIFFS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Daniel S. Drosman<br>Ryan A. Llorens<br>Jessica T. Shinnefield<br>Jeffrey J. Stein<br>Nicole Q. Gilliland<br>Jessica E. Robertson | Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) | dand@rgrdlaw.com<br>ryanl@rgrdlaw.com<br>jshinnefield@rgrdlaw.com<br>jstein@rgrdlaw.com<br>ngilliland@rgrdlaw.com<br>jrobertson@rgrdlaw.com |

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Jonathan D. Polkes<br>Stacy Nettleton<br>Adam B. Banks<br>Joshua D. Weedman<br>Susan L. Grace | White & Case LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212/819-8200<br>212/354-8113 (fax) | jonathan.polkes@whitecase.com<br>stacy.nettleton@whitecase.com<br>adam.banks@whitecase.com<br>jweedman@whitecase.com<br>susan.grace@whitecase.com |
| John W. Spiegel<br>John M. Gildersleeve | Munger, Tolles & Olson LLP<br>350 South Grand Avenue, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: 213/683-9100<br>213/687-3702 (fax) | john.spiegel@mto.com<br>john.gildersleeve@mto.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 1, 2025 at Washington, District of Columbia.

*/s/ Zach Williams*
ZACH WILLIAMS

DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES TO THE WALT DISNEY COMPANY

## Appendix B

*Information on Tableau accounts and access by individual*

- Michael Anders - No record of an account

- Cristina Andrade - No record of an account

- Kalia Aragon - No record of an account

- Susan Arnold - No record of an account

- Conner Atashian - No record of an account

- Rojeh Avanesian - No record of an account

- Mary Barra - No record of an account

- Tomm Bauer - Had a license (now unlicensed), but no record of a login

- Alan Bergman - Has an active license, but no record of a login

- Arthur Bochner - No record of an account

- Alisa Bowen - Last login July 15, 2025

- Alan Braverman - No record of an account

- Richard Brookbanks - Last login July 16, 2025

- Grant Brooks - No record of an account

- Rebecca Campbell - No record of an account

- Bryan Castellani - Had a license (now unlicensed), but no record of a login

- Safra Catz - No record of an account

- Amy Chang - No record of an account

- Robert Chapek - No record of an account

- Laurie Chesler-Clark - No record of an account

- Vlad Ciocoi - Last login March 17, 2023.  License is no longer active

- James Collins - Last login September 12, 2022.  License is no longer active

- Justin Connolly - Last Login Feburary 9, 2023.  License is no longer active

- Joshua D'Amaro - Last Login March 25, 2022.  License is no longer active

- Renato D'Angelo - No record of an account

- Seth Davis - No record of an account

- Kareem Daniel - No record of an account

- Julie DeTraglia - No record of an account

- Peter Docter - Had a license (now unlicensed), but no record of a login

- Dominic Dunlap - No record of an account

- Laura Evans - No record of an account

- Kevin Feige - Has an active license, but no record of a login

- Kyle Fong - No record of an account

- Patrick Garrison - Last login August 5, 2025

- Jim Gray - No record of an account

- Jeffrey Grenn - Has an active license, last login January 25, 2025

- Horacio Gutierrez - No record of an account

- Emily Hall - No record of an account

- Bradley Hallen - No record of an account

- David Haskett - No record of an account

- Chris Hoerenz - No record of an account

- Robert Iger - No record of an account

- Liz Jaeger - No record of an account

- Jacqueline Jones-Donaldson - No record of an account

- Jane Kang - No record of an account

- Luke Kang - Has an acccount.  Last login November 24, 2021

- Kathleen Kennedy - Had a license (now unlicensed), but no record of a login

- Jennifer Kettnich - No record of an account

- Jaya Kolhatkar - Last login March 22, 2023.  Account is no longer active

- Vanda Mehta Krantz - No record of an account

- Chris Lee - No record of an account

- Esther Lee - No record of an account

- David Lindbom - No record of an account

- Drew Lowe - No record of an account

- Kevin Mayer - No record of an account

- Lauren Mejaki - No record of an account

- Christine M. McCarthy - No record of an account

- Denise Morgan - Active account.  Last login April 28, 2025

- Geoff Morrell - No record of an account

- Zenia Mucha - No record of an account

- Jolene Negre - No record of an account

- Chris Nguyen - No record of an account

- Mark Parker - No record of an account

- Namrata Patel - No record of an account

- Michael Paull - Last Login March 10, 2022. Account is no longer active

- Justin Peronisi - No record of an account

- James Pitaro - Has an active account.  No record of a login

- Louis Poimiroo - No record of an account

- Kat Poon - No record of an account

- Cierra Prince - No record of an account

- Alexia Quadrani - No record of an account

- Stefan Rasch - Last login April 8, 2023.  Account is no longer active

- Steven Reyes - Last login January 18, 2023.  Account is no longer active

- Daniel Reynolds - No record of an account

- Derica Rice - No record of an account

- Peter Rice - Last login December 17, 2021.  Account is no longer active

- Corey Rosenfield - No record of an account

- Jonathan Rubenstein - No record of an account

- Kristina Schake - No record of an account

- Lowell Singer - No record of an account

- Tom Staggs - No record of an account

- Stephanie Stone - No record of an account

- Dana Walden - Has an active account.  No record of a login

- Brad Wall - No record of an account

- Cindy Wang - Has an active account.  Last login June 11, 2025

- Justin Warbrooke - Has an active account.  Last login April 18, 2023

- Lukas Wickart - Last login August 26, 2022.  Account is no longer active

- Daniel Wiegand - Has an active account.  Last login June 30, 2025

- Ryan Willis - No record of an account

- Brent Woodford - No record of an account

- James Zasowski - Has an active account.  Last login June 13, 2023

- Ming Zhang  - Has an active account.  Last login January 22, 2025