# EXHIBIT 3

**Robbins Geller Rudman & Dowd** LLP

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Jessica T. Shinnefield
jshinnefield@rgrdlaw.com

October 6, 2025

Stacy Nettleton                                                          VIA EMAIL
White & Case LLP                              stacy.nettleton@whitecase.com
1221 Avenue of the Americas
New York, NY  10020-1095

Re:    *Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al.*,
No. 2:23-cv-03661-CBM (ASx) (C.D. Cal.)

Dear Stacy:

I write on behalf of Plaintiffs in the above-referenced matter regarding the Parties' October 3, 2025 meet and confer regarding search terms and custodians.

## I.    Custodians

During the call, you stated that Defendants agreed to add as custodians only two of Plaintiffs' 19 proposed custodians: Susan Arnold and Rebecca Campbell. You stated that the other proposed custodians are duplicative of the custodians Defendants have already selected, and you agreed to explain in writing whether and why Defendants believe that Plaintiffs' other proposed custodians do not possess relevant documents. We asked whether Defendants would be open to removing some of their proposed custodians and adding more of Plaintiffs' proposed custodians, and you stated Defendants were not open to this compromise.

## II.    Non-Custodial Documents

We appreciate Defendants' agreement to produce non-custodial documents (including employment agreements, Rule 10b5-1 trading plans, and materials reflecting any conduct violations) related to Robert Iger.

We also appreciate Defendants' agreement to produce hard-copy materials, such as binders and other preparation materials, related to earnings calls.

## III.    Defendants' Proposed Search Protocol for Short-Form Communications

During the call, we asked why Defendants' search term proposal for short-form communications was different from their search term proposal for other documents. You explained that there was no technical reason for the difference, and you stated that the search terms for short-form communications were intended to be broader because the communications are shorter. We stated that we would review and let you know if we had any edits.

655 West Broadway, Suite 1900    San Diego, CA  92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP

Stacy Nettleton
October 6, 2025
Page 2

We appreciate Defendants' agreement to search Susan Arnold's and Rebecca Campbell's short-form communications.

During the call, you stated Defendants were unwilling to add any of Plaintiffs' ten proposed additional custodians to the list of custodians whose short-form communications you are reviewing without the use of search terms.

## IV.     Defendants' Good Faith Affirmative Defense

We asked you to confirm that Defendants have included as custodians all individuals on whom Defendants are relying in connection with Defendants' tenth affirmative defense: "Defendants are not liable because they acted in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely." ECF 113 at 81. You stated it was premature for Defendants to identify the individuals upon whom they relied. Your position that it is "premature" to identify the individuals central to your "good faith reliance" defense is untenable. Federal discovery rules do not permit you to shield the identities of key fact witnesses. Accordingly, you must either identify these individuals for purposes of custodial discovery or withdraw the affirmative defense for which you presently have no factual support.

## V.     Search Terms

During the call, you stated that Defendants are unwilling to run any of Plaintiffs' proposed search terms. We asked whether Defendants had identified potentially problematic search terms that Plaintiffs could modify. You indicated that Defendants had identified some problematic terms, but you stated Defendants are unwilling to entertain any additional edits from Plaintiffs. One of the justifications you provided for refusing to entertain any additional edits was that Plaintiffs had provided separate search terms, which you represented made it difficult to identify problematic terms and determine the extent to which Plaintiffs' search terms overlap with Defendants' search terms. We note that the Parties' Stipulated Electronic Discovery Agreement contemplated that Plaintiffs would provide additional search terms. *See* ECF 174 at 3. Nonetheless, to address Defendants' concerns, Plaintiffs will endeavor to provide a redline to Defendants' proposed search terms.

You also stated that Defendants are no longer planning to use technology-assisted review, and you stated you would let us know if that changes.

Sincerely,

JESSICA T. SHINNEFIELD