# EXHIBIT 1

Exhibit 1
Page 2

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
RYAN A. LLORENS (225196)
JESSICA T. SHINNEFIELD (234432)
JEFFREY J. STEIN (265268)
NICOLE Q. GILLILAND (335132)
JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>Defendants. | Case No. 2:23-cv-03661-CBM (ASx)<br><br>CLASS ACTION<br><br>DECLARATION OF JERRY BUI IN REBUTTAL TO THE DECLARATION OF ANDREW JOHNSTON |

Exhibit 1
Page 3

I, Jerry Bui, hereby declare as follows:

## I.    Qualifications

1.      I am a digital forensics and electronic discovery specialist with more than 20 years of experience in large-scale data analysis, review management, and discovery methodology.

2.      I have served as a consultant and expert in numerous civil, regulatory, and class action matters involving multi-terabyte environments, high-volume custodian populations, and complex review workflows.

3.      My work commonly involves assessing the defensibility of document identification and review processes, estimating burden based on measurable data, and evaluating the reliability of collection and review metrics.

4.      I have reviewed the Declaration of Andrew Johnston dated November 25, 2025 ("Johnston Declaration"); Defendants' Search Term Hit Report (Johnston Exhibit 2); Defendants' Search Protocol Data Report (Johnston Exhibit 3); and Defendants' proposed burden estimates.

5.      I have been asked to opine on the methodology used in the Johnston Declaration to estimate the number of documents and review hours associated with additional custodians and search terms sought by Plaintiffs.

## II.    Summary of Opinions

6.      In my professional opinion, the burden estimates in the Johnston Declaration are fundamentally flawed, lack empirical support, and grossly inflate the likely volume of documents requiring review.

7.      The declaration relies on discredited assumptions – including linear review-rate formulas and gross hit-count projections – that are rejected in the field as unreliable and scientifically invalid.

1

Exhibit 1
Page 4

8.  The numbers presented in the Johnston Declaration cannot be independently verified because the declaration fails to disclose any of the underlying formulas, variables, or datasets used to generate them.

9.  Without transparency, the projections are speculative and methodologically unreliable, particularly because they purport to calculate deduplication rates for uncollected-for custodians, which is impossible to accurately quantify.

## III.  Johnston's Model Applies Outdated Rules of Thumb that Inflate Volume

10.  The Johnston Declaration relies on arbitrary forecasting practices – including linear scaling assumptions – to project increased document counts.  This approach is not supported by current empirical evidence.

11.  The **Sedona Conference Commentary on Search and Information Retrieval** rejects this methodology, warning that page-based analogies (*e.g.*, "80,000 pages per gigabyte") are imprecise and cannot be relied upon as constants absent context about document type, embedded content, or collection characteristics:

> "*Past assumptions such as equating one gigabyte to a fixed page count (e.g., 80,000 pages) are illustrative and not precise; the makeup of collections varies widely in format and density, making such numbers context-dependent benchmarks rather than scientific metrics*."[1]

12.  RAND research on e-discovery cost drivers likewise demonstrates that historical document density assumptions – often repeated in obsolete budgeting models – fluctuate wildly, from roughly 7,800 to 18,750 documents per gigabyte depending on dataset composition.[2]

---

[1]  https://www.thesedonaconference.org/sites/default/files/publications/217-264%20Search%20and%20Information_0.pdf

[2]  https://www.rand.org/content/dam/rand/pubs/monographs/2012/RAND_MG1208.pdf

Exhibit 1
Page 5

13.     These findings contradict the core assumption underlying Mr. Johnston's projections – that document populations scale predictably and proportionally with custodian additions or search term modifications.

14.     Because document density is not fixed, applying a single proportional factor to forecast new custodial contributions will more likely inflate the projected volume than yield an accurate estimate.

15.     Specifically, this approach fails to account for the fact that, as additional custodians are added, the rate of unique, net-new data diminishes due to global deduplication (*e.g.*, the same email sent to three custodians counts as three "hits," but results in only one reviewable document).  Mr. Johnston's model ignores the realities of deduplication mechanics and assumes maximum document density, thereby manufacturing an exaggerated projected volume.

## IV.    Johnston Treats Hit Counts as Review Burden, Which They Are Not

16.     Johnston Exhibit 2 – the Search Term Hit Report – misrepresents low-frequency search term hits by converting them into large document volumes.  For example, several terms show hit rates under 1% (some under 0.1%), but Mr. Johnston's calculation treats every hit as imposing a material review burden.

17.     Search term hits, together with attachments and other associated documents, do not reliably measure the total burden associated with a review.  They do not indicate whether a document is relevant, responsive, privileged, or duplicative, all of which can affect the burden associated with reviewing that document.  In addition, search term hits include embedded images in PowerPoint files, images of embedded signature lines, and other such documents that inflate the number of review hits but do not impose a material burden in the review process.

18.     In low-richness environments – which Exhibit 2 reflects – treating hits as review units systematically distorts the burden.  Even low percentages applied to large

Exhibit 1
Page 6

datasets can produce large raw hit counts that do not reliably reflect the actual work required.

19.    Because the projections do not account for these differences among documents, the document counts in Johnston Exhibit 2 cannot reliably predict total review burden.

## V.    Deduplication Cannot Be Estimated on Uncollected Data

20.    The Johnston Declaration states that projected burden accounts for deduplication.  However, the declaration provides no supporting detail and does not explain:

    (a)    what dataset was used,

    (b)    what deduplication logic was applied,

    (c)    how projected overlap was calculated, or

    (d)    how deduplication assumptions account for uncollected custodians.

21.    Deduplication depends on actual content overlap between collections. Because that overlap cannot be known prior to collection, deduplication rates cannot be reliably predicted across uncollected custodians.

22.    Any deduplication assumption applied in a vacuum prior to collection is pure speculation.  Deduplication reduces burden in practice – but it cannot reliably be quantified in advance.

## VI.    Johnston Applies Linear Review-Hour Conversion that Compounds Error

23.    The Johnston Declaration estimates more than 65,000 review hours by multiplying projected document count by assumed review rate (documents per hour).

24.    Review-hour conversion formulas are inherently variable and depend on:

    (a)    data type and format,

    (b)    subject matter complexity,

    (c)    privilege concentration,

    (d)    custodian role,

Exhibit 1
Page 7

    (e) communication density, and

(f) batching efficiency.

25. Linear extrapolation magnifies the error embedded in the earlier projections and thereby compounds overestimation.

26. Because the document volume assumption is inflated, the resulting review-hour estimate is also inflated.

## VII. Johnston's Calculations Cannot Be Reproduced or Tested

27. The Johnston Declaration operates as a "black box," failing to disclose:

(a) input values,

(b) conversion factors,

(c) datasets,

(d) formulas,

(e) software models, or

(f) data sources.

28. Without transparency, Mr. Johnston's calculations cannot be independently reproduced or verified.

29. In any sound expert analysis, reproducibility is essential to reliability. If an output cannot be tested, it cannot be relied upon.

## VIII. Conclusion

30. In summary, it is my opinion that the burden estimates in the Johnston Declaration are not grounded in empirical data because they rely on outdated assumptions, inflated hit counts, unverifiable deduplication logic, and undisclosed and unreproducible formulas.

31.    Accordingly, they materially overstate the projected burden and provide no defensible basis for assessing proportionality under Rule 26.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2025 at Dallas, Texas

_____
JERRY BUI
Senior Vice President of Digital Forensics
Purpose Legal

6

Exhibit 1
Page 9