UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-03661-CBM (ASx) | Date | January 7, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | CS: 01/06/26 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Daniel S. Drosman | Stacy Nettleton |
| Jessica Shinefield | Wyatt Smith[1] |
| Darryl Alvarado | |

**Proceedings (In Chambers):   ORDER GRANTING IN PART PLAINTFFS' MOTION TO COMPEL CUSTODIAN AND SEARCH TERMS (DKT. NOS. 188-189)**

On December 1. 2025. The parties filed a Joint Stipulation ("Joint Stip.") regarding Plaintiffs' Motion to Compel custodian and search terms, accompanied by the declarations of Plaintiffs' counsel, Jessica Shinnefield, (with exhibits A-SS), Defendants' counsel, Stacy Nettleton, (with exhibits 1-4), and Andrew Johnson, Senior Managing Director for Defendants' e-discovery vendor, (with exhibits 1-3). (Dkt. Nos. 188-189). On December 2, 2025, the Court granted Plaintiffs' application to file portions of the Joint Stipulation under seal. (Dkt. Nos. 190-192).[2] On December 3, 2025, Defendants filed a notice of errata regarding Exhibits 2 and 3 to the Declaration of Andrew Johnson, (Dkt. No. 194), and filed corrected Exhibits 2 and 3 (Dkt. Nos. 195-96). On December 23, 2025, the parties filed supplemental memoranda in support of their positions. (Dkt. Nos. 198, 199).

A hearing was held on January 6, 2026. The Court, having reviewed the briefing on the motion and considered the arguments presented at the hearing, **GRANTS IN PART** Plaintiffs' motion to compel.

---

[1] Mr. Smith is directed to file a notice of appearance on the court's docket.

[2] The unredacted Joint Stipulation is filed at Dkt. No. 191-2; the unredacted Declaration of Jessica Shinnefield is filed at Dkt. No. 191-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-03661-CBM (ASx) | Date | January 7, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

### A.   Background

This is a putative securities fraud class action in which Plaintiffs allege that Defendants executed a multi-year scheme to inflate Disney's stock price by misrepresenting the growth, profitability, and subscriber base of Disney+.  Plaintiffs include Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund, and plaintiffs Local 272 Labor-Management Pension Fund, and John Patrick Talbot (collectively "Plaintiffs"). Defendants are The Walt Disney Company, Robert Iger, Robert Chapek, Christine McCarthy, and Kareem Daniel (collectively "Defendants"). Plaintiffs allege that Defendants used short-term tactics and accounting maneuvers to manufacture subscriber gains while concealing churn and mounting costs, thereby reinforcing the illusion of sustained profitability through materially false and misleading statements to investors. (Joint Stip. at 3-4).

The parties' ESI agreement requires the parties to "attempt in good faith to come to an agreement on search and culling methods used to identify responsive information." See Dkt. No. 174 at 1. To that end, Defendants provided a proposed search protocol, including search terms and custodians, in response to Plaintiffs' first Requests for Production, Plaintiffs provided Defendants with a supplemental proposal adding additional search terms and proposals, which Defendants rejected. (Joint Stip. at 6). Plaintiffs then provided a narrowed proposal for which Defendants produced a hit report. Id. After the parties were unable to reach an agreement, Plaintiffs provided another revised proposal and an explanation of the deficiencies it perceived in Defendants' proposed searches. Id.  Despite lengthy meet and confer exchanges, the parties were unable to agree on a search protocol. This motion followed.

At issue are Plaintiffs' request that Defendants conduct searches for documents (1) from the four individual defendants and sixteen of Plaintiff's proposed custodians; (2) by including Plaintiff's proposed modifications to eight of the search terms proposed by Defendants; and (3) using Plaintiff's proposed 36 search terms.

### B.   Legal Standards

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Nevertheless, information "need not be admissible in evidence to be discoverable."  Id.  Thus, relevance, for purposes of discovery, is defined broadly, and "[d]iscovery of nonprivileged information not admissible in evidence remains available so long as it is otherwise within the scope of discovery."  Fed. R. Civ. P. 26(b)(1) advisory committee's note (2015); see Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  However, under amended Rule 26(b), discovery must be "proportional to the needs of the case, considering the importance of the issues at stake

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-03661-CBM (ASx) | Date | January 7, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This proportionality requirement "is designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." Mfg. Automation & Software Sys., Inc. v. Hughes, No. CV 16-8962, 2017 WL 5641120, at *5 (C.D. Cal. Sept. 21, 2017).

Motions to compel are governed by Rule 37, which allows a party to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "A party seeking discovery may move for an order compelling . . . production . . . if . . . a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 34 provides that a party may serve on any other party a request to produce documents or electronically stored information within the party's possession, custody, or control that is otherwise within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A). "Upon a motion to compel discovery, the movant has the initial burden of demonstrating relevance." United States v. McGraw-Hill Companies, Inc., No. CV 13-0779, 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). Further, district courts have "broad discretion" to control discovery and in determining relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citation and alteration omitted).

### C.  Order

Custodian Designations

Defendants have agreed to add (1) each of the individual defendants (Robert Chapek, Robert Igor, Christine M. McCarthy, and Kareem Daniel) where they are omitted as custodians to all searches except for search 51; (2) Rebecca Campbell to searches 20-21; and (3) investor relations custodians to search 40. (Joint Stip. at  8-10, 58-59; Plaintiffs' Supp. Mem, Declaration of Jessica Shinnefield, ¶ 3, Exhibit 2 at 1).

Plaintiffs' motion to add seven managers and senior employees in key departments as custodians is GRANTED as to David Chodniewicz and DENIED WITHOUT PREJUDICE  as to Eduardo Bezerra, Michael Chin, Nick Lewerke, Matthew Kambic, Jon Pang, and Jack Reiman.  Defendants have designated other custodians in the same business function areas and reporting chains as the individuals Plaintiffs seek to add. (Joint Stip. at 62-66; Defendants' Supp, Mem. at 5). The Court finds the marginal relevance of communications involving these individuals does not – at this stage of the case - outweigh the burden to Defendants of collecting and reviewing additional documents, with the exception of David Chodniewicz.  As Defendants point out, because this securities litigation alleges that senior management

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-03661-CBM (ASx) | Date | January 7, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

engaged in a scheme to mislead investors about subscriber targets and profitability projections, Defendants have designated as custodians the senior managers who are most likely to have relevant information regarding the purported scheme and disclosures to investors.

Plaintiffs' motion to add Mary Barra, Maria Elena Lonomasino, and Mark Parker, who served on Disney's Board and compensation committee, as custodians is DENIED WITHOUT PREJUDICE. According to Defendants, adding these board members would be duplicative of the custodians already designated by Defendants, including  Board Chair, Susan Arnold, as a custodian and Defendants' agreement to produce relevant Board documents, such as meeting minutes and presentations (including compensation committee meeting minutes and presentations), and documents from Boardvantage, a specialized communications platform for boards of directors. (Joint Stip. at 67-68).

Plaintiffs' motion to add Alan Bergman and Dana Walden, co-chairs of Disney Entertainment,  as custodians, is DENIED WITHOUT PREJUDICE.  As Defendants point out, these individuals were not involved in subscriber profitability, projections, DMED accounting or communications with investors and their communications are not likely to be relevant to Plaintiff's allegations about Disney+, subscriber and profitability projections, DMED accounting, content spend, or communications with investors. (Joint Stip. at 68-69).

Plaintiffs' motion to add Horacio Gutierrez, Chief Legal and Compliance Officer, and Paul Richardson, Chief Human Resources Officer, as custodians, for searches limited to the time frame September 1, 2022, to November 30, 2022,  is GRANTED.  Plaintiffs seek records for a short period of time when these individuals are believed to have personally participated in key business discussions relating to Chapek. (Joint Stip. at 24-25).  Given Gutierrez' role, the parties are directed to meet and confer in an effort to ameliorate any significant burden of reviewing responsive documents for privilege.

Plaintiffs' motion to add Claire Lee, Chief of Staff to Robert Chapek, and Nancy Lee, Chief of Staff to Robert Iger, as custodians is DENIED WITHOUT PREJUDICE. Plaintiffs argue that these individuals are likely to possess documents that are probative and not duplicative because they  played critical gatekeeping roles in controlling the follow of information to and from the CEO and Executive Chairman offices,  attended meetings and took notes, Claire Lee was part of Chapek's inner circle, and Nancy Lee was involved in metrics manipulation. (Joint Stip. at 26-27).  Defendants contend that information relevant to Plaintiffs' allegations will be captured by documents from Chapek and Iger, and the designated custodians these individuals reported to and who were also present during the meetings. (Joint Stip. at 66-67). Accordingly, Defendants maintain that the marginal relevance of responsive communications from these individuals does not outweigh the burden and likely duplication of communications from the senior executives and other custodians. The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-03661-CBM (ASx) | Date | January 7, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

Search Proposals

At the hearing, Plaintiffs asked the Court to rule on (1) Plaintiffs' proposed modifications to Defendants' search numbers 1, 9, and 20-21; and (2) Plaintiffs proposed search terms in rows 2, 4-5, 16, and 37. See Plaintiffs' Supp. Mem, Declaration of Jessica Shinnefield, ¶ 3, Exhibit 3, Appendix A.

Plaintiffs' motion to compel Defendants to incorporate Plaintiffs' proposed modifications to Defendants' searches is GRANTED IN PART:  As an initial matter, Defendants have agreed to incorporate Plaintiffs' edits to 43 of Defendants' 51 searches, "modified 16 searches to address Plaintiff's concerns," (Joint Stip. at 54-55 n.29), and Defendants have agreed to run the search term "churn" as a standalone term for certain custodians agreed to by the parties.  With respect to the remaining 8 searches for which Plaintiffs seek modifications, the Court DENIES WITHOUT PREJUDICE Plaintiffs' proposed edits to Search 1, and GRANTS the proposed modifications to Searches 20-21 and 9.  See Plaintiffs' Supp. Mem, Declaration of Jessica Shinnefield, ¶ 3, Exhibit 2: Appendix A (Rows 1, 9, 20-21))

Plaintiffs' motion to compel Defendants to conduct searches of Plaintiffs' proposed 36 search terms is GRANTED IN PART: (1) Defendants will conduct searches of the terms that have resulted in 5,000 or fewer hits but for no more than 60,000 documents. Plaintiffs will provide Defendants with the search terms that, individually, reflect less than 5,000 hits but cumulatively do not exceed 60,000 hits; and (2) Defendants will conduct Plaintiffs' proposed searches in Row 5 (reflecting 5,631 unique hits), 16 (reflecting 17,301 unique hits) , and 37 (reflecting 30,267 unique hits). See Plaintiffs' Supplemental Memorandum, Shinnefield Declaration ¶ 3, Exh. 3: Plaintiff's Appendix A, pages 2, .7, 19).  Plaintiffs' motion to compel the proposed searches in Rows 2 and 4 are DENIED without prejudice.

The parties are ordered to meet and confer regarding a time frame for compliance with this Order. Although the deadline for substantial completion of document production in response to the parties' first requests for production of documents is March 31, 2026, the Court expects production to take place on a rolling basis as documents are identified and reviewed. See Dkt. No. 179 at 3, n.1.

The parties must use the Court's informal discovery dispute resolution process to resolve any issues regarding clarification or compliance with this Order. See Judge Sagar's procedures.

**IT IS SO ORDERED.**

cc:    Consuelo B. Marshall
       United States District Judge