UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated, | ) ) ) | Case No. 2:23-cv-03661-CBM (ASx) |
|---|---|---|
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) ) | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DATED JANUARY 7, 2026 GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL CUSTODIAN AND SEARCH TERMS (ECF 207) |
| THE WALT DISNEY COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

4933-1869-9145.v1

Upon consideration of Lead Plaintiffs Central Pennsylvania Teamsters Pension Fund, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Central Pennsylvania Teamsters Health and Welfare Fund, and plaintiffs Local 272 Labor-Management Pension Fund and John Patrick Talbot's (collectively, "Plaintiffs") Motion for Reconsideration of Order Dated January 7, 2026 Granting in Part Plaintiffs' Motion to Compel Custodian and Search Terms (ECF 207) (the "Motion"), all papers submitted in connection therewith, the record in this action, and the arguments of counsel, and good cause appearing, the Court finds that the Motion should be granted because the January 7, 2026 Order Granting in Part Plaintiffs' Motion to Compel Custodian and Search Terms (ECF 207) (the "Order") contains manifest errors of law and fact.

***First***, the Order erroneously denies Plaintiffs' request to add Nick Lewerke as a custodian notwithstanding the Court's clear, unequivocal, and unqualified oral ruling at the January 6, 2026 hearing granting that very request. *See* ECF 208 at 16:3-5 ("I am going to then grant in part the request to add these seven custodians…. [I] grant it as to … Lewerke."). The written Order reverses the Court's on-the-record ruling, and no intervening facts, legal authority, or explanation were offered to justify a departure from that ruling. This inconsistency constitutes manifest error and requires correction to conform the written Order to the Court's oral decision.

***Second***, the Order's denial of Plaintiffs' request to add Claire Lee, Chief of Staff to defendant Robert Chapek ("Chapek"), on the ground that her communications would be only "marginal[ly] relevan[t]" and largely duplicative rests on clearly erroneous factual assumptions and the incorrect application of Federal Rule of Civil Procedure 26(b)(1). In their opposition to Plaintiffs' motion to compel, defendants The Walt Disney Company ("Disney"), Chapek, Robert Iger ("Iger"), Christine M. McCarthy, and Kareem Daniel (collectively, "Defendants") affirmatively conceded that a Chief of Staff is a member of Disney's senior management and "may potentially possess communications relevant to, among other allegations, ... publicly announced

- 1 -

subscriber targets, the DMED reorganization subscriber growth strategy, public disclosures, and Chapek's renewal as CEO." ECF 193 at 58-59. Defendants' own admissions establish relevance. Consistent with that concession, Defendants designated Arthur Bochner, Chapek's Chief of Staff for part of the Class Period, as a custodian. Claire Lee directly succeeded Arthur Bochner in the same role during the Class Period, and there is no factual or legal basis to treat the same position differently based solely on the identity of the officeholder. The Order's contrary conclusion is irreconcilable with the record and constitutes manifest error.

*Third*, the same errors apply to the Order's denial of Plaintiffs' request to add Nancy Lee, Chief of Staff to defendant Iger. Nancy Lee occupied the identical senior gatekeeping role for Disney's Executive Chairman and CEO, controlling the flow of information to and from Iger and participating directly in matters bearing on Disney+ subscriber growth, disclosures, and strategy. Defendants' concession that a Chief of Staff is senior management with broad substantive involvement applies with equal force to Nancy Lee, and no evidence was offered to suggest her role was materially different or less relevant than the other Chief of Staff from whom Defendants agreed to produce. The denial therefore rests on the same manifest factual and legal errors.

*Finally*, as to all three custodians, the Order misapplies the governing legal standard, Rule 26(b)(1), which places the burden of proof on the party resisting discovery to demonstrate that proposed discovery is disproportionate. Defendants made no evidentiary showing regarding the burden, cost, or volume associated with adding any of these custodians. Denying discovery from concededly senior, centrally involved custodians in the absence of such a showing constitutes a manifest error of law warranting reconsideration.

Accordingly:

1.     The Motion is GRANTED;

- 2 -

2.    The Court's January 7, 2026 Order (ECF 207), with respect to the Court's denial of Plaintiffs' request to add Nick Lewerke, Claire Lee, and Nancy Lee as custodians is VACATED; and

3.    Defendants are hereby ORDERED to designate Nick Lewerke, Claire Lee, and Nancy Lee as custodians and to collect, search, and produce responsive documents and ESI from their custodial files. With respect to Claire Lee, Defendants shall produce documents for the period of September 1, 2022 through December 1, 2022.

IT IS SO ORDERED.

DATED: _____    _____

THE HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

- 3 -

4933-1869-9145.v1