JONATHAN D. POLKES (admitted *pro hac vice*)
jonathan.polkes@whitecase.com
STACY NETTLETON (admitted *pro hac vice*)
stacy.nettleton@whitecase.com
ADAM B. BANKS (admitted *pro hac vice*)
adam.banks@whitecase.com
SUSAN L. GRACE (admitted *pro hac vice*)
susan.grace@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200

JOHN W. SPIEGEL (SB 78935)
john.spiegel@mto.com
JOHN M. GILDERSLEEVE (SB 284618)
john.gildersleeve@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine M. McCarthy
and Kareem Daniel

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE WALT DISNEY COMPANY, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-03661-CBM(ASx) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> Date:　February 19, 2026 <br> Time:　10:00 a.m. <br> Ctrm:　540 <br> Judge: Hon. Alka Sagar |

# TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................... 1

II.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE ................... 3

III.   LEGAL STANDARD ................................................................................ 5

IV.   ARGUMENT ............................................................................................ 6

     A.   Plaintiffs Re-Raise Arguments The Court Has Heard and Rejected. .......................................................................................... 6

     B.   The Court Heard, Weighed, and Denied Plaintiffs' Arguments for Designating Nick Lewerke. .................................................... 9

     C.   The Court Heard, Weighed, and Denied Plaintiffs' Arguments for Designating Claire Lee and Nancy Lee. .............................. 11

     D.   The Court's Order Correctly Applied Rule 26's Proportionality Requirement. .................................................... 14

V.    CONCLUSION ...................................................................................... 16

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cap Export v. Zinus*,
   2020 WL 13588764 (C.D. Cal. Nov. 3, 2020)................................................14

*Contemp. Servs. Corp. v. Landmark Event Staffing*,
   2013 WL 12142953 (C.D. Cal. Feb. 4, 2013)..................................................8

*Export Development Canada v. ESE Electronics, Inc.*,
   2017 WL 1380503 (C.D. Cal. Apr. 11, 2017)............................................8, 16

*Forestal v. Caldwell*,
   2017 WL 4465147 (C.D. Cal. Jan. 19, 2017) ...................................................5

*Gibson Brands Inc. v. John Hornby Skewes & Co.*,
   2015 WL 12681376 (C.D. Cal. July 20, 2015) ..............................................14

*Gish v. Newsom*,
   2020 WL 6054912 (C.D. Cal. Oct. 9, 2020) .....................................................6

*Hallet v. Morgan*,
   296 F.3d 732 (9th Cir. 2002)..............................................................3, 7, 14

*Hernandez v. Montgomery,*
   2024 WL 3818136 (C.D. Cal. June 25, 2024), *aff'd*, 2024 WL
   3819792 (C.D. Cal. Aug. 13, 2024) ...................................................2, 6, 7, 15

*ILC Trademark Corp v. Aviator Nation, Inc.*,
   2019 WL 2998576 (C.D. Cal. Jan 22, 2019) ....................................................2

*Ketab Corp. v. Masriani L. Grp.*,
   2015 WL 2084469 (C.D. Cal. May 5, 2015) .............................................5, 14

*Kona Enter., Inc. v. Estate of Bishop*,
   229 F.3d 877 (9th Cir. 2000)...........................................................................1, 5

*Kraft v. Old Castle Precast Inc.*,
   2016 WL 4120049 (C.D. Cal. Aug. 2, 2016).................................................5, 6

*McCandless Group, LLC v. Coy Collective,*
2023 WL 8896885 (C.D. Cal. Nov. 6, 2023) .......................................................5

*Poulos v. City of Los Angeles,*
2020 WL 8509663 (C.D. Cal. July 15, 2020) ...................................................14

*Rong Zhang v. Voice of Guo Media Inc.,*
2023 WL 7050155 (D. Ariz. Feb. 22, 2023) ..................................................3, 8

*Rubi v. Summers,*
2023 WL 3152156 (C.D. Cal. Mar. 23, 2023) .......................................6, 8, 13

*SPS Techs., LLC v. Briles Aerospace, Inc.,*
2019 WL 6870346 (C.D. Cal. July 11, 2019) ....................................................5

*Walsh v. Unforgettable Coatings, Inc.,*
2022 WL 3647920 (C.D. Cal. Aug. 23, 2022) ................................................15

**Rules and Regulations**

Federal Rules of Civil Procedure
Fed. R. Civ. P. 26.............................................................................3, 7, 14, 15

Civil Local Rules
Local Rule 7-18 ..................................................................................*passim*

Local Rule 37-1 ..........................................................................................5

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

## I.    INTRODUCTION

After receiving 81 pages of briefing, considering nearly 900 pages of exhibits, and holding a two-hour oral argument, the Court issued a reasoned order denying Plaintiffs' Motion to Compel in relevant part. Disagreeing with that result, Plaintiffs now ask this Court for a do-over. But reconsideration is an extraordinary, disfavored remedy. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It is proper only on three narrow grounds: (a) "a material difference in fact or law" which "could not have been known" when the Court entered its order, (b) "the emergence of new material facts or a change in law," or (c) "a manifest showing" that the Court failed to consider material facts. L.R. 7-18.

Plaintiffs cannot meet any of them: they cite no newly discovered facts; no change in law; and no evidence that the Court failed to consider any material facts. Instead, Plaintiffs repeatedly and expressly rehash—sometimes verbatim—the same arguments they already presented to this Court and that the Court rejected. The rules are clear, however: a party seeking reconsideration may not "in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." Local Civil Rule 7-18. That is all Plaintiffs' Motion does. It should be denied.

Paying lip service to the governing standard, Plaintiffs first claim that the Court committed "manifest error" by denying their request to order Defendants to add lower-level employee Lewerke as a custodian. ECF 216 at 5. But the Court already considered Plaintiffs' arguments and concluded that "the marginal relevance of communications involving [Lewerke] does not – at this stage of the case – outweigh the burden to Defendants of collecting and reviewing additional documents," including because Defendants had already "designated as custodians the senior managers who are most likely to have relevant information regarding the purported scheme and disclosures to investors." ECF 207 at 3-4. Plaintiffs' disagreement with the Court's conclusion is not "[a]n error that is plain and indisputable, and that

-1-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hernandez v. Montgomery*, No. 2:20-CV-05272-SB (SP), 2024 WL 3818136, at *3 (C.D. Cal. June 25, 2024), *report and recommendation adopted*, No. 2:20-CV-05272-SB (SP), 2024 WL 3819792 (C.D. Cal. Aug. 13, 2024) (defining "manifest error"). And while the Court's oral ruling indicated that the Court was initially inclined to grant Plaintiffs' request with respect to Mr. Lewerke, its subsequent written order clearly rejects Plaintiffs' position. That written order is not manifest error, either.

Plaintiffs next claim that the Court committed "manifest error" by denying their request to order Defendants to add Nancy Lee and Claire Lee as custodians, both chiefs of staff to Disney's CEOs. ECF 216 at 7, 15. The crux of Plaintiffs' argument is that the Court committed manifest error because Defendants supposedly made a binding "concession" that chiefs of staff—by definition—constitute senior management who possess relevant information, because Defendants designated one as a custodian. *Id*. at 7, 8, 9, 17. But this is not a valid ground for reconsideration. For one thing, Plaintiffs already argued all of this—including Defendants' alleged "concession"—and the Court rejected it. Second, Defendants made no such concession: as Defendants explained at the hearing, Defendants offered a former chief of staff as a custodian because he held an independent, senior, and "substantive role" as Vice President of Strategic Communications during the relevant period. ECF 208 at 34:22-35:23. Defendants certainly made no blanket statement that all chiefs of staff should be custodians. The Court "did not ignore any of the information Plaintiffs presented to it. Rather, it simply disagreed with Plaintiffs' assessment[.]" *ILC Trademark Corp v. Aviator Nation, Inc.*, No. 16-7975-MWF (JPRx) 2019 WL 2998576 at *2 (C.D. Cal. Jan 22, 2019). Disagreement is not grounds for reconsideration. *See id*.

Finally, Plaintiffs attempt to invent "manifest error" by arguing that the Court ignored the proportionality standard. ECF 216 at 13-15, 17. That is demonstrably

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

false. The Court's order clearly outlines Rule 26(b)'s proportionality requirement, *see* ECF 207 at 2-3, and the Court has "broad discretion" in balancing Rule 26 considerations to control discovery. *Id.* at 3 (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). Defendants presented argument and a declaration regarding the additional burden that incremental custodians would generate, *see, e.g.*, ECF 193 at 48, ECF 186-36, and the Court explicitly balanced Rule 26(b) considerations in its written ruling. ECF 207 at 3-5. Once again, Plaintiffs do not identify new facts or law. Plaintiffs instead do what the authority they cite forbids: they "ask [the] court to rethink what the court had already thought through." *Rong Zhang v. Voice of Guo Media Inc.*, No. CV-21-01079-PHX-SMB, 2023 WL 7050155 at *1 (D. Ariz. Feb. 22, 2023).

Reconsideration is reserved for a court's failure to consider governing law or fact. The Court's decision did neither. Plaintiffs' attempt to relitigate the Motion is expressly forbidden by this Court's Local Rules. The Court should deny the Motion.

## II.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiffs' Motion mischaracterizes the history of the parties' dispute over search terms and custodians. This Court is well-familiar with that history, and Defendants decline to recite it here. For the purposes of this Motion, a single fact is outcome-determinative: Plaintiffs' request for the three custodians was extensively litigated and fully adjudicated.

On December 1, 2025, the parties filed the Joint Stipulation Regarding Plaintiffs' Motion to Compel Custodians and Search Terms ("Joint Stipulation"). ECF 188-89, 193. The parties extensively briefed Plaintiffs' discovery requests—including Plaintiffs' request that Defendants add Lewerke, Claire Lee, and Nancy Lee as custodians—through over 81 pages of argument and nearly 900 pages of declarations and exhibits. In particular, Plaintiffs devoted pages of argument specific to Lewerke, Lee, and Lee, *see* ECF 193 at 10-14, 16-17, 26-27, and Plaintiffs' exhibits included a chart detailing the alleged relevance of Plaintiffs' requested custodians and LinkedIn

profile for Lewerke. ECF 189-10, -22. In response, Defendants argued that these three custodians were of marginal relevance, duplicative of other existing custodians, and that adding them would unreasonably increase Defendants' burden given the more than 1 million documents already slated for review.  ECF 193 at 62, 64-67.  In support, Defendants also submitted the Johnston Declaration, which drew on Defendants' collected data to estimate the additional review burden imposed by Plaintiffs' request for Lewerke, Lee, Lee, and 13 other custodians. ECF 189-36 at ¶¶ 19-23.

On December 23, 2025, Plaintiffs and Defendants each filed Supplemental Memoranda of Law that included further argument regarding Plaintiffs' custodian requests. ECF 198 at 5 & 199 at 1-2.

On January 6, 2026, the Court heard oral argument on the Joint Stipulation over two hours. Counsels' presentations included arguments specific to Plaintiffs' request for Lewerke, Claire Lee, and Nancy Lee, which were interspersed with specific questions from the Court about those custodians. *Id.* at 7:18-8:25, 15:3-16:2, 31:5-36:18. At the conclusion of the hearing, the Court stated a written order on Plaintiffs' Motion was forthcoming. *Id.* at 75:4-5.

The Court's written Order expressly denied without prejudice Plaintiffs' request to add Lewerke, Claire Lee, and Nancy Lee. ECF 207. For Lewerke, the Court reasoned that because Plaintiffs "allege[] that senior management engaged in a scheme to mislead investors about subscriber targets and profitability projections," Defendants had already "designated other custodians  in the same business functions areas and reporting chains," including "the senior managers who are most likely to have relevant information regarding the purported scheme and disclosures to investors." *Id.* at 3-4. As to Claire Lee and Nancy Lee, the Court considered and rejected Plaintiffs' argument that the chief-of-staff custodians' "critical gatekeeping roles in controlling the flow of information to and from the CEO and Executive Chairman offices" were sufficient to require review of their files.  *Id.* at 4. In rejecting Plaintiffs' requests, the Court "agree[d]" with Defendants that "the marginal

-4-

relevance of responsive communications from [Claire Lee and Nancy Lee] does not outweigh the burden and likely duplication of communications from the senior executives and other custodians." *Id.* at 4. The Court's Order concluded by instructing that "[t]he parties must use the Court's informal discovery dispute process to resolve any issues regarding clarification or compliance with this Order." ECF 207 at 5.

Plaintiffs then filed their Motion, which raises no new arguments and identifies no facts disregarded by the Court in its Order. ECF 218. In violation of Local Rule 7-3, Plaintiffs did not meet and confer with Defendants seven days before filing. Instead, hours before Plaintiffs filed the Motion, Plaintiffs' counsel called Defendants' counsel notifying counsel of Plaintiffs' intent to file the Motion that day. Bypassing the Court's informal procedure, Plaintiffs filed a formal Motion.

## III.   LEGAL STANDARD

"No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." L.R. 7-18. "[A] motion for reconsideration is not a means to reargue a previous position" or "an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *SPS Techs., LLC v. Briles Aerospace, Inc.*, 2019 WL 6870346, at *1-2 (C.D. Cal. July 11, 2019) (Sagar, J.) (internal citations omitted).

"Reconsideration is an 'extraordinary remedy, to be used sparingly.'" *McCandless Group, LLC v. Coy Collective*, No. LA CV 21-02069-DOC-KES, 2023 WL 8896885, at *2 (C.D. Cal. Nov. 6, 2023) (quoting *Kona Enter.,* 229 F.3d at 890). Reconsideration motions are therefore "disfavored" and "rarely granted." *Kraft v. Old Castle Precast Inc.*, 2016 WL 4120049, at *3 (C.D. Cal. Aug. 2, 2016) (internal citations omitted). "Plaintiffs bear the burden of proving reconsideration is proper," *Forestal v. Caldwell*, 2017 WL 4465147, at *2 (C.D. Cal. Jan. 19, 2017), and "an argument that the Court's decision is simply wrong is not a permissible ground." *Ketab Corp. v. Masriani L. Grp.*, 2015 WL 2084469, at *3 (C.D. Cal. May 5, 2015).

-5-

Mere "[u]nhappiness with the outcome is not included within [Local Rule 7-18]." *Gish v. Newsom*, 2020 WL 6054912, at *2 (C.D. Cal. Oct. 9, 2020) (internal citations omitted).

Plaintiffs must meet one of three narrow requirements to merit reconsideration: "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. "[C]ourt[s] look for clear error in a reconsideration analysis," meaning a party must prove the court was "more than just maybe or probably wrong" but rather "dead wrong." *Hernandez v. Montgomery*, No. 2:20-CV-05272-SB (SP), 2024 WL 3818136, at *3 (C.D. Cal. June 25, 2024), *report and recommendation adopted*, No. 2:20-CV-05272-SB (SP), 2024 WL 3819792 (C.D. Cal. Aug. 13, 2024). Plaintiffs fail to meet any of these requirements.

## IV.   <u>ARGUMENT</u>

### A.   **Plaintiffs Re-Raise Arguments The Court Has Heard and Rejected.**

Plaintiffs fall well short of meeting the extraordinarily high bar required to earn the "disfavored" and "rarely granted" remedy of reconsideration. *Kraft*, 2016 WL 4120049, at *3. Courts deny reconsideration of motion-to-compel orders if the movant "fail[s] to present any evidence or argument sufficient to satisfy any of the grounds set forth in Local Rule 7-18." *Rubi v. Summers*, 2023 WL 3152156 at *1 (C.D. Cal. Mar. 23, 2023) (Sagar, J.).  Here, Plaintiffs fail to offer a single new fact or piece of evidence not presented to or considered by the Court. Nor do Plaintiffs offer any new authority. Nor do Plaintiffs identify any "manifest showing" that the Court "fail[ed] to consider material facts." L.R. 7-18. Plaintiffs instead:

- Reiterate their arguments from the Joint Statement. *See e.g.*, ECF 218 at 7 ("As detailed in the Joint Stipulation and at the hearing. . ."), 11 ("In the

-6-

Joint Stipulation and at the hearing, Plaintiffs explained . . .”), 16 (“[A]s Plaintiffs explained in the Joint Stipulation . . .”).

- Quote their prior characterizations of the record as though they were undisputed facts. *See e.g.,* ECF 218 at 7-8, 15-16 (quoting Plaintiffs’ Joint Stipulation argument that Lee and Lee “controlled the flow of information into and out of the CEO and Executive Chairman offices, coordinated cross-functional briefings, and tracked follow-ups.”);

- Reframe and repeat Defendants’ statements from the Joint Statement. *Id.* at 7 (“Defendants’ expressly conceded . . .”) (citing ECF 193 at 58-59), at 10 (“Defendants concede . . .”), 17 (“Defendants admitted as much . . .”), 18 (“Defendants’ own concession . . .”);

- Reframe and repeat Defendants’ arguments from the hearing. *See e.g., id.* at 8 (“As Defendants acknowledged at the hearing…”); and

- Quote their assertions from oral argument as facts the Court supposedly overlooked. *See e.g.,* ECF 218 at 7 (quoting Plaintiffs’ counsel’s assertion that Nancy and Claire Lee served as “alter egos” for Mr. Chapek and Mr. Iger, making them “the most important custodians”).

Plaintiffs also fail to prove that the Court otherwise committed “manifest error,” or “clear error,” which would mean the Court was “more than just maybe or probably wrong” but rather “dead wrong.” *Hernandez*, 2024 WL 3818136, at *3. The Court has “broad discretion” to control discovery. ECF 207 at 3 (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court fully considered the facts and law presented and—after deliberation—denied Plaintiffs’ demand that Defendants add Lewerke, Claire Lee, and Nancy Lee as custodians in a written order that explained its ruling. Plaintiffs provide no reason the Court was “dead wrong” in exercising its discretion with respect to Rule 26’s proportionality requirement. *See Contemp. Servs. Corp. v. Landmark Event Staffing*, 2013 WL 12142953, at *2 (C.D. Cal. Feb. 4, 2013) (affirming discovery limitations because

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

the Magistrate Judge's order "provides a rational basis for limiting the scope of discovery" and "[defendant] failed to show that the Order is clearly erroneous or contrary to law").

Indeed, every case Plaintiffs cite is recycled from the Joint Stipulation, except for two cases that recite the exacting standard for reconsideration. And the two reconsideration cases Plaintiffs do cite show that they cannot meet the "rare circumstances" contemplated by Local Rule 7-18. In *Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.,* the court granted a motion for consideration when (i) the state legislature passed a new bill "designed to abrogate the court's ruling," and (ii) the movant provided newly-presented evidence determinative of judicial estoppel, 569 Supp. 2d 1152, 1156, 1162 (C.D. Cal. 2008). And in *Zhang v. Voice of Guo Media Inct.,* the court granted a stay "in part" based on a false fact: the court had believed the Defendants' adversary proceedings were stayed, when in fact all parties agreed they were not. 2023 WL 7050155, at *1 (D. Ariz. 2023). None of these circumstances are present here.

At bottom, Plaintiffs here simply "ask [the] court to rethink what the court ha[s] already thought through." *Id.* They rehash the same exhibits, law, and arguments that the Court already considered, including through questioning of both parties about Lewerke, Lee, and Lee during oral argument. ECF 208 at 7:18-8:25, 15:3-16:2, 31:5-36:18. Rather than "demonstrate any basis for reconsideration pursuant to Local Rule 7-18," Plaintiffs improperly "reiterate[] arguments that [they] already presented to the Court before it issued its order." *Rubi*, 2023 WL 3152156 at *1 (Sagar, J.) (denying reconsideration); *see also Export Development Canada v. ESE Electronics, Inc.,* 2017 WL 1380503 at *2 (C.D. Cal. Apr. 11, 2017) (denying motion for reconsideration that "includes only arguments that had previously been made in Defendants' Motion to Compel or the [oral argument] hearing[.]").

**B.**     **The Court Heard, Weighed, and Denied Plaintiffs' Arguments for Designating Nick Lewerke.**

Plaintiffs' Motion does not even purport to meet the motion-for-reconsideration standard as to Nick Lewerke. Plaintiffs offer no newly discovered facts, change of governing law, or manifest error. To the contrary, Plaintiffs expressly concede that the Court "hear[d] argument from both sides and prob[ed] the relevance of Lewerke's role," ECF 216 at 5, and rehash the back-and-forth that the Court already considered. Indeed, Plaintiffs' Motion appears to simply copy and paste arguments they previously presented to the Court in the Joint Stipulation and at the hearing. *Compare* ECF 193 (Joint Stipulation) at 17 ("Those responsibilities bear directly on Plaintiffs' allegations that Defendants routed content to Disney+ to inflate subscribers while bypassing lucrative theater and pay-per-view windows.") *with* ECF 216 at 6 ("Those responsibilities go to the heart of Plaintiffs' allegations that Defendants deliberately routed content to Disney+ to inflate subscriber metrics while bypassing lucrative theater and pay-per-view windows."). Asking the Court to weigh all of this again is not a basis for reconsideration.

In particular, as Plaintiffs' Motion itself acknowledges, the Court was presented with briefing and exhibits detailing Lewerke's role as Vice President, Content Planning & Analysis, and Plaintiffs' argument that he was relevant because he was involved in "'windowing' strategies for distributing Disney+ content—how and when content moves across platforms like Disney+, theaters, and pay-per-view." ECF 189 at 16-17, 189-10, -22. At the hearing, the Court invited explanation from Plaintiffs' counsel about Lewerke's relevance. ECF 208 at 8:5-6 ("What is it about Mr. Lewerke's duties that relate specifically to the allegations?"). Plaintiffs' counsel repeated Plaintiffs' arguments from their Joint Stipulation: Lewerke "was in charge of window'ing. So what we allege, Your Honor, is that defendants would move content, movies, shows, et cetera from—immediately from either Pay Per View or

their TV service or the movies right onto Disney Plus so they could increase subscribers artificially." ECF 208 at 8:7-12.

In response, Defendants explained they had designated multiple senior custodians above Lewerke in the reporting chain, ECF 193 at 64, and that Lewerke focused primarily on title-level performance of marginal relevance, ECF 208 at 15:14-20. Contrary to Plaintiffs' assertions, Defendants showed that "Content Planning and Analysis" was a unit within DMED Strategic Planning, and that Defendants had already designated multiple custodians in Lewerke's reporting chain, including Kareem Daniel (Vice President of DMED) and Justin Warbrooke (Executive Vice President of DTC/International Operations). ECF 189 at 64. These were the individuals directly responsible for making decisions regarding content allocation and strategy.

Accordingly, the Court had ample support to conclude that Defendants designated custodians "in the same business function areas and reporting chains" as Lewerke, and that Defendants' custodians were more pertinent to Plaintiffs' securities fraud allegations that Disney senior management misled investors. ECF 207 at 3-4. The Court found that even though Lewerke was part of Disney's Content Planning & Analysis team, the marginal relevance of his role does not "outweigh the burden to Defendants of collecting and reviewing additional documents," particularly because Defendants already "designated as custodians the senior managers who are most likely to have relevant information regarding the purported scheme and disclosures to investors." ECF 207 at 3. Plaintiffs disagree with this conclusion, but that does not translate into manifest error.

Plaintiffs also object that the Court indicated at oral argument that it was going to grant Plaintiffs' request to add Lewerke but ultimately rejected Plaintiffs' request in its written ruling. That the Court ultimately decided against Plaintiffs is not "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18. Ruling through a subsequent written order

-10-

following the hearing was well within the Court's power; tellingly, Plaintiffs fail to cite any authority to the contrary.

### C. The Court Heard, Weighed, and Denied Plaintiffs' Arguments for Designating Claire Lee and Nancy Lee.

Plaintiffs re-raise their written and oral arguments as to why the Court must order Defendants to designate Claire and Nancy Lee as custodians, asserting that the Court's ruling is "belied by the unrefuted record" and constitutes "manifest errors of fact." ECF 218 at 15. The lynchpin of Plaintiffs' argument—which Plaintiffs repeat *nine* times—is that Defendants "conceded" Claire Lee and Nancy Lee are senior management with relevant information because Defendants designated Arthur Bochner, Chapek's prior chief of staff, as a custodian. ECF 218 at 2, 7, 8, 9, 10, 17, 18. This fails twice over.

First, Plaintiffs already raised this purported concession with the Court. In particular, Plaintiffs quote Defendants' Joint Statement to argue Defendants "expressly conceded that the Chief of Staff is senior management and possesses communications concerning 'subscriber targets, the DMED reorganization and subscriber growth strategy, public disclosures, and Chapek's renewal as CEO." ECF 218 at 7 (quoting ECF 193 at 58-59). During oral argument, Plaintiffs' counsel quoted the same passage from Defendants' Joint Statement, ECF 208 at 32:7-11, to argue that "these people are extremely important." *Id* at 34:13-15. "The defendants concede that in their own submission when they talk about Arthur Bochner. I don't know how we get around that." *Id.* The Court asked Defendants' counsel for a response, ECF 208 at 34:18-20 ("Ms. Nettleton, how is it that you concede that Chapek's former chief of staff is a relevant custodian but . . . the one that plaintiffs' want [c]learly is not?"), and Defendants' counsel provided a complete answer. ECF 208 at 34:22-35:25. In short, this argument was fully aired before the Court entered its Order.

Second, Defendants did not concede anything. As Defendants' counsel explained during oral argument, they designated Bochner because although he was

-11-

Chapek's chief of staff, he *also* held the "substantive role" of Vice President of Strategic Communications, which meant he was one of many senior managers who may possess potentially relevant information. ECF 208 at 34:22-35:25. As Defendants further clarified, Plaintiffs misread Defendants' brief: Defendants "weren't making a representation that Arthur Bochner was responsible for all of those [relevant] areas." *Id.* at 35:18-20. Rather, "these [senior leadership] custodians" collectively, as a group, "may potentially possess communications relevant to, among other allegations, Plaintiffs' allegations regarding publicly announced subscriber targets, the DMED reorganization subscriber growth strategy, public disclosures, and Chapek's renewal as CEO." ECF 193 at 58-59. None of this is a "concession" that the chiefs of staff are senior managers and should be custodians.

The remainder of Plaintiffs' argument remains flawed, and the Court need not reassess its ruling. Defendants noted in both their briefing and oral argument that the chiefs of staff were not involved in the decision-making at issue in this securities fraud case, which concerns subscriber growth and profitability targets for Disney+. *Id.*; ECF 208 at 36:9-12. Defendants explained at oral argument that in a securities fraud case, "what really matters is what the people who are making the decisions and are making the disclosures know or have access to." ECF 208 at 36:9-12. Plaintiffs once again argue that these "gatekeepers" reveal what the Individual Defendants knew and when, ECF 218 at 8, but as the Court already explained, Claire Lee and Nancy Lee "don't appear to be in decision-making roles and it would appear that whatever communications they had with respect to . . . conveying information to their respective bosses, that's going to get captured . . . because Chapek and Iger are going to be . . . searched." ECF 208 at 31:17-22.

Plaintiffs are express that these are the same arguments they previously presented the Court. *See* ECF 218 at 7-17; *see e.g. id.* at 7 ("As detailed in the Joint Stipulation and at the hearing. . ."), 16 ("[A]s Plaintiffs explained in the Joint Stipulation . . ."). Plaintiffs twice quote their prior characterizations of these

-12-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

custodians' "gatekeeping" roles and responsibilities, *see* ECF 218 at 7-8, 15-16 (quoting the Joint Statement at 26) (arguing that the chiefs of staff 'controlled the flow of information into and out of the CEO and Executive Chairman offices, coordinated cross-functional briefings, and tracked follow-ups.'").[1] The documentary evidence Plaintiffs cite—produced emails and a news report—is the same evidence Plaintiffs cited in the Joint Stipulation, which the Court considered before entering its order. ECF 218 at 8 (citing 193 at 26; ECF 193-14 at -1750), 16 (citing ECF 193-15, -16). Defendants also noted that relevant, non-duplicative evidence will come from the files of senior leadership—those who were already custodians—because they were "involved in the actual substantive issues," ECF 208 at 36:1.  The Court probed Plaintiffs on this issue.[2]  Again, "reiterating arguments that [plaintiffs] already presented to the Court" fails to "demonstrate any basis for reconsideration[.]" *Rubi*, 2023 WL 3152156 at *1 (Sagar, J.).

In the end, the Court took both chiefs of staff under advisement. After due consideration, the Court "agree[d]" that "information relevant to Plaintiffs' allegations will be captured by documents from Chapek and Iger, and the designated custodians these individuals reported to and who were also present during the meetings," so "the marginal relevance of responsive communications from these individuals does not outweigh he burden and likely duplication of communications from the senior executives and other custodians."  ECF 207 at 4. Plaintiffs' desire for

---

[1] Much of what Plaintiffs cite as "evidence" is instead their own counsel's arguments before the Court. ECF 218 at 7-8. For example, Plaintiffs' counsel argued that Nancy and Claire Lee served as "alter egos" for Mr. Chapek and Mr. Iger, *see* ECF 208 at 35:8-9, a phrase that Plaintiffs echo in their Motion three times. ECF 218 at 7 (quoting Plaintiffs' counsel), 10, 15.

[2] "[W]ho is she going to communicate with that is not already a custodian, right? I mean, if she's going to communicate to—she's going to communicate to senior management. . . about whatever it is . . . that transpired in these meetings that she went to. Even if she doesn't communicate to Chapek, she'll be communicating to others, those communications will be captured by those others." ECF 208 at 33:15-23.

-13-

a different ruling is "is not a permissible ground" for reconsideration. *Ketab Corp.*, 2015 WL 2084469, at *3.

### D.    The Court's Order Correctly Applied Rule 26's Proportionality Requirement.

Finally, Plaintiffs argue that the Court committed "manifest error" because it failed to apply the "proportionality framework" of Rule 26. That is demonstrably wrong. The Court explicitly set forth the governing standard and explicitly "weigh[ed] the importance of discovery against any demonstrated burden." ECF 218 at 13. Guiding principles for the Rule 26 proportionality analysis are judicial discretion and common sense. *E.g., Poulos v. City of Los Angeles*, 2020 WL 8509663, at *3 (C.D. Cal. July 15, 2020) ("The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'") (citation omitted). "The district court enjoys broad discretion when resolving discovery disputes." *Gibson Brands Inc. v. John Hornby Skewes & Co.*, 2015 WL 12681376, at *2 (C.D. Cal. July 20, 2015); *Cap Export v. Zinus*, 2020 WL 13588764, at *2 (C.D. Cal. Nov. 3, 2020) ("The resolution of most discovery disputes, including issues regarding the 'proportionality' component of Rule 26(b)(1), typically involves the exercise of judicial discretion."); *see also* ECF 207 at 3 (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court expressly explained Rule 26(b)(1)'s proportionality requirement, which was "designed to avoid . . . sweeping discovery that is untethered to the claims and defenses in litigation." ECF 207 at 2-3.

The Court's deliberation reflects the application of these principles. Certain facts remain undisputed: by oral argument, Defendants had already agreed to review over 1.092 million documents from 51 searches, ECF 198 at 1, and had designated 38 custodians including seniormost current and former executives of the Company, Disney's board chair, senior personnel in the relevant lines of business, *and* lower lever personnel in relevant business functions. ECF 193 at 36.  Defendants also

-14-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

submitted the Johnston Declaration with the Joint Stipulation. ECF 189-36. Johnston detailed industry leader FTI Consulting's use of hard data regarding Defendants' collections and review of 38 existing custodians to analyze the volume of collecting and reviewing communications from 16 more custodians, including Lewerke, Claire Lee, and Nancy Lee. ECF 189-36 at ¶¶ 19-22. FTI then quantified the effort required to collect and review the Plaintiffs' custodians' communications through a measurement of attorney hours, noting that uncounted attorney time would be needed for collection and privilege review. *Id.* at ¶ 23.

The Court considered the burden of collecting, searching and reviewing documents from the additional custodians in finding "the marginal relevance of communications involving these individuals [including Nick Lewerke] does not – at this stage of the case – outweigh the burden of collecting and reviewing additional documents," and that "the marginal relevance of responsive communications from [Nancy and Claire Lee] does not outweigh the burden and likely duplication of communications from the senior executives and other custodians." ECF 207 at 3-4; *see also Walsh v. Unforgettable Coatings, Inc.*, 2022 WL 3647920, at *3 (C.D. Cal. Aug. 23, 2022) (quoting Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes) ("The Committee Notes to the 2015 amendment to Rule 26(b)(1) emphasized the importance of proportionality and the objective of 'encourag[ing] judges to be more aggressive in identifying and discouraging overuse.'"). Plaintiffs argue that the Court failed to consider the effect of de-duplication to reduce burden. ECF 218 at 13. But FTI's analysis specifically accounted for the de-duplication of Plaintiffs' custodians' collections. ECF 189-36 at ¶ 20. At bottom, Rule 26 requires the Court to balance the marginal relevance against the burden, exactly what the Court did. Plaintiffs certainly have not shown any of the Court's proportionality analysis was "dead wrong." *Hernandez*, 2024 WL 3818136, at *3.

Finally, Plaintiffs argue that they requested Claire Lee's communications over a three-month period. ECF 218 at 15. Never before have Plaintiffs requested Claire

Lee's document for a three-month period as opposed to the entire purported relevant period. *See Export Development Canada,* 2017 WL 1380503 at *2 (denying motion for reconsideration that "includes only arguments that had previously been made in Defendants' Motion to Compel or the [corresponding] hearing, or arguments that could have been made at [that] hearing."). It should be rejected, anyway. The Court's reasons for rejecting Plaintiffs' request for Claire Lee—documents in her possession "will be captured by documents from Chapek and Iger," and their "marginal relevance . . . does not outweigh the burden and likely duplication of communications from senior executives and other custodians," ECF 207 at 4—applies with equal force regardless of the time frame Plaintiffs request.

## V.      CONCLUSION

The Court heard, weighed, and fully adjudicated every argument and all evidence Plaintiffs cite in their Motion. The Court should deny Plaintiffs' Motion for Reconsideration.

-16-

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Dated:  January 29, 2026

Respectfully submitted,

/s/  Stacy Nettleton

WHITE & CASE LLP
Jonathan D. Polkes
Stacy Nettleton
Adam B. Banks
Susan L. Grace
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
jonathan.polkes@whitecase.com
stacy.nettleton@whitecase.com
adam.banks@whitecase.com
susan.grace@whitecase.com

/s/  John M. Gildersleeve

MUNGER TOLLES & OLSON LLP
John W. Spiegel
John M. Gildersleeve
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
Telephone: (212) 683-9100
john.spiegel@mto.com
john.gildersleeve@mto.com

Attorneys for Defendants
The Walt Disney Company, Robert Iger,
Robert Chapek, Christine McCarthy
And Kareem Daniel

-17-
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

**L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendants, certifies that this brief contains 4,947 words, which complies with Local Rule 11-6.1.

Dated: January 29, 2026                              */s/ John M. Gildersleeve*

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION