UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03661-CBM-AS | | Date | February 10, 2026 |
|---|---|---|---|---|

| Title | *Local 272 Labor-Management Pension Fund v. The Walt Disney Company et al* |
|---|---|

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings:   **IN CHAMBERS- ORDER RE: PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**

The matter before the Court is Plaintiffs' "Application For Leave to File Under Seal the Memorandum of Points and Authorities in Support of Plaintiffs' Objection to Magistrate Judge Sagar's Non-Dispositive Order Dated January 7, 2026 Granting in Part Plaintiffs' Motion to Compel Custodian and Search Terms (ECF 207 (the "Memorandum"))." (Dkt. No. 213 (the "Application").)

Plaintiff submits this Application seeking leave to file under seal the Memorandum because it references portions of the Joint Stipulation Regarding Plaintiffs' Motion to Compel Custodians and Search Terms (Dkt. Nos. 189, 193) (the "Joint Stipulation") Defendants designated "Confidential" pursuant to the Stipulated Protective Order. (App. at 1.)

Where documents are designated by another as confidential pursuant to a protective order, "[i]f the document cannot be suitably redacted by agreement, the Filing Party may file an Application pursuant to subsection (a), but the supporting declaration must identify the material previously designated as confidential, as well as the Designating Party, and must describe in detail the efforts made to resolve the issue." L.R. 79-5.2.2(b), with which Plaintiffs complied.

| CV-90 (12/02) | **CIVIL MINUTES - GENERAL** | Initials of Deputy Clerk  VRV |
|---|---|---|

00   :

"In this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Plaintiff's Application relies only on the protective order, which is not a sufficiently compelling reason offered for keeping records under seal. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1183 (9th Cir. 2006). However, in support of Plaintiffs' Application, Defendants declare the Memorandum includes "internal Disney email communication concerning confidential business and financial information" for which the Court previously granted an application to file under seal. (Dkt. No. 220 ¶¶ 3, 11-12; *see* Dkt. No. 192.) Defendants identify pages 9 and 14 of the Memorandum (quoting and reflecting information from ECF No. 193-14), and page 18 of the Memorandum (quoting and reflecting information from ECF No. 193-15 and ECF No. 193-16.) (Dkt. No. 220 ¶ 11(a)-(b).)

Accordingly, Plaintiff's Application to file the Memorandum under seal is **DENIED.** Plaintiffs shall redact the information in the Memorandum identified by Defendants above, file under seal and serve unredacted copies pursuant to L.R. 79-5.2.2 **no later than February 18, 2026**.

**IT IS SO ORDERED.**

00   :

CV-90 (12/02)                    **CIVIL MINUTES - GENERAL**                    Initials of Deputy Clerk   VRV