UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 23-03661-CBM (ASx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | CS: 02/19/26 |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Daniel Drosman, Jessica Shinnefeld, | Stacy Nettleton |
| Darryl Alvarado | Brian Rivas Boessenecker |

**Proceedings (In Chambers):   ORDER GRANTING IN PART PLAINTFFS' MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL CUSTODIAN AND SEARCH TERMS (DKT. NO. 215)**

On January 21, 2026, Plaintiffs filed a motion for reconsideration of the Court's Order, dated January 7, 2026, (*see* Dkt. No. 207), granting in part Plaintiffs' motion to compel custodian and search terms. (Dkt. Nos. 215-16). On January 29, 2026, Defendants filed their opposition to the motion. (Dkt. No. 228). On February 5, 2026, Plaintiffs filed a reply. (Dkt. No. 230).[1]

A hearing was held on February 19, 2026. The Court, having reviewed the briefing on the motion and considered the arguments presented at the hearing, GRANTS IN PART Plaintiffs' motion for reconsideration of the Court's January 7, 2026, Order.

Plaintiffs seek reconsideration of the Court's Order denying Plaintiffs' motion to compel Defendants to add Nick Lewerke, Claire Lee and Nancy Lee as custodians to search for responsive records using the parties' agreed upon search protocol. As to Nick Lewerke, Plaintiffs claim that the Court's written Order denying the request to add Lewerke, (*see* Dkt. No. 207 at 3), is inconsistent with the Court's statement, at the hearing on January 6, 2026, to grant the request as to Lewerke. The Court, has reviewed the pertinent portions of the transcript of the hearing held on January 6, 2026, and is not

---

[1] The Court granted Plaintiffs' unopposed applications to file portions of the motion and the reply under seal. (Dkt. Nos. 217-18, 221, 226, 231-233). The unredacted motion is filed at Dkt. No. 227; the unredacted Reply is filed at Dkt. No. 234.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 23-03661-CBM (ASx) | Date | February 20, 2026 |
|---|---|---|---|
| Title | Local 272 Labor-Management Pension Fund v. The Walt Disney Company, et al. | | |

aware of any information or consideration to support a contrary finding.  Accordingly, Plaintiffs' motion for reconsideration of the Order denying Plaintiffs' motion to compel Defendants to add Lewerke as a custodian is GRANTED. Defendants are ordered to produce responsive records from Lewerke, consistent with the Court's Order dated January 7, 2026. (Dkt. No. 207).

Plaintiffs' motion for reconsideration of the order denying their request to add Claire Lee and Nancy Lee as custodians relies on the same arguments that were presented to the Court in their initial motion and thoroughly considered by the Court at the hearing held on January 6, 2026.  As Defendants point out, a party seeking reconsideration may not "in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." (Dkt. No. 228 at 5, citing LR 7-18).  As stated at the hearing, the Court considered Plaintiffs' arguments regarding the positions held by Claire Lee and Nancy Lee as chiefs of staff for Disney's CEOs, Defendants Chapek and Iger, and their duties and responsibilities, and determined that any responsive information in their records and communications would be largely duplicative of information obtained from other custodians, including Chapek and Iger. The Court rejected Plaintiffs' claim that Defendants had conceded that a chief of staff possesses relevant communications by designating Robert Bochner, a former chief of staff for Defendant Chapek, as a custodian.  The Court accepted Defendants' explanation, at the hearing on January 6, 2025, that Bochner was designated as a custodian because he also held the role of Vice-President of Strategic Communications and was believed to have relevant information.  In finding that the "marginal relevance of responsive communications from [Claire Lee and Nancy Lee] does not outweigh the burden and likely duplication of communications from the senior executives and other custodians," (Dkt. No. 207 at 4), the Court adopted Defendants' claims regarding the amount of additional time and effort required to conduct searches of the 16 additional custodians that were the subject of Plaintiffs' motion to compel.  (See Joint Stip. Dkt. No.189, Declaration of Andrew Johnston, ¶¶ 19-22).  Having thoroughly considered Plaintiffs' arguments regarding the designation of Claire Lee and Nancy Lee as custodians, the Court finds no reason to revisit these requests. Accordingly, Plaintiffs' motion for reconsideration of the Order denying, without prejudice, their motion to compel Defendants to add Claire Lee and Nancy Lee as custodians is DENIED.

**IT IS SO ORDERED.**

cc:    Consuelo B. Marshall
United States District Judge