# EXHIBIT 2

Exhibit 2
Page 9

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN (200643)
RYAN A. LLORENS (225196)
JESSICA T. SHINNEFIELD (234432)
DARRYL J. ALVARADO (253213)
JEFFREY J. STEIN (265268)
NICOLE Q. GILLILAND (335132)
JESSICA E. ROBERTSON (352207)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
ryanl@rgrdlaw.com
jshinnefield@rgrdlaw.com
dalvarado@rgrdlaw.com
jstein@rgrdlaw.com
ngilliland@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| LOCAL 272 LABOR-MANAGEMENT PENSION FUND, on Behalf of Itself and All Others Similarly Situated, | Case No. 2:23-cv-03661-CBM (ASx) |
|---|---|
| Plaintiff, | CLASS ACTION |
| vs. | DECLARATION OF MARC GOODMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| THE WALT DISNEY COMPANY, et al., | |
| Defendants. | |

4898-6059-6114.v1

Exhibit 2
Page 10

I, MARC GOODMAN, declare as follows:

1. I respectfully submit this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the statements herein and, if called upon as a witness, could and would competently testify thereto.

2. I am the Fund Manager of plaintiff Local 272 Labor-Management Pension Fund ("Local 272"), and am authorized to make this declaration on behalf of Local 272. I have also been responsible for overseeing this litigation on behalf of Local 272.

3. Local 272 is a multi-employer pension fund that manages the retirement benefits of thousands of parking garage employees in New York City. Local 272 has over $372 million in assets under management.

4. Local 272 purchased 25,600 shares of The Walt Disney Company common stock between December 10, 2020 and May 10, 2023 (the "Class Period"), and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this action. *See* Corrected Consolidated Complaint for Violations of Federal Securities Laws (ECF 68) ("Complaint") at 198-99.

5. Local 272 has reviewed and monitored the progress of this litigation and the active participation of Lead Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), and will continue to do so if appointed as a class representative. For example, Local 272 has regularly communicated with Robbins Geller about various aspects of this litigation, including pleadings, motion practice, discovery, Court orders, and other case developments, and will continue to do so.

6. Local 272 has also received and reviewed key documents in this case, including: (a) draft and final versions of the Complaint; (b) draft and final versions of motion to dismiss briefing; (c) the Court's Order denying defendants' motion to dismiss; and (d) a draft of Plaintiffs' Motion for Class Certification.

7. Local 272 has diligently participated in discovery, including by serving Federal Rule of Civil Procedure 26 disclosures and responses to defendants'

- 1 -

4898-6059-6114.v1

Exhibit 2
Page 11

document requests and interrogatories, discussing defendants' document requests and interrogatories with Robbins Geller, and searching for and producing documents to defendants.

8.      Local 272 understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors to direct securities class actions. Local 272 is willing and able to serve as a class representative and, if appointed, will vigorously prosecute this litigation to maximize the recovery for the proposed class.

9.      Local 272 understands that it owes a fiduciary duty to class members to provide fair and adequate representation and will continue to work with Robbins Geller to obtain the best possible recovery for the proposed class, consistent with good faith, sound judgment, and meritorious advocacy.

10.      Local 272 makes the accompanying motion to have Robbins Geller certified as class counsel based on the firm's substantial experience and expertise in prosecuting securities class actions. In addition, Local 272 believes that Robbins Geller possesses the necessary financial and human resources to effectively and successfully prosecute this case through trial and any post-trial appeals.

11.      Local 272 will not accept any payment for serving as a class representative beyond its *pro rata* share of any recovery, except for reimbursement of such reasonable costs and expenses directly relating to the representation of the proposed class as ordered and approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this _____11th_____ day of March, 2026 at New York, NY.

_____
MARC GOODMAN

- 2 -

4898-6059-6114.v1

Exhibit 2
Page 12